*I C*

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

JAN 05 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MN

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No.  1:26-cv-_____ |
| v. | |
| KENTON GIRARD and MARISSA GIRARD, | 26-cv-00042 |
| Defendants. | Judge Sharon Johnson Coleman |
| | Magistrate Judge Gabriel A. Fuentes |
| KENTON GIRARD, | Random Cat 2 |
| Cross Plaintiff/ Cross Counter Defendant, | |
| v. | |
| MARISSA GIRARD, | |
| Cross Defendant/ Cross Counter Plaintiff. | |

## DEFENDANT KENTON GIRARD'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant/Cross Counter Defendant Kenton Girard now files this Notice of Removal ("Notice") for the action filed in the Circuit Court of Cook County, State of Illinois, case number 2015-D-009633, styled as *Jane Girard v. Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant/Cross Counter Defendant Kenton Girard through January 4 2026 are attached as **Exhibit A**, and the orders served upon Defendant/Cross Counter Defendant Girard through January 4 2026 are attached as **Exhibit B**.

On or around March 2022, Jane Girard commenced the post-decree custody proceedings under the State Court Action by filing a motion for a parenting coordinator. Just over one year later, Jane added Marissa Girard (Kenton Girard's current wife) as an additional defendant wherein on May 26 2023, Jane Girard filed an alias summons which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023.

On January 5 2025, Defendant/Cross Counter Plaintiff Marissa Girard served a pleading ("MG Claims") on Kenton Girard, which paper raises federal questions, owing to Count I seeking a declaration that Marissa's constitutional rights have been violated, Count II seeking a declaration that Marissa's rights under the Americans with Disabilities Act have been violated, Count III seeking redress under 42 U.S.C. §1983 and Count IV pursuing a negligence theory predicated on the harms from the constitutional torts and the ADA violations.

Furthermore, on December 5 2025, Marissa Girard served a copy of her petition for certiorari seeking review of the Seventh Circuit decision[1] in this case. That paper raises attention to numerous affirmative violations of her constitutional rights and her civil rights *specifically caused by the proceedings hereunder* such as the violations of her ADA accommodations premised on her race and disabilities and the violations of her rights under the First, Fifth, Sixth and Fourteenth Amendments. The question she raises for consideration by the Supreme Court is whether the requirements of 28 U.S.C. §1443(1) are duly satisfied when the state court proceeding itself causes violations of her federal rights.

---

[1] The Seventh Circuit opined that review of an earlier remand (pursuant to a notice of removal filed by Marissa on April 28 2025) was unavailable because of the lack of a facially unconstitutional law in the State of Illinois. Under her petition for certiorari, Marissa argues that wherein the State Court Action itself causes violations of constitutional rights or federal law, Section 1443(1) appropriately permits removal.

## I.      This notice is timely.

Removal of this action is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" In this case, Defendant/Cross Counter Defendant Kenton Girard has filed this notice on the very same day he was served with the removable pleading from Marissa Girard. Additionally, this filing is duly processed within 30 days of the filing and service of Marissa's petition for certiorari which in particular provides a basis for removal under Section 1443(1) in addition to the presentation of federal questions which do not implicate civil rights.

## II.     The Northern District of Illinois is the proper venue.

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois (where the State Court Action is pending) is within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the Circuit Court for Cook County and will be served upon Plaintiff contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## III.    Federal jurisdiction exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because (a) Cross Counter Plaintiff Marissa Girard has lodged claims which raise federal questions, and (b) her petition for certiorari demonstrates that her (racial) civil rights[2] are being affirmatively violated *as a result of the State Court Action* therefore setting the stage for application of 28 U.S.C. §1443(1). Although the Seventh Circuit has interpreted the "cannot enforce" language of Section

---

[2] Marissa Girard is a Hispanic/Latinx person.

1443(1) as requiring a facially unconstitutional state law, Marissa's petition currently pending before the Supreme Court proffers a well-reasoned argument based in part on the legislative history surrounding the Civil Rights Act of 1964 that such requirement is too constrictive: wherein the State Court action demonstrates disregardment of her civil rights it should be inferred that the "cannot enforce" scenario is operative.

Because the MG Claims and Marissa's petition for certiorari arise under the same "case or controversy," this Court "shall have supplemental jurisdiction[3] over all other claims." 28 U.S.C. § 1367. Here, all claims arise from the same operative facts: Marissa's forced participation for 28 months in custody proceedings without being actioned with a pleading, constitutional violations by or directed by state actors including serious violations of fundamental rights protected under the Bill of Rights and the Fourteenth Amendment, ADA violations by the state court system and its operative court personnel and Kenton's alleged failure to protect Marissa from these violations and the resulting harms (including physical harms – wherein Marissa's ADA-qualifying disabilities PTSD and interstitial cystitis have been exacerbated by her forced participation hereunder – and her emotional and financial harms).

The recent Supreme Court decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019) established that 28 U. S. C. §1441(a) does not permit a third-party counterclaim defendant[4] to remove a claim. However, the posture here is noticeably different: (a) Kenton Girard is an "original defendant" under the State Court Action, which implicated a federal question only at the moment when his co defendant filed a claim against him; and (b) the Federal

_____

[3] This Court has jurisdiction over the negligence claim against Kenton, any remaining state law issues and any custody-related matters (which will be moot when the minor children turn 18 in approximately 30 days from the date of this filing).
[4] Under Supreme Court Justice Thomas's opinion, "third-party counterclaim defendant" refers to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff.

Rules of Civil Procedure distinguish between counterclaims and crossclaims (Rule 13).

The domestic relations exception does not apply here because Kenton Girard was never actioned with a pleading, much less a pleading seeking domestic relations style relief. Furthermore, neither was Marissa Girard (who is neither a biological parent nor a holder of parental rights) actioned with a pleading by Plaintiff Jane Girard, much less a pleading seeing domestic relations style relief. In any case, the presence of federal questions predominates. The domestic relations exception prevents federal courts from granting divorces, determining custody, or awarding child support. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). It does not bar federal courts from adjudicating federal constitutional claims that happen to arise in a domestic relations context. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004).

Furthermore, neither party was actioned with domestic relations pleadings. Critically, Plaintiff Jane Girard has **never filed a pleading** against either Kenton or Marissa seeking custody or any domestic relations relief. As to Marissa, she was "joined" via a motion (not a pleading), which doesn't even include her name in the caption. No complaint, petition, or pleading has ever been filed against her. She has no notice of what claims are being asserted. As to Kenton, while he was an original party to the 2015 dissolution, no post-decree pleading seeking custody modification has been filed against him either. One cannot invoke the domestic relations exception in a case as here when no domestic relations pleading is before the court.

Even where domestic relations issues exist, federal courts exercise jurisdiction when federal constitutional claims predominate. *Meredith v. Ieyoub*, 11 F.3d 1340 (5th Cir. 1994). Here, Marissa has experienced 28 months of due process violations, a criminal proceeding without required constitutional protections is set to proceed on January 6-8 2026. There are documented First Amendment violations, wherein Cook County Judge O'Connor sanctioned

5

Kenton for filing a federal lawsuit. And last but not least a judge fending off allegations in multiple pending federal suits comically insists he is not subject to disqualification and refuses to relinquish the bench hereunder.

This case is also removable under 28 U.S.C. §1443(1), which permits removal of cases where the defendant "is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens". Applicability of Section 1443(1) follows pursuant to the analysis contained below:

A.    The requirements for § 1443(1) removal are satisfied.

To remove under § 1443(1), the removing party must demonstrate (i) a right arising under a federal law providing for specific civil rights stated in terms of racial equality; and (ii) denial of such right by the state court. *Georgia v. Rachel*, 384 U.S. 780 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

On December 5, 2025, Marissa filed a Petition for Writ of Certiorari challenging the Seventh Circuit's interpretation of § 1443(1). The petition argues "Whether a defendant may remove a state court proceeding to federal court under 28 U.S.C. § 1443(1) when the state action itself violates constitutional rights or federal law." This is precisely the situation here: the State Court Action itself violates Marissa's constitutional and federal statutory rights through

   - 28 months without pleading (due process violation)
   - Criminal proceeding without constitutional protections (Sixth Amendment)
   - Denial of ADA accommodations (ADA, Title II violation)
   - Judge presiding is federal defendant in related matter (14th Amendment)
   - Retaliation for filing federal civil rights lawsuit (First Amendment)

The petition moreover documents these violations. The Supreme Court petition provides detailed documentation of the constitutional violations occurring in state court, including:

   - Judge Yu presiding while defending two pending related federal lawsuits

6

- District Judge Pallmeyer's finding of credibility of judicial bribery in this matter
- Systematic denial of ADA accommodations
- Missing judicial transfer orders creating void jurisdiction
- Criminal contempt proceeding without prosecutor or jury

Civil Rights removal is manifestly appropriate here: Marissa cannot enforce her federal rights in Cook County courts because (a) the state courts are committing the violations: when state judges are the ones violating federal rights, state court cannot provide remedy, (b) there is a documented pattern of retaliation: Marissa filed federal civil rights lawsuit; state court response was to escalate violations (as documented in her petition) and (c) Judge Yu remains on the bench despite manifest conflicts: Judge presiding is federal defendant in Marissa's civil rights case—he has a personal interest in denying her civil rights.

The §1443(1) requirement that a defendant to the proceedings (here, Marissa Girard) "cannot enforce" federal rights in state court is satisfied because Marissa filed a federal civil rights lawsuit back in January 2025, only to experience the state courts responding with increased violations, most egregiously scheduling a criminal trial against her in family court without a written bill of charges or the other requirements under the Sixth Amendment and every attempt to enforce rights in state court has failed her. Indeed her petition for certiorari memorializes the same.

The fact that Marissa's § 1443(1) argument is *currently pending before the Supreme Court* demonstrates this is not a frivolous jurisdictional theory—it is a substantial federal question warranting this Court's consideration.

B.      The state courts are affirmatively violating federal rights.

Marissa Girard faces "affirmative" violations of her federal rights consisting not merely in inadequate state court procedures, but active deprivations of constitutional protections consisting in breaches of (a) due process wherein her participation hereunder has been compelled

7

for 28 months without a pleading, and a criminal proceeding is scheduled sans Sixth Amendment protections, (b) ADA Title II wherein denial of reasonable accommodations is impermissibly based on discrimination based on her disability and race, (c) right to petition wherein she has endured a pattern of retaliation for federal court access, and (d) right to impartial tribunal wherein the judge hereunder is sitting as a federal defendant in multiple lawsuits across from the parties named or in interest hereunder.

C.   The state courts cannot remedy their own constitutional violations.

On June 18 2025, Cook County Judge Eileen M. O'Connor sanctioned federal court access proving state court hostility to federal rights here. Specifically, as memorialized by a transcript dated June 18 2025 under *Minor Child Gw et al. v. Jane Girard*, Cook County Case No. 2024-L-012053[5] Judge O'Connor awarded Illinois Supreme Court Rule 137 sanctions against Kenton Girard to "punish him" for suing judges under *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action No. 1:25-cv-04551, N. Dist. Illinois. It was an unspeakably chilling and First Amendment-violating and Federalism-offending ruling. Not to mention that requirement of reducing the explanation for imposition of sanctions is required under the plain language of Illinois Supreme Court Rule 137.

Fortunately, Cook County Judge Michael F. Otto vacated the sanction award of Judge O'Connor on October 28 2025, finding there was "no offending paper" under the above-referenced matter. The O'Connor sanctions incident proves state courts cannot be trusted to protect federal rights in this case. When Judge O'Connor committed a constitutional violation, it required a different judge to remedy it. Even then, it took months and active litigation. This

_____

[5] That matter is a related lawsuit: the minor children hereunder are pursuing claims against their biological mother Jane for inter alia battery, sexual assault and IIED. The invisible hand of Jane's attorneys hereunder – from Beermann LLP – can also be traced there wherein the "sanction scheme" seems to be concocted to harm Kenton Girard's position here and under the related lawsuits in the federal and state courts.

demonstrates that "enforcement" of federal rights in state court is impossible when the violations are being committed by state court judges themselves.

Marissa Girard filed her Petition for Certiorari to the Supreme Court on December 5, 2025, specifically arguing that § 1443(1) permits removal where the state court proceeding itself violates federal civil rights. That petition is attached and incorporated by reference. The violations are persistent: the state court cannot be trusted to cease or remedy its own violations.

**IV.     Removal is genuinely called for; further state court adjudication is abusive.**

The federal issues predominate over any speculative state custody issues.

Judicial orders of custody wherein the minor children attain majority in ~ 30 days from the date of this filing would be extremely inappropriate, especially wherein mature minors 16 years of age and above are afforded more input on custody arrangements in the State of Illinois. Moreover, the recent Trial Order of Hon. William Yu dated October 7 2025 references a criminal proceeding to take place against Kenton Girard and Marissa Girard. Problematically, no charges have been reduced to writing, no jury is set for empaneling and other Sixth Amendment protections are nonexistent.

Remarkably, moreover, the minor children have already been identified as **victims of sexual abuse at the hands of their biological mother**, Jane F. Girard, who asserted her Fifth Amendment right against self-incrimination under questioning by Prosecutor Mary Stein from the Illinois State's Attorneys Office on September 7 2023. As crime victims, the minor children should minimally enjoy notice of court dates and a right to be heard in the proceedings. Such fundamental rights have been withheld from them, raising questions about constitutional torts against children who are sex abuse victims, which should be an area for federal concern.

The claims asserted by Marissa against Kenton in the MG Claims arise from genuine

**9**

dispute, not manufactured posturing. For clarity, the test for fraudulent joinder requires showing that there is "no possibility" the plaintiff could establish a cause of action. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).

In further support thereof, the State of Illinois affirmatively recognizes a spousal duty of care. Kenton had the ability to move to dismiss Marissa from the custody proceedings, but did not do so because his litigation strategy did not prioritize undertaking such measures. Put differently, the objectives of his litigation strategy are at odds with Marissa's best interests and paramount interest in being removed from the custody proceedings.

Marissa has suffered documented harm as a direct and proximate result of her forced participation under the abusive custody proceedings. The federal claims (42 U.S.C. § 1983, ADA violations, declaratory relief as to constitutional and federal torts) exist independently of any dispute between Marissa and Kenton. The fact that Marissa also has state law negligence claims against Kenton does not make the federal claims fraudulent.

Most disturbing of all, it is apparent that Jane Girard has hijacked the State Court Action to inappropriately defend coming federal litigation. Kenton Girard's civil RICO case (*Girard v. Village of Glencoe*, Civil Action No. 1:24-cv-06882) was dismissed without prejudice by District Judge Pallmeyer with express invitation to refile after the custody proceedings conclude: Kenton Girard intends to refile the civil RICO suit immediately after the girls attain majority age in ~ 30 days. Jane Girard and her attorneys improperly seek to prevent this refiling by obtaining state court orders that declare Kenton and/or Marissa "vexatious litigants", thereby finding their federal lawsuits constitute "frivolous claims" or "harassment", creating a transparent effort to obtain a "collateral estoppel" effect in federal court.

**V.      Grable jurisdiction is also applicable here.**

Under *Grable & Sons Metal Products v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), federal question jurisdiction exists where resolution of a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution without disrupting the federal-state balance.

Marissa's negligence claim against Kenton is predicated on constitutional and ADA violations. To determine whether Kenton breached his duty to protect Marissa, this Court must determine whether (a) state actors violated Marissa's due process rights (28 months without a pleading, staging a criminal proceeding without Sixth Amendment protections, right to impartial tribunal, etc.), (b) state actors violated Marissa's ADA rights (systematic denial of accommodations). These federal questions are embedded and essential to the negligence claim.

As may be inferred by the litigation history under Marissa's federal civil rights lawsuit, *Girard v. Fernandez et al.*, 1:25-cv-00136, N. Dist. Illinois (pending before District Judge Andrea Wood since January 2025), the involved and culpable state actors deny these violations occurred. Resolution requires constitutional analysis, not merely state law interpretation.

Moreover the federal issues are manifestly substantial e.g. involving the Bill of Rights and a federal forum is appropriate here. Federal court resolution will not offend comity. Indeed, federal oversight is necessary precisely because state courts are committing the violations. State courts cannot be trusted to adjudicate their own constitutional violations, as demonstrated by the void O'Connor sanctions for filing a federal lawsuit.

## CONCLUSION

State court judges have shown a willingness to violate constitutional rights, open hostility to federal court access and an inability or unwillingness to self-correct. Without federal

supervision, these violations will continue. The state court remedies are demonstrably inadequate; multiple petitions to disqualify biased judges have been systematically and capriciously denied, requests for ADA reasonable accommodations have been denied, motions to dismiss or terminate for lack of pleadings and missing transfer orders have been flatly ignored.

If any questions arise as to the propriety of the removal of this action, Defendant/Cross Counter Defendant Kenton Girard requests the opportunity to supplement this Notice. Defendant/Cross Counter Defendant Kenton Girard further expressly reserves all objections he may have to the MG Claims and Marissa's petition for certiorari.

**WHEREFORE**, Crossclaim Defendant Kenton Girard hereby gives notice that the State Court Action has been removed to this Court.

Dated: January 5 2026

Respectfully Submitted,

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on January 05 2026, and (b) provided via email to the attorneys who have filed appearances in this matter as indicated below:

kpaige@beermannlaw.com, for Jane F. Girard
legaltma@gmail.com, for Marissa Girard

/s/ Kenton Girard

ll Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx□fileticket□G7□8K□cSi8E□3d&portalid□0
to get more information and Zoom Meeting IDs.

# Exhibit A

FILED
5/27/2022 7:37 PM
IRIS □. M□RTI□EZ
CIRCUIT CLERK
COOK COU□T□, IL
2015D009633
Calendar, 32
18084208

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
        Petitioner, )
)
   and )    No.    2015 D 009633
)
JANE GIRARD, )
        Respondent. )    Remote Court Date: 6/10/2022 9:30 □M - 9:35 □M

## MOTION TO APPOINT PARENTING COORDINATOR AND TO COMPEL THE USE OF OUR FAMILY WIZARD

    **NOW COMES** the Respondent, JANE GIRARD ("Jane"), by and through her attorneys, BEERMANN LLP, pursuant to Circuit Court of Cook County Rule 13.10 and 750 ILCS 6/610.5, and moves this Honorable Court to enter an Order appointing a Parenting Coordinator and to compel the use of Our Family Wizard for the parties in this matter. In support of this Motion, Jane respectfully state as follows:

    1.    Jane and Petitioner, KENTON GIRARD ("Kenton"), were married on December 20, 2003. A Judgment for Dissolution of Marriage and Joint Parenting Agreement and Custody Judgment were entered by this Court on November 4, 2015.

    2.    Two children were born to the parties as a result of their marriage, namely twins, G.F.G. and G.L.G., born February 15, 2008, and currently age fourteen (14).

    3.    The parties share parenting time with their children on a 50/50 parenting schedule[1] for over 7 years.

    4.    The parties attended attorney-assisted mediation with Judge Lisa Ruble-Murphy (Retired) on issues of child support and child-related expenses.

---

[1] The parties initially had a 2-2-3 schedule, and then modified the schedule to an alternating week schedule (or one week on/one week off).

1

C 119

5.     As a result of said mediation, the parties entered into an Agreed Order on March 7, 2022, which modified Kenton's child support obligation and the allocation of child-related expenses between the parties.

6.     The parties attempted mediation regarding parenting issues with Judge Lisa Ruble-Murphy (Retired). Said mediation did not result in an agreement.

7.     In addition, the parties agreed to coparenting communication work with a mental-health professional. Kenton now refuses to engage in this process.

8.     The parties continue to have disputes regarding parenting issues, because of Kenton's pattern of making unilateral decisions for the children without consulting Jane. This is in violation of the parties' JPA, which allocates joint decision-making responsibilities to the parties.

9.     Kenton has made many unilateral decisions pertaining to the children. By way of example only:

    a.  Kenton signed both children up for the swimming team at their high school for the 2022 – 2023 school year (when they will be freshmen) without consulting Jane. This is a Significant Decision, and is in violation of the parties' JPA;

    b.  Kenton unilaterally terminated therapy with their daughter Grace's longtime therapist in October 2021. Kenton emailed the therapist and copied Jane on October 6, 2021, notifying the therapist of the same. Kenton then chose a new therapist for Grace unilaterally. Jane had no knowledge or involvement in the termination of Grace's therapist (with whom she had

2

C 120

worked for several years), or the choice of a new therapist. This too is a Significant Decision, and is in violation of the parties' JPA;

c. On or about September 2, 2021, Kenton unilaterally emailed the children's school superintendent refusing to allow the children to undergo SHIELD testing for COVID-19 at their school. Kenton did not copy Jane on any correspondence with the school at any time. Instead, Jane found out only when the superintendent emailed Jane, and forwarded Kenton's email to the superintendent;

d. On or about February 2022, Kenton informed Jane that he intends to change the children's pediatrician, who has been their provider since birth.

e. The parties have a shared Google calendar, required by the JPA. The Google calendar includes the children's schedules (school, activities, social events, medical and dental appointments, therapy, vacations with their parents, etc.). Kenton has violated the spirit and letter of the JPA (see Paragraph 3.2.A.) by making unliteral changes on numerous occasions including most recently:

    i. Kenton unilaterally changed the Google calendar for the remainder of 2021 on November 11, 2021. Jane only knew of the significant changes only after she viewed the calendar on or about November 11, 2021.

    ii. Kenton again unliterally changed the Google calendar for the entirety of 2022. On February 13, 2022, Jane viewed the calendar and saw that Kenton had switched all of the parenting weeks (those

3

C 121

weeks that were Jane's weeks became Kenton's, and vice versa) significantly disrupting Jane's work and personal schedule

    f.  Kenton unilaterally planned a trip for the children in June 2022 and refused to provide an itinerary[2]. In addition, Kenton directed the children to retrieve their own passports, held by Jane per the JPA.

    g.  Kenton schedules activities for the children during Jane's parenting time with the children without awareness or discussing with Jane in advance. By way of example, he committed their daughter as a babysitter over Jane's parenting time communicating directly with their daughter and not informing or discussing Jane.

    h.  During Jane's parenting time, Kenton and his spouse frequently text message the children, however on Kenton's parenting time the children are dissuaded from texting or talking to Jane. Kenton repeatedly places the children in the middle of conversations that should be discussed and resolved by the co-parents.

10.    Jane has attempted to resolve the above, and many other issues with Kenton directly. Kenton is intransigent, and has refused to discuss, much less reach agreement, with Jane.

11.    With the assistance of a Parenting Coordinator, the parties' differences can be resolved efficiently and cost effectively without the need for further litigation, in the best interests of the children.

12.    Circuit Court of Cook County Rule 13.10 provides, in pertinent part, as follows:

    **(a) Appointment -** The Court may appoint a parenting coordinator when it finds the following:

---

[2] The itinerary was finally provided after requests through Jane's counsel to Kenton's counsel.

4

C 122

1.    The parties failed to adequately cooperate and communicate with regard to issues involving their children, or have been unable to implement a parenting plan or parenting schedule;

2.    Mediation has not been successful or has been determined by the judge to be inappropriate; or

3.    The appointment of a parenting coordinator is in the best interests of the child or children involved in the proceedings.

13.    Here, the appointment of a Parenting Coordinator is in the best interests of the parties' children, as Jane's efforts to communicate with Kenton, and coparent with Kenton, have failed.

14.    Kenton refuses to cooperate and communicate with Jane to discuss, and then resolve, significant decisions, as well as day-to-day issues. As detailed herein, Kenton has exhibited a pattern of unilateral decision-making and continued refusal to co-parent in good faith with Jane.

15.    Further, the appointment of a Parenting Coordinator will benefit the parties and the children by creating a far more economical path to resolving issues than litigation, and will serve the ends of judicial economy, by limiting the parties use of this Court's resources in litigation and saving the parties' resources on attorney's fees.

16.    Moreover, based on the parties' financial resources and income, the costs of the Parenting Coordinator should be equally divided between the parties.

17.    In addition, given the parties' disagreements and difficulty communicating, it is in the children's best interests, and the parties' best interests, that the parties are required to use Our Family Wizard as their primary means of communication, and joint calendar, regarding their children. As provided in 750 ILCS 5/610.5(e):

the court "...shall modify a[n]... allocation judgment without a

showing of changed circumstances if (i) the modification is in the

5

child's best interests; and (ii) and of the following are proven as to

the modification:

...

(2) the modification constitutes a minor modification in the

parenting plan or allocation judgment .

18.     Communication (and a joint calendar) on Our Family Wizard is a "minor

modification." Clearly, the parties and minor children would benefit from the utilization of Our

Family Wizard for communication and as a platform to maintain a children's calendar.

**WHEREFORE**, the Respondent, JANE GIRARD, by and through her attorneys,

BEERMANN LLP, respectfully prays that this Honorable Court grant her the following relief:

A.     That this Court enter an Order appointing a Parenting Coordinator in this matter;

B.     That this Court enter an Order apportioning the cost of the Parenting Coordinator

equally;

C.     That this Court enter an Order requiring the parties to use Our Family Wizard for

communication and joint calendar regarding the children; and

D.     For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,
BEERMANN LLP

By:     _____

One of Respondent's Attorneys

Karen Paige
**BEERMANN LLP**
Attorney for Respondent
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Tele: (312) 621-9700
Firm ID 80095
kpaige@beermannlaw.com

6

C 124

FILED DATE: 5/27/2022 7:37 PM  2015D009633

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

JANE GIRARD

C 125

FILED
3/8/2023 3:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 32
21782997

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

|  |  |  |  |
|---|---|---|---|
| IN RE: THE FORMER MARRIAGE OF | ) | | |
| | ) | | |
| KENTON GIRARD, | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| and | ) | No. | 2015 D 009633 |
| | ) | | |
| JANE GIRARD, | ) | | |
| Respondent. | ) | | |

### MOTION TO JOIN THIRD PARTY

NOW COMES the Respondent, JANE GIRARD ("Jane"), by and through her attorneys, BEERMANN LLP, pursuant to Section 5/2-406 of the Illinois Code of Civil Procedure (735 ILCS 5/2-406), and in support of her Motion to Join Third Party, Jane respectfully states as follows:

1.      Two (2) children, twins, were born to the parties as a result of their marriage, namely: Gwen Girard, presently fifteen (15) years old; and Grace Girard, presently fifteen (15) years old.

2.      On November 4, 2015, this Honorable Court entered a Judgment for Dissolution of Marriage. In conjunction with the entry of the Judgment for Dissolution of Marriage, this Court approved and entered the parties' Joint Parenting Agreement Custody Judgment ("JPA"). A true and accurate copy of the JPA is incorporated herein by reference only as **Exhibit A**.

3.      The JPA provided for an equal, 50/50 parenting time schedule, which was a "5-2-2-5" schedule.

4.      For approximately the past four (4) years, the parties have followed a week on-week off parenting time schedule such that the minor children are with Jane for one (1) full week and then with Kenton the next week, alternating on Fridays after school. Although the parenting time schedule in the JPA is a 5-2-2-5 schedule, the parties mutually agreed to via email to modify

1

the 5-2-2-5 schedule to an alternating week schedule to meet the children's growing and changing needs and to create more consistency for the children.

5.      Since the entry of the Judgment for Dissolution of Marriage and the JPA, the Petitioner, KENTON GIRARD ("Kenton"), has remarried.[1] Kenton and his spouse, Marissa Girard, have resided together since 2015.

6.      After entry of Judgment, Jane and Kenton had successfully co-parented the minor children for over five (5) years without major incident.

7.      Kenton, with Marissa's support and influence, has alienated the minor children from Jane beginning in mid-2020. Upon information and belief, Marissa has been instrumental in the ongoing alienation perpetrated by Marissa and Kenton to damage the relationship between Jane and the minor children.

8.      Marissa, a *stepmother*, has muscled her way in to the children's lives as if she was their mother. Beginning 2020, Marissa has ignored all appropriate boundaries as a stepparent. Since approximately fall 2022, Marissa has essentially taken over Jane's role as the children's mother. This includes not only spending time with the children – who now refuse to see their mother – but also making many day-to-day decisions.

9.      Marissa has made "significant decisions" (pursuant to 750 ILCS 5/602.5) but also

10.     Marissa, upon information and belief, has inappropriately inserted herself into parenting decisions (which should only be made by Kenton and Jane), and has manipulated the minor children's feelings/thinking. Further, Marissa has intimidated, threatened and harassed Jane. By way of example:

     a.  Marissa has, on numerous occasions, held herself out to be the minor children's mother, including, but not limited to, the following incidents:

---

[1] Kenton married Marissa within approximately 1 month of the parties' divorce.

i.  In or about December 2021 and January 2022, Kenton and Marissa sent numerous emails to the superintendent of the minor children's school regarding the COVID vaccination and testing policies of the children's school. Gwen was a participant in the school musical, and thus was required to participate in the COVID testing. Kenton and Marissa referred to themselves as Gwen's parents and to Gwen as "our daughter." Kenton and Marissa did not include Jane on any of the email communication. Jane only discovered the email communication because the superintendent forwarded the email communication to Jane.

ii. In or about September 2022, at Parent's Night at the minor children's school, Kenton and Marissa introduced themselves to the class of parents and children as "Grace's parents," causing confusion and an uncomfortable atmosphere as Jane was in the room and had already introduced herself as Grace's mom.

iii. On October 21, 2022, Jane received communication from the minor child's former doctor at Kenilworth Medical Associates indicating that a woman called claiming to be Jane. Kenilworth Medical Associates forwarded a copy of a phone message which indicated that "(Mom) Jane" had called the office requesting a change in doctors. The message included a call-back number, which is Marissa's personal cell phone number. A true and accurate copy of the October 21, 2022 phone message is attached hereto as **Exhibit B.**

iv. On October 24, 2022, Marissa emailed Kenilworth Medical Associates stating, "… - just following upon this request as **my daughter** has her appt with new provider this week." Kenton then sent an email to Kenilworth Medical Associates stating, "I am authorizing Marissa Girard … **to make any other decision needed regarding Grace Girard's medical records at Kenilworth Medical Associates**." A true and accurate copy of the October 24, 2022 email correspondence is attached hereto as **Exhibit C.**

b. On or about August 5, 2020, Marissa texted Jane individually requesting that Kenton, Jane and Marissa, together, attend family therapy. Jane then suggested meeting with Sasha Von Varga, with whom the parties have previously met and who is aware of the family history and dynamics. Marissa moved the conversation to a group text between Jane, Kenton and Marissa, whereby Marissa stated that she has "more expertise than both of you" ('you' referring to Kenton and Jane) regarding the minor children's needs and best interests. Marissa then continued to text disparaging, insulting and argumentative messages to Jane regarding the children. Thereafter, Marissa (who initially requested that the parties and Marissa engage in therapy) stated that she and Kenton would actually *not* engage in therapy. At no point did Kenton engage or put a stop to Marissa's combative and offensive behaviors and comments. A true and accurate copy of the text messages from Marissa to Jane on August 5, 2020 are attached hereto as **Exhibit D.**

c. On or about May 11, 2021, after an incident whereby Kenton had yelled and threatened Jane in relation to his demands that Jane purchase the minor children Google Chromebooks, Marissa sent an inappropriate and unsolicited text regarding child support to Jane saying "also fyi kenton has taken a significant pay cut. He is stressed. Renters aren't paying. So it's a lot right now for him. // pls read between the lines… a significant reduction in income impacts your payments. So I would not push too far on this." A true and accurate copy of the May 11, 2021 text messages from Marissa to Jane are attached hereto as **Exhibit E**.

d. On or about August 29, 2022, Marissa and Kenton verbally attacked Jane in public and in front of the minor children at Grace's art show, demanding that Jane acquiesce to Marissa and Kenton's unilaterally-determined parenting time schedule change (which was to eliminate Jane's parenting time). Marissa threatened Jane, stating that Marissa has "all the money to take [Jane] to court and make sure the girls are never with you." Marissa and Kenton further threatened that if Jane did not agree to the parenting time schedule change right in that moment, then Kenton would file to "have custody of the girls" and to keep the girls from Jane. Marissa and Kenton continuously pulled both Grace, who was presenting at the art show, and Gwen away for private conversations away from Jane. Kenton and Marissa demanded that the minor children tell Jane that the children wanted to live with Kenton and were yelling that Jane is liar and that Jane was calling the minor children liars in front of the children and other parents/children at the art show.

e. On December 9, 2022, without discussion or agreement between the parties, Marissa, , took the minor children to Jane's residence while Jane was out of town. Jane expressly told the children that she did not want them in her home unattended and to coordinate a time once she was back in town. The children disregarded their mother completely and went into the house anyway, setting off the Jane's security system. Marissa drove the children and actively encouraged and supported the children entering their mother's home to remove many of the minor children's belongings and items from Jane's residence knowing Jane was out of town. Jane viewed the garage security camera footage and saw Marissa pull up in her car, exit her car, and assist the girls in loading a majority of their belongings (clothes, blankets, stuffed animals, photos, books, posters, etc.) from Jane's residence.

f. The minor children had been treated by their pediatrician since birth. On or about January 6, 2023, Jane reviewed her insurance coverage and benefits (Jane covers the children on her health insurance policy). In reviewing the same, Jane saw that Gwen went to a new pediatrician on December 28, 2022 to be treated for an ear infection. After speaking with the new pediatrician Jane was informed that the minor children had their annual physicals scheduled. Jane was not made aware of these appointments when they were scheduled.

g. On January 16, 2023 (10 days later), both minor children were scheduled for their annual physical exams. Jane attended the appointment, as she has always done in

the past. Kenton brough Gwen to the appointment and Marissa arrived shortly thereafter with Grace. Once in the exam room, Marissa asked Kenton, loud enough for Jane and both minor children to hear, to go to the front desk to have "someone make Jane leave." In order to avoid further confrontation in front of the minor children, Jane voluntarily left the exam room and went to the waiting room. Both Kenton and Marissa remained in the exam room with both minor children for the **entirety** of their physical exams, though Marissa is ***not*** the minor children's mother nor guardian. Marissa then left with Grace, directing Grace away from Jane and did not encourage any interaction between Grace or Jane, and instead completely ignored Jane in the waiting room.

h.   Upon information and belief, Marissa has repeatedly insinuated directly to the minor children that they may not be "safe" while at Jane's residence, along with telling the minor children that Jane "needs therapy," that the children are "victims," and encouraging the children to alienate themselves from Jane to protect themselves from her.

i.    For the past two (2) or more years, Marissa has also actively reached out to Jane to criticize Jane, Jane's parenting, and Jane's relationship with the children. In her criticisms, Marissa refers to her educational background and her claimed professional history as a counselor in an attempt to bolster her reasonings and allegations against Jane that Jane is not a "good parent" and that Jane "needs therapy."

11.   It is clear that Marissa has overstepped her role as the children's stepparent, inserting herself into decisions related to the children and has been a controlling, demanding voice in conversations relating to the children, though she **is not the children's mother**.

12.   Marissa completely disregards all boundaries as a stepparent.   Kenton actively encourages Marissa's behaviors.

13.   Marissa and Kenton have encouraged the children to reject Jane.  The children, who used to spend 50% of their time with both parents, now have spent 0 overnights with their mother since August 28, 2022, continually refuse Jane's invitations to spend time together, rarely reply to any of Jane's text messages/phone calls/emails, and simply ignore any attempt Jane makes to connect with her children.

14.   Through Marissa's manipulative actions over the past two or more years, Marissa

has damaged the co-parenting relationship between Jane and Kenton and the minor children's relationship with the minor children.

15.     Marissa's behaviors, which are supported by Kenton, are causing long-lasting mental and emotional harm to the minor children through Marissa's efforts to remove Jane from the children's lives.

16.     Section 5/2-406(a) of the Illinois Code of Civil procedure provides that "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in." 735 ILCS 5/2-406(a) (Westlaw, 2023).

17.     A party is necessary for a full determination of the issues when he/she is:

> [O]ne whose presence in the suit is required for any three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by the judgment entered in his absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy.
>
> *In re Marriage of Schweihs*, 222 Ill.App.3d 887, 894 (1991) (Citing *Lerner v. Zipperman*, 69 Ill.App.3d 620, 623 (1979).

18.     Joining Marissa as a third party in this matter is essential to allow the Court to make a full determination of the parenting issues. Put another way, the Court must join Marissa in this action so this court can "make a complete determination of the controversy," including Marissa's actions, behaviors and influence over the minor children.

19.     Dr. Phyllis Amabile is the Court's evaluator pursuant to 750 ILCS 5/604.10(b). Dr. Amabile must also have the ability to interview Marissa.

20.     Moreover, Marissa should be joined as a third party in order for the Court to adjudicate all matters pertaining to the minor children, and ultimately for the Court to enter all appropriate orders regarding Jane, the minor children, and Kenton, as well as Marissa.

21. Based on the foregoing, Marissa has placed herself at the center of this litigation by exerting care and exercise over the minor children, behaving in an inappropriate and controlling manner towards the children, and harassing and threatening Jane. As such, she should be formally joined in this litigation so that the Court can properly adjudicate these issues regarding the parties' minor children, and Jane's role as their mother.

**WHEREFORE**, the Respondent, **JANE GIRARD**, by and through her attorneys, BEERMANN LLP, respectfully requests the following:

A. For entry of an Order joining Marissa Girard as an additional third-party respondent in this cause with summons to issue; and

B. For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,
**BEERMANN LLP**

One of the Respondent's Attorneys

Karen V. Paige | Candace L. Meyers
Molly M. Carmody
**BEERMANN LLP**
*Attorneys for the Respondent*
161 North Clark Street – Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm ID: 80095
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
mmcarmody@beermannlaw.com

7

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

JANE GIRARD

8

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
5/26/2023 2:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 32
22905247

**Summons/Alias Summons**  (09/09/21) CCDR 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☐ Legal Separation   ☐ Allocation of Parental Responsibilities
        ☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:  [X] Marriage

KENTON GIRARD
_____ Petitioner

                  and

JANE GIRARD          Respondent

MARISSA GIRARD     Third Party Respondent
* Hearing/Return Date:

_____ at _____ AM   PM

**\* Applies to Suburban Districts ONLY**

Case No.  2015 D 009633

Calendar  32

\*\* Please serve the Respondent at:

Marissa Girard

965 Forestway Drive, Glencoe, IL 60022

2105 - Summons - Retd - Substitute Service
2106 - Alias Summons - Retd - Substitute
       Service
2120 - Summons - Retd P.S.
2121 - Alias Summons - Retd P.S.
2123 - Summons Retd - Served at
       Correctional Facility
2220 - Summons - Retd N.S.

2221 - Alias Summons - Retd N.S.
2700 - Return of Service P.S. - Order of
       Protection
2702 - Return of Service N.S. - Order of
       Protection
2708 - Return of Service of Order - P.S.
2710 - Return of Service of Order N.S.

☐ SUMMONS   ☑ ALIAS SUMMONS

TO THE RESPONDENT:

The Petitioner has filed a legal proceeding against you for one or more of the following:

☐ Legal Separation  ☐ Declaration of Invalidity  ☐ Custody  ☐ Child Support
☐ Praecipe for Summons*
☑ Other:  Motion to Add Third Party

**YOU ARE SUMMONED** and required to file your **appearance and response no later
than • thirty (30) days   seven (7) days after service of this summons**, not counting the
day of service.
**If you fail to file your written appearance within the time stated above, a default judgment
may be entered against you and the court may grant the petitioner all or part of the relief
that s/he is requesting in her or his petition.**

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
    to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
3/5/2025 3:01 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
31689167

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

*IN RE THE FORMER MARRIAGE OF*
KENTON GIRARD,                                    )
                                                 )
            Petitioner,                          )
                                                 )          Hon. Rossana P. Fernandez
vs.                                              )
                                                 )
JANE F. GIRARD,                                  )          Case No. 2015-D-009633
                                                 )
            Respondent,                          )
                                                 )
- - - - - - - -                                  )
                                                 )
MARISSA GIRARD,                                  )
                                                 )
            Third Party Respondent/              )
            Third Party Plaintiff                )
                                                 )
vs.                                              )
                                                 )
JANE F. GIRARD,                                  )
                                                 )
            Crossclaim Defendant,                )
                                                 )
VANESSA L. HAMMER ESQ,                           )
KAREN V. PAIGE ESQ,                              )
CANDACE L. MEYERS ESQ,                           )
DETECTIVE RYAN MCENERNEY,                        )
                                                 )
            Third Party Defendants.              )

### TP PLAINTIFF MARISSA GIRARD'S CROSSCLAIMS AND TP CLAIMS

Now comes Third Party Plaintiff MARISSA GIRARD, in pro se, and in support of her

Claims against Crossclaim Defendant JANE F. GIRARD and TP Defendants VANESSA L.

HAMMER ESQ, KAREN V. PAIGE ESQ, CANDACE L. MEYERS ESQ and DETECTIVE

RYAN MCENERNEY states as follows:

## PRELIMINARY STATEMENT

1.      During the pendency of these proceedings, Respondent Jane F. Girard has engaged in numerous instances of illegal harassment, tracking, surveillance and intimidation directed at TP Plaintiff Marissa Girard.

2.      While TP Plaintiff does not seek relief from all of these numerous instances of misconduct, she zeros in on two particularly egregious instances for which she has adduced significant proof to form the basis of prosecuting this action.

3.      The misconduct of Jane F. Girard is extremely serious given the extremely serious mental and physical disabilities at play. To wit, TP Plaintiff suffers from interstitial cystitis, a debilitating condition that can render her unable to leave home in part due to the constant need to urinate, particularly when exacerbated by stress. She also suffers from PTSD, which is aggravated by environmental stress and anxiety and in turn worsens her physical symptoms under interstitial cystitis.

## PARTIES

4.      **TP Plaintiff Marissa Girard** is the wife of Petitioner Kenton Girard.

5.      **Counterclaim Defendant Jane F. Girard** (herein, "Jane") is the Respondent under these proceedings.

6.      **TP Defendant Vanessa L. Hammer** was the GAL under these proceedings until she sought court approval to resign from such appointment on July 25 2023.

7.      **TP Defendant Karen V. Paige Esq** is a member of Jane's legal team.

8.      **TP Defendant Candace L. Meyers Esq** is a member of Jane's legal team.

9.      **Detective Ryan McEnerney** at all times in question served as the lead detective for the Village of Glencoe Public Safety Department.

## THE ILLEGAL RECORDING

10.     In the last two years, TP Plaintiff has experienced extreme embarrassment and humiliation from the dissemination of the contents of private conversations she has had with various persons, both connected and unrelated to these proceedings. Upon information and belief, Jane F. Girard is responsible for a long-running campaign of eavesdropping against TP Plaintiff likely motivated by her animus against TP Plaintiff for being married to Kenton Girard.

11.     On January 16 2023, Jane F. Girard recorded an in-person conversation – lasting about 30 minutes and presumably employing Jane's iPhone – involving Marissa Girard (without TP Plaintiff's knowledge or consent) while TP Plaintiff was inside a private exam room of her doctor's office located at 542 Lincoln Ave in Winnetka.

12.     This illegal recording came on the heels of an event on December 9 2022 wherein Jane F. Girard recorded a telephone conversation with Kenton Girard and their minor children without their knowledge.

13.     The proof of the illegal recording noted above on January 16 2023 was raised wherein Jane's counsel hereunder shared on July 20 2023 the responsive documents obtained under a subpoena they had issued to the erstwhile GAL Vanessa Hammer.

14.     Under those responsive documents, in fact, TP Plaintiff came to learn that recordings of her made without her consent or knowledge and wherein she had a legal expectation of privacy had been shared by Jane with (minimally) Vanessa Hammer as well as Jane's attorneys Candace L. Meyers Esq and Karen V. Paige Esq.

15.     Upon information and belief, Defendants Hammer and Paige and Meyers proceeded to disseminate – again without the knowledge or consent of TP Plaintiff – the illicitly obtained recording of TP Plaintiff with (a) the erstwhile child representative under these

proceedings, Joel J. Levin Esq as well as other members of his practice Levin & Associates, (b) Eric Pfanestiel Esq and other members of his practice Jackson Buckley & Pfanenstiel LLP, (c) Joe O'Brien Esq and other members of his practice Opal O'Brien LLC, (d) the custody evaluator Phyllis Amabile MD, (e) Gwenn Waldman and other members of her firm Breakthrough Family Solutions, as well as other family law functionaries and other persons connected with these proceedings.

16. The law in Illinois provides for punishment as a Class 4 or Class 3 felony. For the purposes of these claims, as codified under 720 ILC 5/14-2 et seq., Crossclaim Defendant Jane F. Girard bears civil liability for using an eavesdropping device in a surreptitious manner, and TP Defendants Hammer, Paige and Meyers also bear civil liability for sharing that recording which they knew or reasonably should have known was obtained from a private conversation.

17. TP Plaintiff has further been harmed wherein (a) she experienced a traumatic worsening of her PTSD and interstitial cystitis symptoms after learning of the criminal eavesdropping which had victimized her, (b) she was forced to invest significantly in time and money in an overhaul of her personal security and anti-surveillance measures, and (c) she must deal with fallout from the indignity of the widespread disclosure of that illegal recording and she now lives with a sense of fear and anguish relating to the event and the prospect of having her private communications recorded and disclosed widely again.

<u>THE ILLEGAL ELECTRONIC VEHICLE TRACKING</u>

18. On or around January 2024, Jane became aware that Petitioner Kenton Girard had purchased a new Subaru automobile specifically for use both by TP Plaintiff and by Kenton's minor children Gw and Gr. Within one week of taking possession of the vehicle, the car prominently displayed a badge for the New Trier swim team (wherein the minor children Gw and

**Summons/Alias Summons**                                                  **(09/09/21) CCDR 0001 B**

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**TO THE OFFICER:** This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

5/30/2023

| | |
|---|---|
| Atty. No.: 80095 | Witness: _____ |
| Atty Name: Beermann LLP (Karen V. Paige) | Date: 5/26/2023 2:21 PM IRIS Y. MARTINEZ |
| Atty. for: Respondent, Jane Girard | |
| Address: 161 North Clark Street, Suite 3000 | Circuit Court Clerk |
| City: Chicago | Date of Service: _____ |
| State: IL  Zip: 60601 | (To be inserted by officer on copy left with Respondent or other person): |
| Telephone: (312) 621-9700 | |
| Primary Email: kpaige@beermannlaw.com | |

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

Gr are both swimmers for New Trier High School, where they are Honor Roll students) as well as a New Trier High School parking decal.

19.      On March 11 2024, Petitioner Kenton Girard emailed Jane stating that he and the girls would be out of town for a trip March 27 2024 through April 1 2024. During that trip Jane made an unauthorized visit to Petitioner Kenton Girard's home at 965 Forestway Drive in Glencoe, where he TP Plaintiff and the minor children reside. During this visit, Jane emplaced an Apple Air Tag on the undercarriage of the new Subaru near the trunk.

20.      Upon information and belief, Jane does not dispute her visit to Petitioner's home during the aforedescribed trip, having admitted to delivering belated birthday gifts for her minor children Gw and Gr, twins who share the birthday of February 15.

21.      On April 4 2024, TP Plaintiff and Petitioner and the minor children received notifications on their mobile phones that an unidentified Apple Air Tag had been tracking the movements of the new Subaru vehicle.

22.      On April 5 2024, TP Plaintiff and Petitioner received the same notification for a second time. Using an audible chirp locate feature, TP Plaintiff and Petitioner proceeded to visually locate the Apple Air Tag on the undercarriage of the new Subaru near the trunk.

23.      Immediately thereupon, TP Plaintiff and Petitioner proceeded to take the Subaru vehicle to the Village of Glencoe police station, wherein a report was filed and photo/video evidence was taken. Security camera footage from TP Plaintiff's home wherein Jane could be observed loitering in the physical vicinity of the Subaru vehicle was provided to Detective Ryan McEnerney. It seemed certain that criminal charges would be forthcoming against Jane.

24.      In the ensuing days, the minor children Gw and Gr observed Jane physically following them on their typical daily route to New Trier High School, and TP Plaintiff observed

Jane physically following her at her typically weekly run to Mariano's grocery store at 784 Skokie Blvd in Northbrook.

25.    On April 15 2024, Detective Ryan McEnerney contacted TP Plaintiff and Petitioner, stating that he had issued a warrant to Apple to obtain information about the illegally installed Air Tag from the undercarriage of the Subaru vehicle which had been placed into evidence for the criminal investigation.

26.    On April 26 2024, TP Plaintiff contacted Apple and received confirmation that identifying/billing information for the Air Tag in evidence had been provided to Detective Ryan McEnerney. Repeated attempts to stimulate Detective McEnerney to take action against Jane were made without success in the following weeks.

27.    TP Plaintiff and Petitioner hired Attorney Peter C. Godwin for the limited purpose of ensuring that Detective Ryan McEnerney followed through with criminal charges against Jane. On May 7 2024, Detective McEnerney told Attorney Godwin that he had spoken with Jane's female attorney and did not plan to charge Jane, because they were "in no danger." On May 15 2024, Detective McEnerney provided an update that Jane F. Girard refused to speak with the police about the Air Tag incident, asserting her Fifth Amendment Right against self-incrimination[1].

28.    Upon information and belief, Detective Ryan McEnerney received information under the warrant issued to Apple positively identifying Jane F. Girard as its purchaser and/or registered user. Despite such information and the security camera footage showing Jane lingering

---

[1] Crossclaim Defendant Jane F. Girard has a documented history of asserting her Fifth Amendment right against self-incrimination. When DCFS opened an investigation into Ms. Girard for a second time on July 22 2023 involving Cook County ASA Mary Stein, Jane F. Girard retained Ms. Jennifer Hansen of Hansen & Cleary LLC in Northbrook as her criminal defense counsel. On September 7 2023, Ms. Hansen informed the DCFS that Jane would be asserting her right against self-incrimination and thus not be making a statement or providing any testimony to the DCFS. For the purposes of a civil proceeding, as here, the Court must operate under the presumption that Jane has admitted to illegal surveillance via Air Tag as to TP Plaintiff.

near the Subaru vehicle at TP Plaintiff's residence during the time in question, Detective McEnerney stubbornly refused to file criminal charges against Jane F. Girard.

29.     The improper refusal by Detective McEnerney and the police in the Village of Glencoe to properly investigate and charge crimes against women and girls is already substantially explored under *Kenton Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois under which Detective Ryan McEnerney is a defendant. It would appear that Detective McEnerney's improper refusal to prosecute Jane's illegal surveillance here – victimizing female victims again, namely TP Plaintiff and the minor children Gw and Gr – is part of a larger and disturbing pattern[2].

30.     Use of electronic tracking devices (such as Apple Air Tags) on vehicles is actionable as a Class A Misdemeanor, under 720 ILCS 5/21-2.5. However, under the current state of affairs, Jane F. Girard has learned that she can engage in illegal electronic tracking of TP Plaintiff and the minor children Gw and Gr without being held to account for her criminal conduct. Both the reality of Jane F. Girard's illegal conduct and the likelihood of her recidivism – thanks to Detective Ryan McEnerney's dereliction of his investigative and charging duties – has caused extreme stress and mental anguish to TP Plaintiff.

31.     In the aftermath of learning about the illegal Apple Air Tag emplacement on the Subaru vehicle she shares with minor children Gw and Gr, TP Plaintiff experienced a serious setback in her medical treatment for interstitial cystitis and PTSD, wherein she has been experiencing ongoing and debilitating symptoms under both conditions through today's date.

32.     In addition to being forced to live in a state of constant fear about being surveilled

---

[2] What is even more egregious is that Detective Ryan McEnerney is accused of taking a cash bribe from Attorney Kathryn Ciesla Esq in early August 2023 to declare that child sexual assault charges against Jane F. Girard were "unfounded". One has to wonder whether Mr. McEnerney was bribed by Jane's counsel here wherein he spoke with a "female attorney" for Jane F. Girard and directly thereafter the investigation took a proverbial "U Turn" towards the same "unfounded" disposition.

by Jane F. Girard, TP Plaintiff has incurred significant additional expense to hire electronic surveillance sweeping services, anti-surveillance technology and a robust upgrade to her home security and monitoring systems and services.

## COUNT I - EAVESDROPPING
*Jane F. Girard, Vanessa L. Hammer, Karen V. Paige, Candace L. Meyers*

33.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34.     Under 720 ILCS 5/14-6, TP Plaintiff is entitled to injunctive relief prohibiting further eavesdropping as well as actual and punitive damages.

35.     As previously alluded, Jane F. Girard is civilly liable for doing the eavesdropping, while Defendants Hammer, Paige and Meyers are liable for disseminating the illegal recording.

## COUNT II - NEGLIGENCE
*Jane F. Girard, Detective Ryan McEnerney*

36.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     Defendant Jane F. Girard breached her duty to not violate the law in our state regarding the electronic tracking of vehicles. As a result of these actions, TP Plaintiff has experienced significant economic and non-economic damages which continue to accrue through today's date.

38.     When presented with (a) identifying details for the illegal Air Tag from Apple positively identifying Jane F. Girard as the purchaser and/or the registered user returned under the warrant or subpoena issued to Apple, and (b) video footage from security camera footage from TP Plaintiff's home as to Jane F. Girard lingering near the Subaru vehicle during the family trip when no one was present at TP Plaintiff's home, Detective Ryan McEnerney had an affirmative obligation to recommend criminal charges against Jane F. Girard.

39.     As a direct result of Detective McEnerney's deliberate choice to not pursue criminal charges against Jane F. Girard thereunder, TP Plaintiff has experienced significant

economic and non-economic damages which continue to accrue through today's date.

## PRAYER FOR RELIEF

WHEREFORE, the Third Party Respondent Marissa Girard prays the Court grant the following relief:

1) Issue an injunction with a liquidated damages penalty of $10,000 per occurrence per party against the Count I Defendants from further eavesdropping against TP Plaintiff and from further dissemination of materials obtained from illegal recordings of TP Plaintiff in violation of our state's laws against eavesdropping;

2) Award TP Plaintiff compensatory damages in an appropriate amount greater than $100,000 and punitive damages;

3) Enter judgment in favor of Plaintiffs and against Defendants and for such other relief as this Court deems appropriate.

## JURY DEMAND

Third Party Respondent Marissa Girard hereby demands a trial by jury on all issues of fact and damages stated herein.

DATED: December 15, 2024                     Respectfully submitted,

                                            MARISSA GIRARD

                              By:    */s/ Marissa Girard*
                                     965 Forestway Drive
                                     Glencoe, IL 60022
                                     marissadakis@gmail.com
                                     Tel: 773-425-4393

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 15th day of December 2024 by email to Petitioner and Respondent, on their attorneys of record. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Adam P. Monreal Esq.**
Chief Deputy Clerk for Hon. Scannicchio
apmonreal@cookcountycourt.com

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

*/s/ Marissa Girard*
Marissa Girard

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Calendar 1 |
| | ) | |
| KENTON GIRARD and | ) | Case No. 2015-D-009633 |
| MARISSA GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |
| — — — — — — — | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Crossclaim Plaintiff, | ) | **Crossclaims of Kenton Girard** |
| vs. | ) | **Directed at Marissa Girard** |
| | ) | **& Jury Demand** |
| MARISSA GIRARD, | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |
| — — — — — — — | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| and Third Party Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| VANESSA L. HAMMER ESQ, | ) | |
| KAREN V. PAIGE ESQ, | ) | |
| CANDACE L. MEYERS ESQ and | ) | |
| DETECTIVE RYAN MCENERNEY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**CROSSCLAIMS OF KENTON GIRARD DIRECTED AT MARISSA GIRARD**

**NOW COMES** Defendant KENTON GIRARD, in pro se, and in support of his

Crossclaims against Codefendant MARISSA GIRARD, hereby states as follows:

## INTRODUCTION

1.      Plaintiff Jane F. Girard has been divested of her parental rights and her right to seek a custody remedy because she is an admitted child sex abuser and rapist, yet these amorphous proceedings which she improperly incepted three years ago *without pleadings*[1] appear to advance towards an effective "mystery trial". According to open court testimony on February 14 2025[2] by Beermann LLP Attorney Enrico J. Mirabelli – counsel for Jane F. Girard – the "mystery trial" (devoid of a criminal investigation, a state prosecutor, a true indictment, a bill of charges, a jury of twelve peers or even a criminal tribunal) will consist in a criminal contempt proceeding against Defendant Kenton Girard and his wife Defendant Marissa Girard, who is a disabled person.

2.      Marissa Girard is at this time litigating claims in pro se in the Northern District of Illinois under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136 ("Civil Rights Lawsuit") against *inter alia* Beermann LLP attorneys Enrico J. Mirabelli and Matthew D. Elster, as well as some of the judicial officers who have presided hereunder. Among other causes of action, her claims speak to violations of her constitutional rights, including those arising under the First and Sixth Amendments, as well as her rights under federal law including Title II of the Americans with Disabilities Act ("ADA").

## PARTIES

3.      Crossclaim Plaintiff Kenton Girard is the biological father of the minor children Gwen Girard and Grace Girard, fraternal twins both now age 17.

---

[1] Numerous filings hereunder by Kenton Girard and Marissa Girard have addressed the lack of pleadings filed by Plaintiff Jane F. Girard. Egregiously, Marissa Girard – who neither has parenting responsibilities nor any biological connection to the minor children Gwen and Grace – has been forced to endure a dozen or more inexplicable, harassing and abusive motions to hold her in contempt or to jail her filed by Beermann LLP on behalf of Jane F. Girard without ever having been actioned with a pleading at the time of her (deficient) joinder in plain violation of 735 ILCS 5/2-201(a).

[2] Notably, Mr. Mirabelli's Sixth Amendment offending testimony was reduced to a written transcript by a court reporter present on February 14 2025.

4.      Crossclaim Defendant Marissa Girard is Kenton Girard's wife of approximately ten years, and she is a disabled person who suffers from PTSD and interstitial cystitis, both of which are ADA qualifying disabilities. Kenton and Marissa are married and reside together in Glencoe full-time together with the minor children.

## THE POST-NUPTIAL INDEMNIFICATION AGREEMENT

5.      Since the inception of the marriage between Kenton and Marissa about a decade ago, Jane F. Girard has continuously interfered – whether by stalking Marissa in her automobile, saying terrible things about Marissa to the minor children, saying terrible things about Kenton to the minor children, attempting to gain access to electronic devices belonging to Kenton and Marissa and the cell phones utilized by the minor children – in order to try to create friction between Kenton, Marissa and the minor children.

6.      In the summer of 2021, Marissa Girard's disabilities started to take a turn for the worse wherein the frequency of medical consultations and doctor visits increased due to flare ups typically connected with environmental stress. Anecdotally, it seems much of this environmental stress was owing to non-stop efforts by Jane F. Girard to cause problems as described above.

7.      Indeed, at that time, Marissa strongly blamed Jane F. Girard for many of the bouts of stress – which would in turn cause debilitating flare ups under PTSD and interstitial cystitis – that she was experiencing during the summer of 2021.

8.      Accordingly, Marissa articulated her wish for a financial security blanket to kick in under the circumstances in which Jane F. Girard might potentially engage in a course of conduct (such as stalking Marissa) under which Marissa would experience stress as a result and wherein Marissa might have to resort to the legal system to end the offending course of conduct by Jane F. Girard.

9.     During the course of several conversations, Kenton gradually became incrementally more agreeable to the concept. However, in an effort to more sharply define the concept of stress-inducing course of conduct, Kenton and Marissa decided on the following language ("Legal Billings Clause"):

> If any course of action undertaken by Jane Girard proximately causes a violation of Marissa Girard's rights secured under the Constitution or under federal law, then Kenton Girard will indemnify Marissa from all necessary and reasonable legal billings incurred to address said violation(s), as long as Kenton and Marissa are married and residing together for more than seven days per month.

The purpose of this language was to ensure that not just any "trivial" everyday friction caused by Jane F. Girard would qualify for indemnification, but rather more serious interference would be captured by the agreement.

10.     There was an additional type of "peace of mind" additionally desired by Marissa Girard, namely if Marissa's disabilities were to become debilitating in the future, or to prevent her from fully engaging in normal daily life activities, she wanted to ensure that Kenton would be agreeable to subsidizing her in the case under which her earnings noticeably suffered from her disabilities. They settled on the following language ("Earnings Subsidization Clause"):

> If Marissa's earnings were to worsen in the future as a direct result of her disabilities, wherein Marissa's gross earnings were to decline below $4,000 per month then Kenton Girard would agree to subsidize her earnings to ensure Marissa received $4,000 per month, as long as Kenton and Marissa are married and residing together for more than seven days per month.

The purpose of this language was to provide a measure of financial peace of mind, without excessively burdening Kenton.

11.     Kenton and Marissa eventually executed their "Post-Nuptial Indemnification Agreement" on October 1 2021 containing the exact operative language excerpted *supra*.

## DISPUTES ARISE OVER THE AGREEMENT

12.     As mentioned *supra*, Marissa Girard is pursuing relief for purported violations of various of her constitutional rights and her rights to reasonable accommodation under Title II of the Americans with Disabilities Act. Marissa claims her legal filings are a direct result of Jane F. Girard joining Marissa as a defendant hereunder, pursuant to a summons dated May 26 2023.

13.     To rectify the violations of her rights, Marissa has prepared and filed pleadings under the Civil Rights Lawsuit, and she is litigating that matter capably pro se. From Kenton's point of view there is no need for an attorney to take over that litigation for Marissa. She is also handling the instant matter pro se, including her claims filed against Jane F. Girard and various third party defendants on March 5 2025 related to illegal eavesdropping and electronic tracking committed by Jane F. Girard and directed at Marissa.

14.     However, Marissa feels that it is necessary not only for an attorney to take over her Civil Rights Lawsuit but her litigation under the instant matter. Kenton and Marissa are at a stalemate on this issue and things came to a head in the last week of April 2025.

15.     Additionally Marissa's earnings have declined in accordance with the Earnings Subsidization Clause and demands subsidization as to her reduced earnings, however Kenton does not feel that such decline is directly owing to her disabilities, but rather to the time she has been spending on litigation activities.

## COUNT I – LEGAL BILLINGS CLAUSE

16.     Crossclaim Plaintiff Kenton Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

17.     The claims under the Civil Rights Lawsuit have not yet been adjudicated, so there is no finding as of yet that Marissa's constitutional rights – or her rights under the ADA – have

been violated. As a result, it is premature to hold Plaintiff accountable for her legal fees.

18.     Moreover, as Marissa has demonstrated, she is capable of handling pleadings, litigation and even court dates pro se. As a result, hiring attorneys to take over the Civil Rights Lawsuit and her representation hereunder is not necessary.

## COUNT II – EARNINGS SUBSIDIZATION CLAUSE

19.     Crossclaim Plaintiff Kenton Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

20.     Cross Plaintiff Kenton Girard believes the decline in her earnings is directly owing to the time Marissa has spent on these proceedings.

21.     As such, the disabilities are not the proximate cause of the decline in earnings.

**WHEREFORE** Crossclaim Plaintiff Kenton Girard requests that the Court enter two declaratory judgments finding that (a) the Legal Billings Clause does not hold Kenton accountable for her legal fees, because the violations have not yet been adjudicated; nor are the legal fees necessary given that Marissa has been competently handling the litigation hereunder and under the Civil Rights Lawsuit pro se, and (b) the Earnings Subsidization Clause has not been triggered because the direct cause of Marissa's lowered earnings is the time she has spent on this litigation, not her disabilities, and for such further relief as appropriate.

DATED: April 28 2025                    Respectfully submitted,


                                        KENTON GIRARD

                        By:     _/s/ Kenton Girard_____
                                        965 Forestway Drive
                                        Glencoe, IL 60022

kg5252@yahoo.com
Tel: 773-575-7035

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the

Clerk of this Court and was served this 28th day of April 2025 by email to the attorneys who

have entered their appearances hereunder. A copy of the foregoing was also transmitted to the

office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

/s/ Kenton Girard
Kenton Girard

## JURY DEMAND

Crossclaim Plaintiff Kenton Girard hereby demands a trial by jury on all issues of fact
stated herein.

## CONSENT TO A FEDERAL FORUM

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the
undersigned certifies that he freely consents to litigating these proceedings in a federal forum,
should the court or any party wish to move these proceedings to federal court.

/s/ Kenton Girard
April 28, 2025

*Kenton Girard Crossclaims Directed at Marissa Girard*                                   7

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
10/28/2025 5:26 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
35101306

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Calendar 89 |
| | ) | |
| KENTON GIRARD and | ) | Case No. 2015-D-009633 |
| MARISSA GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |
| — — — — — — — | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Crossclaim Plaintiff, | ) | **Answer to Cross Claims** |
| vs. | ) | **of Defendant Kenton Girard** |
| | ) | **& Jury Demand** |
| MARISSA GIRARD, | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |
| — — — — — — — | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| and Third Party Plaintiff | ) | 2015D009633 |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| VANESSA L. HAMMER ESQ, | ) | |
| KAREN V. PAIGE ESQ, | ) | |
| CANDACE L. MEYERS ESQ, | ) | |
| JOHN M. D'ARCO ESQ, | ) | |
| ENRICO J. MIRABELLI ESQ, | ) | |
| MATTHEW D. ELSTER ESQ, and | ) | |
| DETECTIVE RYAN MCENERNEY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## ANSWER TO CROSS CLAIMS OF KENTON GIRARD

**NOW COMES** Defendant MARISSA GIRARD (herein, "MG"), via her undersigned

counsel, and answers as follows to the Cross Claims filed by Defendant Kenton Girard:

## INTRODUCTION

1.     MG believes that Plaintiff Jane F. Girard's various Fifth Amendment allocutions under questioning by law enforcement as to her apparent long-running sexual abuse of the minor children hereunder constitute strong evidence that she has been divested of any right to pursue a judicial order of custody. MG admits that she was never actioned with a pleading in this matter, in violation of 735 ILCS 5/2-201(a) and in violation of her constitutional rights to fair notice and due process. MG admits that Beermann LLP attorneys Enrico J. Mirabelli and Matthew D. Elster have described their desired trial in this matter as a criminal trial against MG and Defendant Kenton Girard both in open court on February 14 2025 and per the updated Trial Order (which was duly prepared by Beermann LLP without any input whatsoever from the undersigned counsel) and dated *nunc pro tunc* as of October 7 2025.

2.     MG admits that she filed the federal lawsuit *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136 ("Civil Rights Lawsuit") against *inter alia* Beermann LLP attorneys Enrico J. Mirabelli and Matthew D. Elster, as well as some of the judicial officers who have presided hereunder including the current judicial officer Hon. William Yu, in response to violations of her constitutional rights, including those arising under the First and Sixth Amendments, as well as her rights under federal law including Title II of the Americans with Disabilities Act ("ADA"). MG admits that Hon. William Yu is her litigation adversary and clearly disqualified to preside hereunder pursuant to Judicial Canon 2.11.

## PARTIES

3.     MG admits that Kenton Girard is the ex-husband of Plaintiff Jane F. Girard and biological father of the minor children hereunder.

4.     MG admits that she is Kenton Girard's wife of approximately ten years, and she is a disabled person who suffers from PTSD and interstitial cystitis, both of which are ADA qualifying disabilities. MG admits that she resides with Kenton together in Glencoe full-time together with the minor children hereunder.

## THE POST-NUPTIAL INDEMNIFICATION AGREEMENT

5.     MG admits that Plaintiff Jane F. Girard has continuously interfered in her marital relationship with Kenton Girard in order to try to create friction between Kenton, Marissa and the minor children.

6.     MG admits that starting in the summer of 2021 her disabilities started to take a turn for the worse wherein the frequency of medical consultations and doctor visits increased due to flare ups typically connected with environmental stress. MG affirmatively blames Plaintiff Jane F. Girard in large part for the worsening of her symptoms during this time period.

7.     MG admits that she blamed Plaintiff Jane F. Girard for significant flare-ups of stress during the summer of 2021.

8.     MG admits that in summer of 2021 she became extremely concerned about the possibility of Jane F. Girard potentially stalking or harassing MG forcing MG to resort to the legal system (and to pay for necessary legal expenses and attorneys fees) to end the offending course of conduct by Jane F. Girard.

9.     MG admits that in summer 2021 she negotiated with Kenton Girard a "Legal Billings Clause" to be included in a postnuptial agreement with the following language:

> If any course of action undertaken by Jane Girard proximately causes a violation of Marissa Girard's rights secured under the Constitution or under federal law, then Kenton Girard will indemnify Marissa from all necessary and reasonable legal billings incurred to address said violation(s), as long as Kenton and Marissa are married and residing together for more than seven days per month.

MG admits that the purpose of the Legal Billings Clause was to ensure that only serious interference in her relationship with Kenton Girard would be captured by the agreement.

10.     MG admits that in summer 2021 she negotiated with Kenton Girard an "Earnings Subsidization Clause" to protect her financially in the event that her earnings were to noticeably suffer as a result of the worsening of her disabilities  to be included in a postnuptial agreement with the following language:

> If Marissa's earnings were to worsen in the future as a direct result of her disabilities, wherein Marissa's gross earnings were to decline below $4,000 per month then Kenton Girard would agree to subsidize her earnings to ensure Marissa received $4,000 per month, as long as Kenton and Marissa are married and residing together for more than seven days per month.

MG admits that the purpose of this language was to provide a measure of financial peace of mind for MG, without excessively burdening Kenton.

11.     MG admits that she and Kenton Girard executed their "Post-Nuptial Indemnification Agreement" on October 1 2021 containing the exact operative language excerpted *supra*.

## <u>DISPUTES ARISE OVER THE AGREEMENT</u>

12.     MG admits that she is pursuing relief for violations of various of *inter alia* her constitutional rights and her rights under the Americans with Disabilities Act. MG admits that these injuries devolved from Plaintiff Jane F. Girard serving her with a summons dated May 26 2023 – but no pleading – in this matter.

13.     MG admits that she seeks redress for the constitutional and other torts under her Civil Rights Lawsuit. MG admits that she was pro se hereunder most of the time. However, she is currently represented by the undersigned counsel. MG denies she feels competent to represent herself hereunder pro se, and indeed she points out that the undersigned counsel represents her.

14.     MG admits that she and Kenton Girard have differing views on the utility and

necessity of her retaining legal representation under the Civil Rights Lawsuits and under the instant proceedings and that such differences came to a head in April 2025.

15.     MG admits that her earnings have declined recently but denies that her disabilities are not the cause of her decreased earnings.

## COUNT I – LEGAL BILLINGS CLAUSE

16.     MG incorporates by reference her responses to the preceding paragraphs as if fully set forth herein.

17.     MG admits that the claims under the Civil Rights Lawsuit have not yet been fully adjudicated to the entry of judgment, but denies that complete adjudication is a necessary predicate to establish coverage under the Legal Billings Clause. MG further denies that it is premature for Kenton Girard to commence paying for her reasonable and necessary legal expenses under all matters devolving from her interactions with Jane F. Girard.

18.     MG denies that her hiring of attorneys under the various matters devolving from her interactions with Jane F. Girard is not reasonable and necessary.

## COUNT II – EARNINGS SUBSIDIZATION CLAUSE

19.     MG incorporates by reference her responses to the preceding paragraphs as if fully set forth herein.

20.     MG denies that the decline in her earnings is directly owing to the time she has spent on these proceedings.

21.     MG denies that her disabilities are not the proximate cause of decreased earnings.

## AFFIRMATIVE DEFENSES

**I.**     Kenton Girard fails to state a cause of action for Count I.

**II.**     Kenton Girard fails to state a cause of action for Count II.

**III.**     Kenton Girard's claims are barred in whole or in part because Kenton Girard is estopped from asserting his claims.

**IV.**     Kenton Girard's claims are barred in whole or in part by the doctrine of laches.

**WHEREFORE,** MG demands that judgment be entered in her favor, and that she be awarded attorneys' fees and costs and such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Cross Claim Defendant/Counterclaim Plaintiff MARISSA GIRARD, sues Plaintiff/Counterclaim Defendant, JANE F. GIRARD, and Third Party Defendants JOHN M. D'ARCO ESQ, ENRICO J. MIRABELLI ESQ and MATTHEW D. ELSTER ESQ, and hereby allege as follows:

## PARTIES

1.     This is a civil action for declaratory relief and monetary damages[1].

2.     Counterclaim Plaintiff Marissa Girard is the current wife for ten years of Kenton Girard (the ex-husband of Jane F. Girard) and is a Hispanic/Latinx disabled person who has

---

[1] Counterclaim Plaintiff is filing these limited Counterclaims in an attempt to bring this matter before the Court and mitigate her damages, which are extraordinary, and continue to grow and accrue by the day. Such damages, well into the eight figures, are a direct result of the willful and intentional mis-joinder of Counterclaim Plaintiff **without a pleading**, which Jane F. Girard and her attorneys likely expected would result – due to Counterclaim Plaintiff's documented affliction with extreme PTSD – in Kenton Girard's quick acquiescence to their onerous settlement terms. These claims are specifically raised in addition to Counterclaim Plaintiff's already-filed counterclaims and third party claims against Jane F. Girard, Vanessa L. Hammer, Karen V. Paige Esq, Candace L. Meyers Esq, and Village of Glencoe Detective Ryan McEnerney which were filed with the clerk and duly accepted by the court on March 5 2025.

suffered from two separate ADA-recognized disabilities for many years, namely post-traumatic stress disorder ("PTSD") and interstitial cystitis, both of which conditions are highly susceptible to aggravation by environmental stress. She also runs a psychotherapy/counseling practice.

3.      Counterclaim Defendant Jane F. Girard is the person who incepted these post-decree proceedings on or around March 2022 wherein she sought the appointment of a Parenting Coordinator.

4.      TP Defendant John M. D'Arco Esq is the managing partner of Beermann LLP, and under this role is wholly responsible for all litigation strategy and decisions undertaken on behalf of Jane F. Girard in these proceedings. Pursuant to the August 12 2025 memorandum opinion of District Judge Rebecca Pallmeyer under *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois, Mr. D'Arco will be sitting for a re-filed Civil RICO lawsuit as soon as the plaintiffs in that matter – the minor children hereunder – attain majority in February 2026. **Exhibit A**.

5.      The decision by District Judge Pallmeyer to greenlight the Civil RICO lawsuit is *extremely significant*, because the pattern of racketeering relied upon in that federal lawsuit involves (a) systematic bribery of judicial officers in the Cook County Domestic Relations Division, and (b) pervasive and never-ending violations of the Hobbs Act as codified under 18 U.S.C. § 1951 wherein the modus operandi of Beermann LLP in its family court cases is to engage in criminal extortion of their adversaries. As illuminated in the pleading ruled upon by District Judge Pallmeyer, both bribery and extortion predicates have manifested in this case.

6.      Put differently, Mr. D'Arco and his confederates are alleged to have subverted these proceedings by bribery and extortion, and a federal judge (not just any judge – the chief judge of the Northern District of Illinois known for her anti-corruption victories attained over

decades in public service) has reviewed those pleadings for the better part of twelve months and decided, upon careful consideration, that the case against Mr. D'Arco and his confederates for Civil RICO warrants further litigation as soon as this custody proceeding terminates.

7.      To put it mildly, these proceedings taken as a whole do not carry the force of law. Quite the contrary, these proceedings constitute nothing short of a criminal conspiracy in which Mr. D'Arco has been puppeteering the actions and decisions undertaken by the judicial officers, all the while running up wanton and unreasonable legal fees and billings which have served no constructive purpose under the IMDMA or in furtherance of the best interests and well-being of the minor children, who are apparent victims of long-running sexual abuse by their biological mother Plaintiff Jane F. Girard.

8.      TP Defendant Enrico J. Mirabelli Esq is a senior partner of Beermann LLP who has been quarterbacking nearly all litigation decisions hereunder since the inception of these post-decree proceedings. Nearing age 70, Mr. Mirabelli has vast experience as a family court practitioner in Cook County. Mr. Mirabelli is also a defendant under the Civil RICO lawsuit, wherein the operative pleadings detail his essential and long-running role and responsibility in both the judicial bribery and extortion predicates, including overt acts manifesting in this very proceeding.

9.      TP Defendant Mirabelli is also actively defending against two other related federal lawsuits under (a) *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois in which he stands accused of a litany of violations relating to Counterclaim Plaintiff's mis-joinder in this custody case, as well as (b) *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action No. 1:25-cv-04551, N. Dist. Illinois in which he stands accused of causing significant harms to the minor children hereunder by sustaining this illegitimate custody case beyond

statutory time limits and with callous disregard for their plight given the history of the alleged sexual abuse by their biological mother (and Beermann LLP client) Jane F. Girard.

10.     TP Defendant Matthew D. Elster Esq is a senior partner of Beermann LLP who has been increasingly involved in quarterbacking nearly all litigation decisions hereunder – and personally drafting nearly all court orders and goading the judicial officers to make unlawful decisions including without jurisdiction – under these post-decree proceedings. What is particularly heinous about TP Defendant Elster is that, as an active member of the bar of SCOTUS and an experienced appellate lawyer in Illinois, he knows better than to engage in wrongful and illegal conduct.

11.     TP Defendant Elster is also actively defending against two other related federal lawsuits under (a) *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois in which he stands accused of a litany of violations relating to Counterclaim Plaintiff's mis-joinder in this custody case, as well as (b) *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action No. 1:25-cv-04551, N. Dist. Illinois in which he stands accused of causing significant harms to the minor children hereunder by sustaining this illegitimate custody case beyond statutory time limits and with callous disregard for their plight given the history of the alleged sexual abuse by their biological mother (and Beermann LLP client) Jane F. Girard.

## FACTUAL BACKGROUND

12.     Over a year after she initiated these post-decree proceedings, Counterclaim Defendant Jane F. Girard hatched a plan with her attorneys at Beermann LLP to join Counterclaim Plaintiff hereunder, knowingly without any legitimate reason to do so, and furthermore **without a pleading** in violation of 735 ILCS 5/2-201(a) and her constitutional rights to fair notice and due process. Indeed this defective joinder of Counterclaim Plaintiff was

calculated for maximum harassment and intimidation value and represents part of a long-running pattern under which Jane F. Girard has been seeking to exact her revenge on Counterclaim Plaintiff for marrying her ex-husband Kenton Girard.

13.　　To wit, since at least Summer 2021, Jane F. Girard had been ostentatiously and aggressively interfering in Cross Claim Plaintiff's marital relationship with Kenton Girard, such as by engaging in illegal eavesdropping and illegal electronic tracking (both of which causes of action are detailed in Cross Claim Plaintiff's previous counterclaims filed and approved by the court on March 5 2025), engaging in defamation against Counterclaim Plaintiff and her psychotherapy/counseling practice, which conduct has resulted in the documented worsening of her PTSD and interstitial cystitis conditions, including without limitation symptoms of decreased locomotive capability, aphasia and acute short term memory loss. Cross Claim Plaintiff has been receiving regular and significant medical attention since such time to manage her conditions.

14.　　Not only was Jane F. Girard intimately aware of Counterclaim Plaintiff's long-running medical disabilities, but upon information and belief, she believed joining Counterclaim Plaintiff under these proceedings would specifically cause great anxiety for Marissa Girard and by implication exert control over Kenton Girard. On or around June 2023, Counterclaim Plaintiff received a summons hereunder and a "Motion to Add Third Party". Notably, that motion paper did not include Counterclaim vPlaintiff in its caption, and neither did that motion paper constitute a pleading.

15.　　Ever since such time, Counterclaim Plaintiff has been vocally trashing the legitimacy of sustaining her role in these proceedings – under which she has been on the receiving end of more than twenty (20) motions from Beermann LLP seeking her fining or jailing. During the past approximately thirty (30) months in which Counterclaim Plaintiff has

been illegitimately forced to participate in these proceedings, her psychotherapy and counseling practice revenues have dwindled almost to zero. Numerous requests have been made to Beermann LLP and to the court to release her from these proceedings, all to no avail. Quite the contrary, TP Defendants Mirabelli and Elster have at all times insisted in court papers and filings and open court pronouncements that Counterclaim Plaintiff is an "indispensable party" to these proceedings.

16.     Indeed, in open court on February 14 2025, attorneys Mirabelli and Elster characterized their "case in chief" in this matter as a criminal proceeding against Counterclaim Plaintiff and Kenton Girard. In case of any doubt, the recent Trial Order signed by Hon. William Yu and dated *nunc pro tunc* as of October 7 2025[2] includes a request for the court to impose custodial sentences for criminal contempt against Counterclaim Plaintiff and Kenton Girard.

17.     As is explored under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, pending before District Judge Andrea Wood, the attempts to try Counterclaim Plaintiff criminally in Hon. William Yu's Calendar 89 family court – without a jury, prosecutor, bill of charges, etc - constitute an egregious violation of Counterclaim Plaintiff's Sixth Amendment rights.

18.     TP Defendants D'Arco, Mirabelli and Elster have been repeatedly reminded – through the raising of multiple federal pleadings and heavy motion practice in federal court

---

[2] As has become thematic in this matter, dark storm clouds of illegitimacy raise questions about the legal force and effect of virtually every court order propounded in this matter. The Trial Order recently signed by Hon. William Yu was questionably executed on October 20 2025 and entered into the docket impermissibly without a Cook County e-filing stamp, thereby making appellate review of the date of filing of that order impossible. The extremely unusual delay of 17 days between the October 3 2025 court date in which Hon. William Yu pronounced the rulings comprising the Trial Order and the obtaining of his signature thereunder constitutes yet another unacceptable irregularity in these proceedings. Indeed, Hon. William Yu is not even attempting to make these proceedings appear to be unbiased and fair. He is actively defending two separate federal lawsuits filed by Counterclaim Plaintiff, Kenton Girard and the minor children – and yet he insists on presiding over these proceedings in ostentatious violation of Judicial Canon 2.11. His first act on resuming his supervisory role hereunder was to sanction Counterclaim Plaintiff for filing a motion for substitution of judge as of right – clearly using his judicial power to retaliate.

spanning three separate federal lawsuits as previously noted – that the sustaining of the instant proceedings against Counterclaim Plaintiff is calculated to cause maximum harassment and anxiety, constitutes abuse of process and violations of the Hobbs Act, and serves no lawful purpose and is not reasonably based in law or fact.

19.     Beyond all of the procedural defects already expounded, Counterclaim Plaintiff is neither a biological parent nor a party to any joint parenting agreement involving the minor children hereunder. It is beyond unreasonable to join her under these proceedings: indeed it is minimally tortious and sanctionable under Illinois Supreme Court Rule 137.

20.     As a direct result of her sustained and illegitimate joinder under these proceedings, Counterclaim Plaintiff has experienced significant anxiety, distress, depression episodes and worsening of her conditions under PTSD and interstitial cystitis necessitating escalated medical treatment which remains ongoing. Additionally, the revenues from Counterclaim Plaintiff's psychotherapy/counseling practice have dried up to nearly zero.

## COUNT I – VIOLATION OF RULE 137

21.     Counterclaim Plaintiff incorporates the statements and allegations contained in the previous paragraphs as if fully set forth herein.

22.     Rule 137 is designed "to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law." *Williams Montgomery & John Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶41. Considering that Counterclaim Plaintiff is neither a parent nor the holder of parental rights, and given the extraordinary fact that she has not been actioned with a pleading hereunder, there is no question that her joinder and the sustaining of her participation hereunder is calculated for harassment and intimidation purposes only.

23.     Counterclaim Defendant Jane F. Girard and her attorneys TP Defendants D'Arco, Mirabelli and Elster are therefore liable for violating Illinois Supreme Court Rule 137 for propounding myriad filings, from the point of Counter Claim Plaintiff's wrongful joinder forward – including *inter alia* at least twenty motions seeking her fining or jailing.

24.     As a proximate result of these ongoing violations of Rule 137, Counterclaim Plaintiff has incurred significant economic and non-economic damages.

## COUNT II - CIVIL CONSPIRACY

25.     Counterclaim Plaintiff incorporates the statements and allegations contained in the previous paragraphs as if fully set forth herein.

26.     By manufacturing her unlawful joinder in May 2023 and sustaining her participation hereunder since such point in time over extremely loud protests and multiple federal lawsuits seeking redress for those abuses of process, Counterclaim Defendant Jane F. Girard and TP Defendants D'Arco, Mirabelli and Elster are responsible for committing the overt acts of (a) violating Supreme Court Rule 137, (b) violating Counterclaim Defendant's constitutional rights to fair notice and due process, (c) engaging in extortion calculated against Counterclaim Plaintiff and Kenton Girard, and (d) violating the Hobbs Act as codified under 18 U.S.C. § 1951.

27.     It is without question that the joinder and sustaining of Crossclaim Defendant's required participation was willful, intentional, and constituted concerted action and pursuant to a nefarious illicit plan by Jane F. Girard and her attorneys at Beermann LLP named hereunder as defendants to cause maximum harassment and intimidation to Counterclaim Plaintiff, likely as a means of forcing Kenton Girard to acquiesce to onerous settlement terms. Indeed, Beermann LLP is accused under *Girard v. Village of Glencoe et al.*, 1:24-cv-06882, N. Dist. Illinois of

applying the "Beermann Playbook" to all of its family court cases in which it engages in extrajudicial tactics and extortion against its counter parties.

28.     As a proximate result of this civil conspiracy, Counterclaim Plaintiff has experienced economic and non-economic harms, including the near cancellation of all of her psychotherapy/counseling revenues and significantly increased needs for medical treatment to manage significant worsening of symptoms under her PTSD and interstitial cystitis.


**WHEREFORE**, Counterclaim Plaintiff MARISSA GIRARD respectfully requests that this Court advance this cause on the Court's calendar, and enter judgment in her favor and against Defendants Jane F. Girard, John M. D'Arco, Enrico J. Mirabelli and Matthew D. Elster and award all other relief that it deems appropriate.


**DATED:** October 28 2025                    Respectfully submitted,


                                              MARISSA GIRARD

                                    By:     */s/ Toma Makedonski, Esq.*
                                              1271 Old Mill Ct
                                              Naperville, IL 60564
                                              legaltma@gmail.com
                                              Tel: 773-727-5491
                                              Attorney No. 37672

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 28th day of October 2025 by email to the attorneys who have entered their appearances hereunder.

*/s/ Toma Makedonski*

## JURY DEMAND

Crossclaim Defendant/Counterclaim Plaintiff Marissa Girard hereby demands a trial by jury on all issues of fact stated herein.

*/s/ Toma Makedonski*
October 28, 2025

NO. _____

IN THE
SUPREME COURT OF THE UNITED STATES

MARISSA GIRARD,

*Petitioner,*

v.

JANE GIRARD, KENTON GIRARD, VANESSA L.
HAMMER, ESQ., KAREN V. PAIGE, ESQ.,
CANDACE L. MEYERS, ESQ., and
DETECTIVE RYAN MCENERNEY,

*Respondents.*



on for a Writ of Certiorari
ed States Court of Appeals
the Seventh Circuit

R A WRIT OF CERTIORARI

d
Drive
____022
marissadakis@gmail.com
Tel: (773) 425-4393
*Petitioner, In Pro Se*

NO. _____

**IN THE**
**SUPREME COURT OF THE UNITED STATES**

MARISSA GIRARD,

*Petitioner*,

v.

JANE GIRARD, KENTON GIRARD, VANESSA L.
HAMMER, ESQ., KAREN V. PAIGE, ESQ.,
CANDACE L. MEYERS, ESQ., and
DETECTIVE RYAN MCENERNEY,

*Respondents*.

───────────

On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Seventh Circuit

───────────

**PETITION FOR A WRIT OF CERTIORARI**

───────────

Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
Tel: (773) 425-4393
*Petitioner, In Pro Se*

i

## QUESTION PRESENTED

In the Civil Rights Act of 1964, Congress codified an exception under 28 U.S.C. §1447(d) allowing appellate review for cases "removed pursuant to" 28 U.S.C. §1443, which codification guarantees the availability of a federal forum for certain civil rights claims. See §901, 78 Stat. 266.

Some courts of appeals have interpreted Section 1443(1) to require exercise of the civil right at issue to avail of protection under a federal statute with an anti-prosecution provision; other courts of appeals have required that the federal statute merely proscribe coercion or intimidation of any person in the exercise of the civil right. Others yet have required that the state law at issue be facially unconstitutional. Even this Court has conveyed mixed messages about the sufficiency of the state law violating constitutionality as applied.

The question presented is the following:

**Whether a defendant may remove a state court proceeding to federal court under 28 U.S.C. § 1443(1) when the state action itself violates constitutional rights or federal law.**

ii

## PARTIES TO THE PROCEEDING

The parties to the proceeding in the court of appeals are:

1.     Petitioner (Defendant-Appellant below): Marissa Girard.

2.     Respondents: Jane Girard (Plaintiff-Appellee below), Kenton Girard (Defendant-Appellee below), Vanessa L. Hammer Esq. (TP Defendant-Appellee below), Karen V. Paige Esq. (TP Defendant-Appellee below), Candace L. Meyers Esq (TP Defendant-Appellee below) and Detective Ryan McEnerney (TP Defendant-Appellee below).

iii

## RELATED PROCEEDINGS

This case arises out of the following proceedings:

*IRMO Girard*,
    Case No. 2015-D-009633, Cook County Illinois
*Jane Girard v. Marissa Girard et al.*,
    Civil Action No. 1:25-cv-04586, N. Dist.
    Illinois
*Jane Girard v. Marissa Girard et al.*,
    No. 25-1854, U.S. Court of Appeals for the
    Seventh Circuit
    (judgment entered July 21 2025 and panel
    rehearing denied on August 7 2025)

The related proceedings within the meaning of this Court's Rule 14.1(b)(iii) are listed below:

*IRMO Girard*,
    Case Nos. 1-23-1361, 1-23-1372; 2023 IL App
    (1st)
    (judgment entered December 26, 2023)
*Marissa Girard v. Rossana P. Fernandez et al.*,
    Civil Action No. 1:25-cv-00136, N. Dist.
    Illinois
*Minor Child Gw et al. v. Jane Girard*,
    Case No. 2024-L-012053, Cook County Illinois
*Kenton Girard v. Village of Glencoe et al.*,
    Civil Action No. 1:24-cv-06882, N. Dist.
    Illinois
    (judgment entered August 12 2025)
*Minor Child Gw et al. v. Regina Scannicchio et al.*,
    Civil Action No. 1:25-cv-04551, N. Dist.
    Illinois

iv

# TABLE OF CONTENTS

**Page**

QUESTION PRESENTED..................................................i

PARTIES TO THE PROCEEDING.....................................ii

RELATED PROCEEDINGS............................................iii

TABLE OF APPENDICES...............................................vi

TABLE OF AUTHORITIES............................................vii

INTRODUCTION...........................................................1

OPINIONS BELOW.........................................................1

JURISDICTION..............................................................1

STATUTORY PROVISIONS INVOLVED............................1

STATEMENT..................................................................3

    A. Background...........................................................3

    B. Relevant Factual and Procedural
       History................................................................5

REASONS FOR GRANTING THE PETITION...................6

I.  *Rachel* and *Peacock* are in direct conflict
    regarding §1443(1)..................................................6

    A. The unconstitutionality standard is
       disparately applied..............................................6

    B. The Court's balancing assessment of federally
       protected civil right versus state action is
       inconsistent.........................................................7

II.  The courts of appeals are divided................................9

III. Adherence to stare decisis is not
    appropriate here.....................................................10

    A. A constitutional blunder demands corrective

v

action..............................................................10

B. A robust avenue to appealability
was intended............................................. 13

IV. The question is important and this case is
amenable to review by the Court.............................15

A. Under the status quo, federal civil rights laws
have no teeth............................................ 15

B. Whether the state action itself violates
constitutional rights or federal law is the
correct hurdle............................................ 16

C. The machinery of the federal removal statute
affects many............................................ 16

D. Petitioner faces irreparable harm if the Court
does not take action..................................17

E. The domestic relations exception is not at
play here................................................ 18

F. This case presents an ideal vehicle.......................19

CONCLUSION....................................................20

vi

# TABLE OF APPENDICES

Page

Appendix A - Denial of Request for Panel Rehearing by
U.S. Court of Appeals for the 7th Circuit,
August 7 2025............................................................1a

Appendix B - Opinion of the U.S. Court of Appeals for
the 7th Circuit,
July 21 2025.............................................................2a

Appendix C - Denial of Reconsider as to Remand Order
by U.S. District Court for the Northern District of
Illinois,
May 15 2025............................................................4a

Appendix D - Remand Order of U.S. District Court for
the Northern District of Illinois,
May 6 2025.............................................................5a

Appendix E - Award of Sanctions Under Rule 38 by U.S.
Court of Appeals for the 7th Circuit,
November 25 2025....................................................7a

vii

# TABLE OF AUTHORITIES

**Case Law**                                              **Page**

*Agostini v. Felton,*
    521 U.S. 203 (1997)..........................................12

*Austin v. Michigan Chamber of Commerce,*
    494 U.S. 652 (1990)..........................................12

*Beck v. United States,*
    607 U.S. ____ (2025)........................................10

*Brown v. Board of Education of Topeka,*
    347 U.S. 483 (1954)..........................................10

*Citizens United v. FEC,*
    558 U.S. 310 (2010)..........................................12

*City of Greenwood v. Peacock,*
    384 U.S. 808 (1966)................6, 7, 8, 11, 13, 15

*Dobbs v. Jackson,*
    597 U.S. ____ (2022)........................................12

*Fenton v. Dudley,*
    761 F.3d 770 (7th Cir.2014)........................9, 15

*Gamble v. United States,*
    587 U.S. 678 (2019)..........................................11

*Georgia v. Rachel,*
    384 U.S. 780 (1965)................6, 7, 8, 11, 13, 15

*Hamm v. City of Rock Hill,*
    379 U.S. 306 (1964)..........................................14

*Home Depot USA Inc. v. Jackson,*
    587 U.S. 435 (2019)..........................................17

*Kesler v. Department of Safety,*
    369 U.S. 153 (1962)..........................................14

*McConnell v. Federal Election Commission,*
    540 U.S. 93 (2003)............................................12

*Montejo v. Louisiana,*
    556 U.S. 778 (2009)..........................................13

viii

**Case Law – continued:**                          **Page**

*Payne v. Tennessee,*
      501 U.S. 808 (1991)...........................................12

*Plessy v. Ferguson,*
      163 U.S. 537 (1896)...........................................10

*Strauder v. West Virginia,*
      100 U.S. 303 (1880)............................................6

*Vega v. Hempstead Union Free School District,*
      801 F.3d 72 (2d Cir. 2015)................................16


**Statutes**

Americans with Disabilities Act....................................3

Civil Rights Act of 1866.............................................7

Civil Rights Act of 1957.............................................8

Civil Rights Act of 1964........................................i, 13

Fed. Courts Jurisdiction and Venue
Clarification Act of 2011...........................................17

Illinois Judicial Canon 2.11........................................18

Illinois Supreme Court Rule 137..............................18

Illinois Supreme Court Rule 922................................4

28 U.S.C. §1443...........................i, 2, 5, 6, 7, 9, 14, 19

28 U.S.C. §1446(b)....................................................17

28 U.S.C. §1447......................................................i, 1

42 U.S.C. §1983...............................................3, 15, 16

735 ILCS 5/2-1001(a)(3)...........................................18


**Other Authorities**

Commentaries on the Laws of England,
      Blackstone (1765)............................................11

*Enbridge Energy LP et al. v. Attorney General of*
      *Michigan,* Case No. 24-783,
      petition for certiorari......................................17

ix

**Other Authorities – continued:**      **Page**
Speech given by J. Thomas on September 25 2025,
        Catholic University of America
        Columbus School of Law
        Washington, D.C.............................................10
Supremacy Clause (Article VI, Paragraph 2
        of United States Constitution)...................9, 14

1

# INTRODUCTION

Marissa Girard, in pro se, respectfully petitions for a writ of certiorari to review the judgment of the United States Court of Appeals for the Seventh Circuit in this case.

# OPINIONS BELOW

The opinion of the court of appeals (App., *infra*, 1a-2a, 5a) is not yet reported. The opinion of the district court (App., *infra*, 3a-4a) is not yet reported.

Incidentally, the court of appeals barely a week ago issued a Rule 38 sanction (App., *infra*, 7a-12a) against Petitioner wherein Petitioner's appeal of the district court remand decision was deemed frivolous.

# JURISDICTION

The judgment of the court of appeals was entered on July 21 2025, wherein panel rehearing was denied on August 7 2025. On August 28 2025, J. Barrett approved Petitioner's application for an extension of time within which to file her petition for certiorari to December 5 2025. The jurisdiction of this Court is invoked under 28 U.S.C. 1254(1).

# STATUTORY PROVISIONS INVOLVED

Section 1447(d) of Title 28 of the United States Code provides:

2

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Section 1443 of Title 28 of the United States Code sets forth circumstances under which removal to federal court is permitted:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

3

## STATEMENT

### A.   Background

The history under this matter devolves from violations of federal laws and civil rights by state officials in Cook County, Illinois, against the Petitioner (who is Hispanic/Latinx and suffers from two qualifying disabilities recognized under the Americans with Disabilities Act[1]) via the medium of her forced participation under custody proceedings under *IRMO Girard*, Cook County Case No. 2015-D-009633. The violations were so severe that Petitioner filed a 42 U.S.C. §1983 civil rights lawsuit (*Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois) against various Cook County judges, Cook County personnel and private attorneys for the abuses[2] perpetrated against her.

---

[1] The Americans with Disabilities Act (ADA) is codified under 42 U.S.C. §12101 *et seq.* Petitioner suffers from PTSD and interstitial cystitis, both of which articulate incapacitating symptoms including without limitation aphasia, decreased locomotive capabilities and acute short-term memory loss.

[2] To provide some perspective about the incorrigible nature of the abuses, after Petitioner filed her Section 1983 lawsuit the defending state actors ramped up their attacks on Petitioner. For example, disability coordinators conducted multiple purported reviews of her needs for accommodation, and multiple times would conclude telling Petitioner – who is physically disabled – that she had to physically appear in court dates because of the "importance" of the proceedings. As another example, Cook County Judge Robert W. Johnson disqualified her legal counsel and gave her only three (3) days to secure new representation. In a final illustrative example, Cook County Judge William Yu struck her third party claims against Respondents, relating to violations of electronic tracking and eavesdropping laws by Jane Girard, even though those claims were timely filed.

4

Petitioner's suit seeks redress from *inter alia* violations of her civil rights wherein she has suffered discrimination on the basis of her race and her disabilities, corrupt state actors have serially caused numerous violations of her First Amendment and Sixth Amendment rights, she has been forced to participate in the custody proceedings under *IRMO Girard* wherein the latest trial order posits she will be criminally tried on January 6-8 2026 – in a family court no less – for charges which have not yet been reduced to writing, and those same state actors have sustained her involvement in a seemingly never-ending, ADA offending, Equal Protection disregarding and statute-violating[3] custody proceeding incepted by Petitioner's husband's ex-wife Jane F. Girard and puppeteered by Jane's attorneys at Beermann LLP.

In particular, Petitioner's allegations of judicial corruption are not speculative. In related federal litigation District Judge Pallmeyer found that the plaintiffs "have raised a credible concern

---

[3] Under Illinois Supreme Court Rule 922, custody proceedings are limited to 18 months in duration, unless there is a finding of good cause for an extension – which has been neither requested nor implemented. The custody proceedings in question are now entering month 45 and the children attain majority age in February 2026. Multiple motions filed by Petitioner under *IRMO Girard* (a) to terminate the proceedings under Rule 922, and (b) to stay the proceedings to locate missing judicial transfer orders from January 2025 – without which the judicial authority of Judge William Yu is uncertain – have been flatly ignored by Judge William Yu, whose refusal to disqualify himself borders on the absurd: he is the starring defendant in Petitioner's civil rights lawsuit and also defending a separate federal lawsuit filed by the minor children at issue under *IRMO Girard.*

5

that the state court proceedings [under *IRMO Girard*] have been corrupted by bribery." *Kenton Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882 (N.D. Illinois; judgment entered August 12, 2025). Despite this finding by a federal court, the state court defendants - including judges accused of accepting bribes - continue to preside over proceedings against Petitioner. The Seventh Circuit's decision effectively forecloses any meaningful federal review of these proceedings, leaving Petitioner trapped in a system that a federal judge has already found credibly corrupt.

Under the present proceedings under *IRMO Girard*, notably, Petitioner's joinder has been implemented solely for the purposes of harassment: Petitioner possesses neither a biological connection to nor parental relationship with the minor children at issue under that matter.

## B.  Relevant Factual and Procedural History

Against this backdrop, Petitioner was served with a pleading under *IRMO Girard* in April 2025 which raised federal questions, and she removed the case to the Northern District of Illinois. Among the bases for removal was 28 USC §1443(1).

Respondent Jane Girard filed a motion for remand instanter in the district court, raising the domestic relations exception to federal jurisdiction. Petitioner opposed that motion stating that federal civil rights questions had been raised which trumped the domestic relations exception. The district judge remanded on May 6 2025 opining there were "no

6

federal questions" even though federal questions facially appeared in the pleading. On parallel requests to vacate the remand order and to impose sanctions against Petitioner, the district judge declined both requests on May 15 2025.

On appeal of the remand order, finding that Petitioner did not raise a state law prohibiting her from enforcing her civil rights, the Seventh Circuit declined to undertake a review of the remand order (denial ruling on remand on July 21 2025 and denial ruling on request for panel rehearing on August 7 2025) and sanctioned her under Rule 38 to boot (sanction ruling on November 25 2025; see App., *infra*, 7a-12a).

## REASONS FOR GRANTING THE PETITION

I.     *Rachel* and *Peacock* are in direct conflict regarding §1443(1).

A.     **The unconstitutionality standard is disparately applied.**

This case presents the need to revisit the contours of this Court's reasoning under *Georgia v. Rachel*, 384 U.S. 780 (1966) and *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), for which both opinions were authored in the same term by J. Stewart. Specifically, the guidance memorialized on how to satisfy the civil rights removal statute codified under 28 USC §1443(1) is directly conflicting between the two decisions.

Prior to *Rachel* and *Peacock*, a line of cases starting with *Strauder v. West Virginia*, 100 U.S. 303

7

(1880) adduced the so-called *Rives-Powers* doctrine (as it is labelled in *Peacock*) which interpreted removability of a civil rights case under the Civil Rights Act of 1866 — the progenitor of 28 USC §1443(1) — as requiring a facially unconstitutional statute. The *Rives-Powers* doctrine duly informed J. Stewart's reasoning in *Rachel*, wherein he determined that the facial unconstitutionality requirement was too restrictive: instead, unconstitutionality of a statute as applied to the party seeking relief was more appropriate.

Paradoxically, however, when J. Stewart turned to *Peacock*, the absence of a facially unconstitutional statute militated against removal. Further perplexing, J. Stewart ruled under *Rachel* that the defendant is entitled to an evidentiary hearing to be held as to whether there has been a denial of his equal civil rights. By contrast, J. Stewart does not speak to such an entitlement under *Peacock*.

**B. The Court's balancing assessment of federally protected civil right versus state action is inconsistent.**

The difference of approach is confounding wherein the global fact patterns of *Rachel* and *Peacock* are congruent. To wit, *Rachel* addresses defendants remaining in a public place of business after management told them to leave, which conveys two concurrent plot lines: (a) the action is a demonstration of a civil right, (b) the action constitutes one or more petty criminal offenses e.g. trespass. Similarly, *Peacock* addresses defendants

8

openly assisting others to register to vote, which also conveys two parallel plot lines: (i) the action is a demonstration of a civil right, (ii) the action constitutes one or more petty criminal offenses e.g. disorderly conduct.

The gravamen of both cases is enforcement of a state law, which is deemed unconstitutional *as applied* to the concerned defendant(s). Strangely, J. Stewart identifies and extols the federal statute protecting the civil right under *Rachel,* but conveys a pretense that he is unaware of any authority protecting voting under *Peacock.* At a minimum the Equal Protection Clause does not permit targeting persons assisting voter registrations for prosecution because of the color of their skin. Additionally, the Civil Rights Act of 1957 at §1971(b), makes it unlawful to "intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote." Certainly interfering with the voter registration process constitutes interference with the right to vote. Such a treatment is not only unreasonable but dangerous, as here, wherein a grand conflict for the ages results from his inconsistent analysis under the two cases. The existence of a constitutional or federal authority to protect the activity which gave rise to the state action – whether or not it includes an immunity clause – should be enough to infer that a trial, put on by the same state which has already been demonstrated to abrogate federal law, is likely to be unfair.

9

## II.     The courts of appeals are divided.

The second, fifth and seventh circuits have different worldviews about the scope of removability governed by §1443(1). To wit, the Second Circuit under *Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671 (1982) requires a federal statute with explicit anti-prosecution language to pass muster. On the other hand, the Fifth Circuit only requires "intimidate, threaten, or coerce" type of language in the federal statute at issue. *Whatley v. City of Vidalia*, 399 F.2d 521 (1968).

The Seventh Circuit – which sanctioned Petitioner for seeking review of remand, citing to *Fenton v. Dudley*, 761 F.3d 770 (7th Cir. 2014) – seems to require a facially unconstitutional state law harkening back to the now repudiated and Supremacy Clause offending *Rives-Powers* doctrine.

The present case falls into this split - Petitioner is pursuing claims under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00139, N. Dist. Illinois for disregarding ADA accommodations, for violating her First Amendment Rights, for violating her Sixth Amendment rights, for violating her right to an impartial judge, and the list goes on, but the Seventh Circuit says that's not enough.

10

### III. Adherence to *stare decisis* is not appropriate here.

#### A. A constitutional blunder demands corrective action.

Given the aforedescribed material inconsistencies, it remains to evaluate whether adherence to *stare decisis* is appropriate here. As J. Thomas recently opined at an event at the Catholic University of America Columbus School of Law in Washington, D.C., on September 25 2025, "Precedent should be respectful of our legal tradition and our country and our laws, and be based on something, not just something somebody wrapped up and others went along with." J. Thomas further explained that blind adherence to *stare decisis* carries significant risks of ossifying bad law: e.g. *Plessy v. Ferguson* upheld segregation laws until it was properly overturned by *Brown v. Board of Education of Topeka*.

Indeed, these sentiments have been enshrined in a number of this Court's recent opinions. For example, under *Beck v. United States*, 607 U.S. ____ (2025), J. Thomas wrote in his dissent at p.5, n.1:

> Therefore, although I agree with JUSTICE SOTOMAYOR that *Feres* "is a difficult decision to justify," I respectfully disagree that "respect for the Court's rules of stare decisis" is a reason to deny the petition.

11

As another example, J. Thomas's concurrence under *Gamble v. United States*, 587 U.S. 678 (2019) at p. 2 further outlined the proper contours of application of *stare decisis*:

> In my view, the Court's typical formulation of the stare decisis standard does not comport with our judicial duty under Article III because it elevates demonstrably erroneous decisions—meaning decisions outside the realm of permissible interpretation—over the text of the Constitution.

Indeed, as this Court recognized in *Gamble*, '[w]hen a precedent's reasoning has been discredited, the Court has not hesitated to overrule it.' 587 U.S. at 689. *Peacock*'s reasoning contradicts *Rachel* on the same statutory provision, and it was decided in the same term by the same judge, creating an unworkable framework that the lower courts have struggled to apply for nearly 60 years.

Continuing, J. Thomas explores the roots of *stare decisis* in common law England, noting that pursuant to Commentaries on the Laws of England, Blackstone (1765) at p. 70:

> [J]udges should disregard precedent that articulates a rule incorrectly when necessary "to vindicate the old [rule] from misrepresentation" ... This view – that demonstrably erroneous "blunders" of prior courts should be corrected – was accepted by state courts throughout the

12

19th century.

Additional recent guidance can be found wherein J. Alito describes the contours of *stare decisis* jurisprudence, stating under the opinion of the court at p. 39 under *Dobbs v. Jackson*, 597 U.S. ____ (2022):

> We have long recognized, however, that stare decisis ... "is at its weakest when we interpret the Constitution," *Agostini v. Felton*, 521 U.S. 203, 235 (1997) ... But when it comes to the interpretation of the Constitution ... we place a high value on having the matter "settled right."

Under *Citizens United v. FEC*, 558 U.S. 310 (2010) the Court overruled the holdings relating to regulation of political speech enshrined under *Austin v. Michigan Chamber of Commerce*, 494 U.S. 652 (1990) *McConnell v. Federal Election Comm'n*, 540 U.S. 93 (2003). Delivering the Court's opinion, J. Kennedy reminds us of the traditional guideposts for *stare decisis*:

> "Beyond workability, the relevant factors in deciding whether to adhere to the principle of stare decisis include the antiquity of the precedent, the reliance interests[4] at stake, and of course whether

---

[4] Under the Court's ruling under *Payne v. Tennessee*, 501 U.S. 808, 828 (1991), reliance interests are important considerations in property and contract cases, where parties may have acted

13

the decision was well reasoned." *Montejo v. Louisiana*, 556 U.S. 778, 792– 793 (2009) (overruling *Michigan v. Jackson*, 475 U.S. 625 (1986)).

Pursuant to analysis of the traditional guideposts of *stare decisis*, the antiquity factor is muted with both decisions being released in 1966. The reliance interests are non-existent because the underlying litigation here concerns custody – devolving from *IRMO Girard*, Case No. 2015-D-09633, Cook County, Illinois – not property or contract. Most saliently, the *Rachel-Peacock* framework for delimiting the scope of removal under civil rights matters is incoherent and unworkable.

This case provides an opportunity to correct the blunder under *Rachel* and *Peacock* which has wrongfully constrained the scope of removable civil rights matters from before the ink was dry on the Civil Rights Act of 1964.

**B.      A robust avenue to appealability was intended.**

The dissent by J. Douglas under *Peacock* at 849, n. 13 offers evidence of legislative intent wherein the Civil Rights Act of 1964 was amended to allow appealability of a remand order:

As then-Senator Humphrey, floor manager of the Civil Rights Act of 1964,

---

in conformance with existing legal rules in order to conduct transactions.

14

put it: "[T]he real problem at present is not a statute which is on its face unconstitutional; it is the unconstitutional application of a statute." 110 Cong. Rec. 6551 (1964).

Similarly, J. Douglas at 850 references Cong. Globe 39th Cong., 1st Sess., 1759 to highlight that Senator Trumbull – who managed the bill on the floor – stated that the person experiencing discrimination "should have authority to go into the Federal courts in all cases where a custom prevails in a State, or where there is a state-law of the State discriminating against him."

Beyond legislative intent, the Supremacy Clause[6] invalidates the requirement of a facially unconstitutional state legislative enactment in order to predict an unfair outcome in the state court to activate the operation of 1443(1). To wit, there are many instances wherein a legal proceeding is brought (criminal or civil) wherein the articulated counts are not Constitution-offending on their face, but are indeed Constitution-offending as applied.

In such instances, the mere inception of such a legal proceeding portends a violation of the Supremacy Clause. Wherein the state has willingly defied the law of the United States by kicking off such a legal proceeding, it follows that an unfair outcome in state court is likely to follow.

---

[6] See *Hamm v. City of Rock Hill* for a version of this argument articulated in 1964, and which cites *Kesler v. Department of Safety*, 369 U.S. 153, 172 (1962) in support of the invocation of the Supremacy Clause.

15

**IV.    The question is important and this case is amenable to review by the Court.**

**A.    Under the status quo, federal civil rights laws have no teeth.**

One need not look further than the sanction imposed by the court of appeals hereunder, which cited to *Fenton v. Dudley*, 761 F.3d 770 (7th Cir. 2014) for the proposition that a state law must facially prevent enforcement of a civil right in order to pass muster. Immediately before the conclusion of the Court's opinion under *Fenton*, J. Flaum specifically laments "Absent clarification from the Supreme Court, we will need to do our best to read between the lines in *Rachel* and *Peacock* if the anti-retaliation/anti-prosecution issue is squarely presented in a future appeal."

The practical effect of the Seventh Circuit's interpretation is to immunize state retaliation against federal civil rights plaintiffs. Petitioner filed a federal civil rights lawsuit under 42 U.S.C. §1983 against state judges and judicial personnel. In response, those same judges and personnel escalated deprivations of her right in the state proceeding against her, denied her disability accommodations, scheduled a trial while she was medically incapacitated, and struck her timely third party claims. The Seventh Circuit sanction effectively punishes Petitioner for seeking redress in the federal courts. This creates a Catch-22: Petitioner cannot vindicate her federal rights in state court (because the state actors are retaliating), and she cannot remove to federal court (because the Seventh Circuit

16

requires a facially unconstitutional statute).

The question presented goes to the heart of whether federal civil rights laws provide a meaningful remedy or merely an illusory one. If state actors can retaliate against federal civil rights plaintiffs with impunity by manipulating state court proceedings, and if those plaintiffs have no avenue to federal court because their state lacks a facially unconstitutional statute, then the federal civil rights laws Congress enacted are effectively nullified.

**B.    Whether the state action itself violates constitutional rights or federal law is the correct hurdle.**

The retaliatory state action against Petitioner in Cook County for filing her Section 1983 lawsuit is itself actionable under Section 1983 according to the Second Circuit. *Vega v. Hempstead Union Free School District*, 801 F.3d 72 (2nd Cir. 2015) From Petitioner's perspective, the standard should simply be wherein the state action itself violates constitutional rights or federal law. Whether that is expressed by an immunity clause, an anti-prosecution clause or actionability is missing the forest for the trees and inconsistent with legislative intent.

**C.    The machinery of the federal removal statute affects many.**

From a more global perspective, this question is important as the federal removal statute is invoked in a large number of cases litigated in the

17

federal court system. In recent years, more than 30,000 civil cases are removed from state to federal court per year, and many of those cases involve more than one defendant. Comparing such a figure with the aggregate number of filings in the federal courts as published under the published findings under the Federal Judicial Caseload Statistics for 2024 reveals the number of cases affected by removal constitutes a significant percentage of filings.

The fact that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1446(b) and codified the "last served defendant rule" is indicative of the heavy load of cases which are affected under the removal statute. Furthermore, the Court has granted review to other matters directed at the mechanics of the federal removal statute. See for example *Enbridge Energy LP et al. v. Attorney General of Michigan*, No. 24-783 which has been docketed for review here. Similarly, (a) the opinion by J. Thomas under *Home Depot USA Inc. v. Jackson*, 587 U.S. 435 (2019), and (b) the opinion by J. Gorsuch under *BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. ___ (2021) reveal that the contours of federal removal jurisprudence are still being shaped.

### D. Petitioner faces irreparable harm if the Court does not take action.

Petitioner faces trial on January 6-8 2026 -- scheduled weeks before the minor children attain majority age and custody becomes moot – without a charging instrument, without Sixth Amendment protections, and while Petitioner is medically unable to participate due to ADA-qualifying disabilities.

18

The trial is to be presided over by Cook County Judge William Yu who is a defendant[6] (in his individual capacity) in Petitioner's federal civil rights lawsuit and a related lawsuit *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action No. 1:25-cv-04551, N. Dist. Illinois, challenging these very proceedings. Absent this Court's intervention, Petitioner will be subjected to a constitutionally deficient criminal proceeding while the legal question of whether she could properly remove such proceedings to federal court remains unresolved.

### E.    The domestic relations exception is not at play here.

The domestic relations exception does not bar review here. Petitioner does not seek custody determinations or domestic relations style relief, nor is her participation in *IRMO Girard* related to any such determinations. Instead, Petitioner challenges retaliation for filing a federal civil rights lawsuit, denial of ADA accommodations, and violation of her

---

[6] Multiple previous attempts to remove Cook County Judge William Yu for cause have failed, although the judicial officer who cleared him of wrongdoing on September 18 2025 – Judge Robert W. Johnson – was at the time judicially sidelined under 735 ILCS 5/2-1001(a)(3). As a result, Judge Yu has improperly returned to the bench and every action he now takes is wholly without jurisdiction. A more recent attempt to disqualify Judge Yu for violation of Illinois Judicial Canon 2.11, wherein he has an impermissible personal interest in the outcome of the state case against Petitioner, also failed wherein Judge Yu – newly returned to the bench – cynically pronounced in open court that he can be fair and impartial, announcing a sanction under Illinois Supreme Court Rule 137 against Petitioner for filing a paper attempting to remove him.

19

constitutional rights. These are quintessentially federal questions. Moreover, Petitioner is not a parent and has no custody rights at issue - she was improperly joined to the custody proceeding solely to harass her for marrying the father. The underlying federal questions of civil rights violations and ADA violations are separate from any custody dispute.

### F.   This case presents an ideal vehicle.

This case presents an ideal vehicle to resolve the question presented. The issue is cleanly presented, fully briefed, and dispositive. The factual record is complete. Unlike many §1443 cases, this case involves documented federal court findings of corruption, clear evidence of retaliation for federal civil rights litigation, and a defendant judge presiding over proceedings that form the basis of federal claims against him - presenting the Court with a stark example of why the current framework fails to protect federal civil rights.

Notably, the question recurs frequently - affecting tens of thousands of removal cases annually - making resolution important to the proper functioning of the federal courts.

20

## CONCLUSION

The Court should grant the petition.

**Dated: December 3, 2025**

Respectfully submitted,

<u>/s/ Marissa Girard</u>, in pro se
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
(773) 425-4393

## TABLE OF CONTENTS

Page

Appendix A:
Denial of Request for Panel Rehearing by U.S.
     Court of Appeals for the 7th Circuit
     (August 7, 2025)......................................................1a

Appendix B:
Opinion of the U.S. Court of Appeals for the
     7th Circuit (July 21, 2025)....................................2a

Appendix C:
Denial of Reconsider as to Remand Order by
     U.S. District Court for the Northern District
     of Illinois (May 15, 2025).......................................4a

Appendix D:
Remand Order of U.S. District Court for the
     Northern District of Illinois (May 6, 2025)..........5a

Appendix E:
Award of Sanctions Under Rule 38 by U.S.
     Court of Appeals for the 7th Circuit
     (November 25, 2025)..............................................7a

Appendix A

United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604
August 7, 2025
Before
DIANE S. SYKES, Chief Judge
DAVID F. HAMILTON, Circuit Judge
CANDACE JACKSON-AKIWUMI, Circuit Judge

No. 25-1854

| | |
|---|---|
| JANE F. GIRARD, Plaintiff-Appellee, and KENTON GIRARD, Defendant-Appellee, | Appeal from the United States District Court for the Northern District of Illinois,Eastern Division. No. 25-cv-04586 Jeremy C. Daniel, Judge. |
| v. | |
| MARISSA GIRARD, Defendant-Appellant. | |

O R D E R

On consideration of the petition for rehearing, all members of the original panel voted to deny rehearing. It is therefore ordered that the petition for panel rehearing is DENIED.

1a

Appendix B

UNITED STATES COURT OF APPEALS FOR THE
SEVENTH CIRCUIT

Everett McKinley Dirksen                Office of the Clerk
United States Courthouse                Phone: (312) 435-5850
Room 2722-219 S. Dearborn               www.ca7.uscourts.gov
Chicago, Illinois 60604

ORDER

July 21, 2025

Before
DIANE S. SYKES, Chief Judge
DAVID F. HAMILTON, Circuit Judge
CANDACE JACKSON-AKIWUMI, Circuit Judge

No. 25-1854   JANE F. GIRARD,
              Plaintiff - Appellee
              And

              KENTON GIRARD,
              Defendant - Appellee
              v.
              MARISSA GIRARD,
              Defendant - Appellant

Originating Case Information:
District Court No: 1:25-cv-04586
Northern District of Illinois, Eastern Division
District Judge Jeremy C. Daniel

2a

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

This court has consistently reminded litigants that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is not reviewable on appeal, regardless of whether the decision is correct, except when the case was removed under 28 U.S.C. §§ 1442 or 1443. See 28 U.S.C. § 1447(d); e.g., The Northern League, Inc. v. Gidney, 558 F.3d 614, 614 (7th Cir. 2009); Phoenix Container, L.P. v. Sokoloff, 235 F.3d 352, 354–55 (7th Cir. 2000).

In the present case, appellant seeks to appeal the district court's order remanding this case to state court for lack of federal jurisdiction. 28 U.S.C. § 1447(c). Although appellant disputes this determination, this case was not removed under § 1442 or § 1443, so there is no basis to seek appellate review. Appellant's belated attempts to argue for removal under § 1443 are frivolous. Although appellant suggests the litigation against her implicates rights of racial equality, this theory cannot satisfy the second part of § 1443, which requires that she has been "denied or cannot enforce" that racial-equality right in state court because of a barrier imposed by some formal expression of state law, such as a statute. Fenton v. Dudley, 761 F.3d 770, 774–75 (7th Cir. 2014). Appellant has identified no such law; the mere assertion that general principles have been applied in a discriminatory manner does not satisfy § 1443. See City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966).

3a

Appendix C

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois –
Eastern Division

Jane F. Girard
      Plaintiff,

v.                    Case No.: 1:25–cv–04586
                    Honorable Jeremy C. Daniel

Marissa Girard, et al.
      Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 15, 2025:

      MINUTE entry before the Honorable Jeremy C. Daniel: Telephone motion hearing. For the reasons stated on the record, motions for attorneys fees [17] and to vacate remand order [20] are denied. Motion for immediate transmission of certified copy of remand order [18] is granted. The Clerk is directed to remand this case forthwith. This case remains closed. Mailed notice. (vcf, )

4a

Appendix D

UNITED STATES DISTRICT COURT FOR THE
Northern District of Illinois –
Eastern Division

Jane F. Girard
     Plaintiff,

v.                     Case No.: 1:25–cv–04586
                          Honorable Jeremy C. Daniel

Marissa Girard, et al.
     Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 6, 2025:

MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. Marissa Girard failed to appear. Marissa Girard removed this case to federal court on April 28, 2025. (R. 1.) In her notice of removal, she claims that an April 28, 2025, declaratory judgment pleading served on her by Kenton Girard raised a federal question. (R. 1 at 2.) She claims that a postnuptial indemnification agreement that grants her reasonable and necessary legal fees from Kenton Girard if Jane Girard violates Marissa Girard's rights under federal law. (Id.) She further claims that Kenton Girard has brought claims that raise federal questions. (R. 1 at 3.) At no point does she explain which rights have been violated under federal law or what federal questions Kenton Girard's claims implicate. Exhibit A to her notice of removal is a motion to join her as a third party in a custody dispute between Jane and Kenton Girard.

5a

According to Exhibit A, Jane and Kenton have divorced
and Kenton and Marissa married. According to Kenton
Girard's crossclaims, which she also attached to her
notice of removal, Kenton and Marissa are no longer
married. Kenton Girard's crossclaims address the
postnuptial indemnification agreement, which Marissa
seeks to enforce in connection with a pending federal
lawsuit. Nothing about those claims introduce a federal
question into this case, which centers on domestic
disputes related to custody and divorce agreements.
Therefore, this Court lacks subject matter jurisdiction.
Accordingly, this case is remanded to state court. Civil
case terminated. Mailed notice. (vcf, )

6a

Appendix E

In the United States Court of Appeals for the Seventh Circuit

No. 25-1854

JANE F. GIRARD,

                          Plaintiff-Appellee,
              and
KENTON GIRARD,

                          Defendant-Appellee,
              v.
MARISSA GIRARD,

                          Defendant-Appellant.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 1:25-cv-04586 — Jeremy C. Daniel, Judge.

DECIDED NOVEMBER 25, 2025

Before SYKES, HAMILTON, and JACKSON-AKIWUMI, Circuit Judges.

SYKES, Circuit Judge. A few years after their divorce, Jane and Kenton Girard became ensnared in acrimonious post-judgment proceedings concerning the custody of their two minor children. Kenton had remarried shortly after the divorce, and in 2023 the Illinois state court added his wife Marissa Girard as a party to the postjudgment litigation. Her joinder complicated the already protracted proceedings:

Kenton later cross-claimed against Marissa when they disagreed about his obligations under a "postnuptial agreement" that purported to require him

7a

to indemnify her for legal expenses and any reduction in her earnings incurred in connection with the custody dispute. Marissa responded by removing the entire case to federal court in the Northern District of Illinois. It had a short shelf life there: the district judge concluded that the case did not present a federal question, so he remanded it to state court for lack of jurisdiction. Marissa appealed, and we dismissed the case for lack of appellate jurisdiction.

Jane Girard now moves for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, arguing that Marissa's appeal was frivolous. Indeed it was (in more ways than one), so we grant the motion for sanctions.

According to the state-court records attached to the removal notice, Jane and Kenton Girard were divorced in November 2015 in an order issued by the Cook County Circuit Court. The divorce judgment resolved custody issues regarding their two minor daughters—at least initially.

Not long after the divorce, Kenton married Marissa Girard, and within a few years, he and Jane were back in court in a contentious custody dispute. Protracted postjudgment proceedings ensued. In 2023 Jane moved to add Marissa to the postjudgment proceedings as a third-party respondent, accusing her of attempting to poison the mother–daughter relationship. The judge granted the joinder motion.

In February 2025 the court set a trial date to resolve the ongoing custody issues. A few days before trial, Kenton cross-claimed against Marissa seeking a declaration that he had no obligations under a supposed "postnuptial indemnification agreement" that ostensibly required him to reimburse her for legal expenses and any reduction in her earnings if Jane's actions in the

8a

custody dispute "proximately cause[d]" a violation of her rights under the Constitution or federal law.

That same day Marissa removed the entire case to federal court. Jane promptly moved to remand it to state court, asserting that the case did not present a substantial federal question. She noted that the case was a state-law domestic-relations dispute and that Kenton's cross-claim concerned only the interpretation of the postnuptial agreement, an issue governed exclusively by state contract law. The district judge agreed and remanded the case to state court, explaining that Kenton's cross-claim "center[ed] on domestic disputes" related to the postnuptial agreement, so it did not confer federal-question jurisdiction.

Marissa appealed. Before briefing commenced, we issued an order requiring her to explain why her appeal should not be dismissed for lack of jurisdiction. We noted that remand orders are not appealable unless the case is removed under 28 U.S.C. § 1442, the federal-officer removal provision, or § 1443, the civil-rights removal provision. See 28 U.S.C. § 1447(d). In response Marissa argued—for the first time —that she had removed the case pursuant to § 1443 because she faced a "barrage" of motions against her in the state-court proceedings, which she claimed amounted to discrimination based on her race and disability.

We dismissed Marissa's appeal for lack of jurisdiction, explaining that her belated invocation of § 1443 was frivolous. She had not removed the case under § 1443, nor had she established—as the statute requires—that she had been denied or could not enforce a racial-equality right in state court because of a barrier imposed by some formal expression of state law, like a statute. See Fenton v. Dudley, 761 F.3d 770, 774–75 (7th Cir. 2014). Marissa moved for panel rehearing, and

9a

when that motion was denied, she obtained an extension of time to file a petition for a writ of certiorari in the Supreme Court.

Meanwhile, after we dismissed the appeal for lack of jurisdiction, Jane moved for sanctions against Marissa under Rule 38 of the Federal Rules of Appellate Procedure, which authorizes an award of "just damages and single or double costs" incurred in defending against a frivolous appeal. She seeks an award of $2,808.75 to cover her attorney's fees and costs on appeal. The motion is well justified and we grant it.

"An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." Upchurch v. O'Brien, 111 F.4th 805, 813 (7th Cir. 2024) (quotation marks omitted). Jane contends that Marissa's appeal satisfies this demanding standard. We agree. Although a decision to impose sanctions under Rule 38 is not one we make lightly, see Goyal v. Gas Tech. Inst., 732 F.3d 821, 823–24 (7th Cir. 2013), this appeal was doubly frivolous. Marissa's challenge to the judge's removal order was doomed to fail, and we unquestionably lacked appellate jurisdiction to hear it.

Taking those points in order, there was never any basis to remove this case to federal court in the first place. Because the parties—all citizens of Illinois—are not diverse, "the propriety of removal depend[ed] on the existence of a federal question." Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, 707 F.3d 883, 890 (7th Cir. 2013). But Kenton's cross-claim — the proffered basis for removal — is a state-law contract claim. See Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action."). And it is the "rare" state-law claim that gives rise to federal-question jurisdiction. Webb v. Fin. Indus. Regul.

10a

Auth., Inc., 889 F.3d 853, 860 (7th Cir. 2018). To do so, the claim must "necessarily raise[]" a "substantial" and "actually disputed" federal question. Gunn v. Minton, 568 U.S. 251, 258 (2013).

As the district judge correctly concluded, Kenton's cross- claim raises contract and domestic-relations issues — the stuff of which state law is quintessentially concerned. Wis. Cent. Ltd. v. TiEnergy, LLC, 894 F.3d 851, 854 (7th Cir. 2018); Allen v. Allen, 48 F.3d 259, 261 (7th Cir. 1995). Although the postnuptial agreement mentions federal law, the dispute remains one of state contract and domestic-relations law; it does not require the resolution of any federal question—much less a substantial one. See Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1105 (7th Cir. 1996). In short, the judge's decision to remand the case for lack of subject- jurisdiction was unassailable, so Marissa was "guaranteed to lose" on appeal. McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 791 (7th Cir. 2019).

On top of that, the order was not reviewable on appeal. As our dismissal order explained, we have "consistently reminded litigants" that remand orders are ordinarily not appealable. See, e.g., Phoenix Container, L.P. v. Sokolo , 235 F.3d 352, 354–55 (7th Cir. 2000). Section 1447(d) makes this crystal clear: an order remanding a case to state court is not appealable—regardless of whether the decision was correct— unless § 1442 or § 1443 supplied the basis for removal. N. League, Inc. v. Gidney, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam); see Mac Naughton v. Asher Ventures, LLC, 76 F.4th 539, 543 (7th Cir. 2023) ("We have held repeatedly that appellants risk Rule 38 sanctions when they litigate in the face of controlling authority that they pretend does not exist.").

11a

Marissa relied on neither provision when removing the case to federal district court. Although she cited § 1443 in response to our jurisdictional order as part of a last-ditch to justify her appeal, she failed to identify any state law that had denied or inhibited her ability to enforce federal racial-equality rights, as the statute requires. See Fenton, 761 F.3d at 773–74. Instead, she offered vague assertions about the discriminatory application of general principles— assertions do not come close to satisfying § 1443. Marissa's invocation of that provision was not just tardy and contrived; it was frivolous.

None of Marissa's arguments in response dissuades us from imposing sanctions. For starters, she argues that because the district judge declined to impose an award of fees under § 1447(c) for a frivolous removal, Jane's request for sanctions in this court necessitates a cross-appeal. Not so. Although the judge concluded that Marissa's improper removal did not warrant awarding Jane her costs and we retain authority to impose sanctions for Marissa's frivolous appeal. FED. R. APP. P. 38; Mac Naughton, 76 F.4th at 543–44. Further, while Marissa insists that she is proceeding in good faith, the record shows otherwise. After removing a case that clearly belonged in state court, Marissa prolonged the litigation by requiring Jane to defend a frivolous appeal. Upchurch, 111 F.4th at 814. Under these circumstances, Rule 38 sanctions are warranted.

Finally, the modest amount Jane seeks— fees and costs on appeal—is just and reasonable. We award her damages in the amount of $2,808.75.

It is so ORDERED.

12a

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Calendar 89 |
| | ) | |
| KENTON GIRARD and | ) | Case No. 2015-D-009633 |
| MARISSA GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |
| --- --- --- --- --- --- — | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Crossclaim Plaintiff/ | ) | **Claims of Marissa Girard** |
| Cross Counter Defendant, | ) | **Directed at Kenton Girard** |
| vs. | ) | |
| | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Crossclaim Defendant/ | ) | |
| Cross Counter Plaintiff. | ) | |

**CLAIMS OF MARISSA GIRARD DIRECTED AT KENTON GIRARD**

_____

**NOW COMES** Cross Counter Plaintiff MARISSA GIRARD, in pro se, and in support of her Claims against Cross Counter Defendant KENTON GIRARD, hereby states as follows:

**BACKGROUND STATEMENT**

1.     Under these amorphous, abusive and morally bankrupt "legal" proceedings, accused child sex abuser Jane Girard has improperly required Marissa Girard's forced participation for 28 months and counting – in which time she has been subjected to no fewer than 20 motions seeking her fining or jailing by Jane's attorneys at Beermann LLP – for no ascertainable reason other than harassment.

2.     This matter has seen never-ending statute violations – e.g. the 18 month

1

start-to-finish deadline for custody matters under Illinois Supreme Court Rule 922 has been smashed at 45 months and counting, Marissa Girard remains unactioned with a pleading in abject violation of 735 ILCS 5/2-201(a) and the minor children's rights to notice and participation are patently disregarded in a comical affront to the Illinois Crime Victims Bill of Rights.

3. These proceedings have further given rise to myriad constitutional torts – e.g. a criminal proceeding has been ordered in Judge William Yu's family court against Marissa Girard without a charging instrument or a jury of peers or a state prosecutor, and Judge William Yu is manifestly disqualified (by virtue of defending multiple pending federal lawsuits brought by the parties and the minor children) and incapable of impartiality, but stubbornly and desperately holds onto his role as presiding judicial officer (as he most certainly been ordered to do – irrespective of the facts and the law – by his boss Regina Scannicchio, who is also defending the same federal lawsuits pending against Judge William Yu).

4. These observations have been echoed loudly by United States District Judge Rebecca Pallmeyer, who has found **credible evidence of judicial bribery by Beermann LLP under these proceedings**, pursuant to her memorandum opinion dated August 12 2025 under *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois, in which she has invited the plaintiff in that matter (Kenton Girard) to move forward with his civil RICO case against the senior Beermann LLP attorneys who have been calling the shots in this matter (Enrico J. Mirabelli and John M. D'Arco, whose father was convicted of judicial bribery in the Northern District of Illinois in the 1990s). Furthermore, on December 5 2025, Marissa filed a **Petition for Writ of Certiorari** with SCOTUS, Case No. 25-707, challenging the Seventh Circuit's restrictive interpretation of 28 U.S.C. § 1443(1) civil rights removal jurisdiction. That petition argues that defendants may remove state court proceedings to federal court when the

state action itself violates constitutional rights or federal law—precisely the situation presented here, where state court judges are actively violating Marissa's constitutional rights, ADA rights, and engaging in retaliation for her federal civil rights lawsuit. The petition remains pending before the Supreme Court.

5.     According to a recent *nunc pro tunc* Trial Order[1] signed by the de facto disqualified[2] Judge William Yu – whose installation by Presiding Judge Regina Scanniccchio squarely depends upon ** **missing** ** judicial transfer orders between Calendars 1 and 51 dating from January 14 2025 and January 23 2025 which were nowhere reduced to writing much less filed on the docket – the trial syllabus includes without limitation the hearing of various custody-related motions[3] propounded by Jane Girard and her attorneys at Beermann LLP *and a criminal proceeding against Marissa Girard.*

6.     In case of any doubt about the manifest intent by Beermann LLP to transform this alleged custody matter[4] into a criminal trial wherein family court Judge William Yu plays criminal jurist, according to open court testimony memorialized by a court reporter on February

---

[1] Like virtually all other aspects of these proceedings, the legality of the court order is dubious. A court date was held on October 3 2025 with Judge William Yu and approximately *three weeks later* an order from that court date was produced and backdated to October 7 2025 and containing directives and decisions not discussed or entertained under the October 3 2025 court date.

[2] Under Illinois Judicial Canon 2.11, a judge may not preside when he has more than a de minimis personal interest in the outcome of the proceedings. Here, Judge Willam Yu is defending a federal lawsuit filed by Marissa Girard before District Judge Andrea Wood and another federal lawsuit filed by the concerned minor children hereunder currently pending before District Judge Sara Elis.

[3] Incredibly, the minor children at issue attain majority age in just over 30 days time. The misguided notion that custody related motions are not mooted at such late date is moreover confirmed by case law, which affords mature minors significantly greater say over their fate. Here, the minor children literally fled the home of their biological mother in August 2022 and have not spent a day with Jane Girard since. The minor children are pursuing a civil lawsuit against Jane in the Law Division for battery, sexual assault, IIED and other related causes of action under *Minor Child Gw v. Jane Girard*, Cook County Case No. 2024-L-012053. Plaintiff Jane Girard recently lost her motion to dismiss in that matter, pursuant to a written memorandum signed by Judge Kathy Flanagan dated December 30 2025.

[4] We say "alleged" because there are various motions propounded by Beermann LLP which seek various custodial changes of the inch-from-majority-age minor children, however unlike all other trials in the United States, there are no pleadings written, communicated or otherwise filed against Marissa Girard. As of the date of this filing, Marissa Girard neither knows what the purpose her participation relates to in this matter, nor does she have any clue about how to prepare her defenses thereunder.

14 2025, Beermann LLP Attorney Enrico J. Mirabelli stated very clearly and emphatically that the "mystery trial" would consist in a criminal contempt proceeding against Marissa Girard.

7.     All the while, Cross Counter Plaintiff Marissa Girard has been used and abused as a pawn of Beermann LLP to seek the capitulation of her husband Kenton Girard to payment of their extortionate demands for astronomical legal fees and billings. The history is made all the worse wherein Marissa is a disabled Hispanic/Latinx person who suffers from two ADA qualifying disabilities (PTSD and interstitial cystitis) which render (a) dealing with legal proceedings a serious affront to her physical health and well-being, (b) physically appearing in court an  impossibility for her, and (c) even Zoom participation in excess of 30 minutes threatens acute short term memory loss, aphasia and decreases locomotive capability.

8.     In spite of this, the so-called courtroom disability coordinators have weaponized reasonable accommodation under the ADA and the Cook County family court system has directed wave after wave  of intersectional discrimination against her both because of her racial identity and her disabilities. Most recently, Beermann LLP has commanded Marissa to appear physically in person for the three-day trial.

9.     Through it all, Marissa's husband Kenton Girard has always had a common law duty to look after the welfare and well-being of Marissa, however he has manifestly breached this duty wherein he has not reasonably availed of his position in the litigation to bring an end to Marissa's forced participation before the Cook County Domestic Relations Division.

## PARTIES

10.     Cross Counter Plaintiff Marissa Girard is the current wife of Kenton Girard. Marissa is a Hispanic/Latinx person and suffers from PTSD and interstitial cystitis, both of which are ADA qualifying disabilities.

4

11. Cross Counter Defendant Kenton Girard is the biological father of the minor children hereunder, namely Gwen Girard and Grace Girard, fraternal twins both who will attain majority age in just over 30 days hence.

## FEDERAL QUESTION JURISDICTION

12. This pleading raises substantial federal questions including:

> a. Violations of constitutional rights under color of state law (42 U.S.C. § 1983);
> b. Violations of Title II of the ADA (42 U.S.C. § 12131 *et seq.*);
> c. Declaratory relief regarding violations of constitutional torts;
> d. Declaratory relief regarding violations of the ADA;
> e. Injunctive relief regarding compliance with the ADA; and
> f. Civil rights deprivations actionable in federal court.

13. As stated in the **Consent to Federal Forum** at the end of this pleading, Marissa Girard freely consents to federal court jurisdiction over these claims and welcomes federal court oversight, supervision and adjudication hereunder.

14. As described hereunder, state court remedies have proven woefully inadequate, as evidenced by:

> a. Judge O'Connor's sanctions (vacated as void) for federal court access;
> b. Judge Yu's refusal to recuse despite his manifest disqualification;
> c. 28 months of proceedings without a pleading;
> d. Systematic denial of ADA accommodations; and
> e. Wildly unstructured criminal proceedings in affront to the Sixth Amendment.

**Marissa was joined - and forced to suffer for 28 months and counting - without a pleading.**

15. Literally dozens of filings in this litigation have addressed the lack of pleadings filed by the Plaintiff Jane F. Girard. Egregiously, Marissa Girard – who neither has parenting responsibilities nor any biological connection to the minor children Gwen and Grace – has been forced to endure more than twenty (20) inexplicable, harassing and abusive motions to hold her in contempt or to jail her filed by Beermann LLP on behalf of Plaintiff Jane Grard without ever having been actioned with a pleading at the time of her (deficient) joinder in plain violation of

statutory requirements and constitutional safeguards.

16.     Under 735 ILCS 5/2-201(a), "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." The recipe here in our state wherein a proceeding starts with the first step of filing a pleading has been universally adopted by the courts throughout our land. For example, in all District Courts, pursuant to Fed. R. Civ. Pr. 3, "A civil action is commenced by filing a complaint with the court."

17.     Such a requirement is particularly poignant with respect to Marissa, who was not a party to the Girard dissolution of marriage proceedings which commenced in 2015.

18.     To be specific on or around June 2023, Marissa became aware that a summons seeking to join her as a third party respondent was filed with the Cook County clerk on May 26 2023, and further such summons contained language "The Petitioner has filed a legal proceeding against you for one or more of the following: ["Other: Motion to Add Third Party"]. The referenced Motion to Join Third Party was filed with the clerk on March 8 2023. Some time later, after Marissa's erstwhile attorney entered an appearance on her behalf on or around June 2023, she started receiving the first of a series of motions penned by Respondent's attorneys at Beermann LLP seeking to find her in contempt and to fine or jail or otherwise sanction her.

19.     When Marissa's erstwhile attorney (Attorney Pfanenstiel) entered an appearance on Marissa's behalf under the Domestic Relations matter, the only paper which had been provided which was directed at her was the summons. The Motion to Join Third Party, as previously explained, specifically does not contain Marissa's name in the caption. Moreover, the Motion to Join Third Party – being a request transmitted to the court to allow Marissa's joinder – cannot possibly be construed as a pleading.

20.     Indeed in a lawsuit, formal writing can be divided into two categories: pleadings

and motions. A pleading demands that the other party do something, while a motion requests that the judge in the case do something. Given that the Motion to Join Third Party did not even include Marissa in the caption, and that it was obviously calculated to obtain court permission to proceed to file a pleading against Marissa (which did not actually come to pass), this set of circumstances is violative of Marissa's constitutional rights to due process and fair notice.

**The harassment has been going strong for 28 months.**

21.    For the last twenty-eight (28) months, Marissa Girard has been trying to discern why Beermann LLP repeatedly insists that her joinder in the domestic relations matter is essential and that she is an indispensable party. She has yet to receive notice of the claims which lie against her, or to adduce defenses thereto. Simply put, Marissa has not been impleaded under this matter. The action against her has not commenced, irrespective of the pile of vexatious motions for contempt and sanctions which followed her defective joinder.

22.    What is more is the Domestic Relations court is a court of equity, and the likelihood of equitable relief is rapidly eroding toward zero given that the minor children are nearly of majority age, are high-functioning and high-performing students and entrepreneurs filing their own lawsuits and legal papers. Indeed the minor children already run a multi-million dollar business and would likely be already emancipated to sign their own business contracts under Cook County Case No. 2024COMS000016 if Jane's attorneys at Beermann LLP did not engage in non-stop delay tactics in that matter (e.g. raising frivolous discovery disputes).

23.    Attorney Elster's attacks have taken on an unusual *ad hominem* tinge. In his opposition paper filed on February 12 2025 to Marissa's petition seeking removal of Judge William Yu pursuant to 735 ILCS 5/2-1001(a)(3), Attorney Elster writes at p. 1 that "[Marissa] refuse[s] to appear or participate in the proceedings when it does not suit [her]".

24.     In the same breath he defends having "properly noticed up several motions before [the Domestic Relations Court] on February 7, 2025 at 10:00 a.m., providing both Kenton and Marissa with proper and ample notice ... [per] her supposed doctor's orders" (emphasis supplied). In reality, a raft of notices of various motions to quash and to strike Marissa's claims were supplied to Marissa on February 6 2025, less than 24 hours prior to the hearing set for February 7 2025 by Judge Yu. Under Cook County rules, notices for presentment of motions must be tendered at least two court days prior to presentment.

25.     Moving on, Attorney Elster at p. 8 states "Marissa's lack of good faith is also impossible to ignore. She does not even attempt to satisfy the legal requirements for SOJ petitions but, instead, resorts to sensational accusations of corruption coupled with **unsubstantiated disability claims**." (emphasis added) Continuing at p. 10, Attorney Elster further writes "this Court need not—and should not—allow Marissa to further delay these proceedings through unscrupulous litigation tactics." In sum, Attorney Elster defames Marissa as not acting in good faith, as exercising improper litigation tactics, or advancing claims not grounded in fact. He does not even attempt to substantiate his character assassination of Marissa.

26.     Throughout the proceedings, moreover, Attorney Elster has "padded the record" by slanting prepared orders to the consistent and unearned advantage of his client Jane Girard. For example, on numerous occasions he has inserted language – blindly signed off by the seated judicial officer – to the effect that Marissa's papers are "frivolous" or "vexatious" or that Rule 137 Sanctions are awarded, when transcripts of the court dates demonstrate no such pronouncement by the judicial officer or requisite reasoned finding for imposition of sanctions.

27.     Along the same lines, Attorney Elster has shamelessly utilized his role as the preparer of court date orders to add or subtract agenda items serving his client's wishes. In one

recent egregious example, Marissa prepared a Rule 137 Motion against Attorney Elster, and Attorney Elster conveniently omitted consideration of that paper from the successive court date – over the stated and logged objections of Marissa over email. As always, the seated judicial officer signs whatever Attorney Elster puts forward – irrespective of the judicial record of the proceedings, the right to be heard, the right to a remedy and so forth.

**Judge William Yu continues to perpetuate fictitious jurisdiction.**

28. As alluded *supra*, Cook County Domestic Relations Presiding Judge Regina Scannicchio's appointment of Judge William Yu as the presiding judicial officer is a legal fiction. Her appointment references two judicial transfer orders between Calendars 1 and 51 which predated his seating in this matter. Until those orders are located and filed on the docket, there is currently no way to trace Judge William Yu/Calendar 89's jurisdiction hereunder. When alerted to this quagmire, Judge Yu's response has consistently been evasion, or simply stating that "he will deal with jurisdictional issues at the trial."

29. Equally troubling, Judge Yu was embattled with a petition seeking his removal for cause filed by Marissa Girard in February 2025. That petition was ultimately allegedly resolved by Judge Robert W. Johnson – who was judicially sidelined under the operation of 735 ILCS 5/2-1001(a)(3) when he denied the petition against Judge Yu. From that point of view on its own, Judge William Yu has not been statutorily returned to his role of presiding judicial officer.

30. Finally, owing to his prominent role as the starring defendant under *Girard v. Fernandez et al.*, Civil Action No. 1:25-00136, N. Dist. Illinois and Minor Child Gw v. Scannichio et al., Civil Action No. 1:25-cv-04551, N. Dist. Illinois, even under constitutional standards Judge William Yu is disqualified from presiding. All orders and directives taken after the operative date of his disqualification are void and penned without jurisdiction.

31.     Separate and apart from his disqualifying role as federal defendant, Judge Yu is disqualified for the separate reason that he appears obviously committed to unequal treatment of the parties. He gives significant latitude to Beermann LLP attorneys, quickly accepting their characterizations in all instances wholly without critical examination.

32.     Judge Yu furthermore repeatedly cuts off all other parties and opposing counsel. For example, Marissa's previous attorney Robert Holstein informed Judge Yu as to the complete absence of pleadings against Marissa, and he indicated he would deal with that at the trial. Similarly, Attorney Toma Makedonski walked Judge Yu through the lack of triable issues of fact, yet Judge Yu inexplicably refused to consider motions for summary judgment.

33.     The minor children have been furthermore with a voice in the proceedings wherein their Child Representative Joel Levin resigned in August 2024. Judge Yu is manifestly unconcerned about the well-being and best interests of the children, in transparent disregard for the requirements set forth under the IMDMA. Furthermore, wherein State's Attorney Mary Stein called Jane Girard in for questioning about her long-running sexual abuse of the minor children in September 2023 and Jane asserted her right against self-incriminatino, Judge Yu knowingly disregards the basic requirements of notice and participation according the minor children under the Illinois Crime Victims Bill of Rights.

**The "mystery trial" portends grave harm to Marissa.**

34.     None of the papers in the syllabus for the "mystery trial" seek a finding against Marissa, or otherwise seek relief from Marissa. No charges have been reduced to writing, no jury has been scheduled for empaneling, There is no state prosecutor in sight and unbelievably this is all scheduled to take place in the family law courtroom of Judge Yu, who is not a criminal judge.

35.     The problems besetting the "mystery trial" are legion. Criminal contempt cannot

be initiated by a private party: due process and adequate notice require that criminal contempt be initiated by the court. The prosecutor's office must be engaged from investigation to the bill of charges or indictment, to the convening of pre-trial hearing and the ultimate trial.

36. Furthermore, an order to a criminal defendant to appear in court to face questioning and to be present before the fact finder, under a hearing in which his or her liberty is at stake *requires form orders bearing the official seal of the state*. Such orders for criminal process must be prepared by a prosecutor, not by a private attorney as here.

37. Summary proceedings under a contempt charge wherein the judge acts as the fact finder are constitutionally sound only wherein the judge is a direct witness to the alleged contempt. The instant scenario is likely an "indirect criminal contempt" setup, because the judge has not signaled that he is a percipient witness.

**Kenton has failed Marissa.**

38. By allowing these proceedings to advance without making sufficiently strong efforts to settle or to otherwise end the proceedings, Kenton has exposed Marissa to undue stress, anxiety, disquiet, the real prospect of criminal confinement and sentence and moreover her counseling practice revenue has suffered under the need to spend exorbitant time and resources on her defense hereunder. Her physical conditions have worsened and she is suffering from chronic memory loss, insomnia, locomotive issues and recurring aphasia.

39. Furthermore, by choosing the "mystery trial" over settlement, Kenton is exposing the marital property to significant risk of dissipation from Beermann LLP. As a financial professional and a businessman, Kenton is aware of this risk and has elected to gamble with Marissa's well-being, livelihood and potentially even her survival.

40. The claims asserted herein against Kenton are genuine disputes arising from his

11

failure to protect Marissa's interests in these proceedings and present substantial foundation. Their interests hereunder are extremely divergent: Marissa's interests (ending her forced participation in these proceedings, protecting her health, and avoid "kangaroo" criminal proceedings) are fundamentally orthogonal to Kenton's interests (protecting the children, holding Jane accountable, pursuing claims against Beermann LLP, etc).

41.     Simply put, Kenton has prioritized litigation strategy over Marissa's well-being and her best interests. As a direct result of this posture, Marissa has suffered documented harms (exacerbation of PTSD and interstitial cystitis, emotional distress, loss of income, threat of incarceration) all of which could have been prevented or seriously mitigated had Kenton taken decisive action to have her removed from these proceedings. Furthermore, under Illinois common law, Kenton owes Marissa an unambiguous duty of care as her husband; this breach is actionable independent of the federal claims.

**Kenton is moreover a willful participant in the state court's abuse of Marissa.**

42.     Based upon text messages received from Beermann LLP attorney Enrico J. Mirabelli between Fall 2023 and Summer 2024, as well as an email message received from Jane Girard from June 13 2024 also sent to her legal team at Beermann LLP, Marissa learned that she was an agreed hostage to the custody proceedings wherein her joinder would simultaneously allow Beermann LLP to dramatically increase its legal billings to Jane Girard and delay the ultimate trial under the custody proceedings (and thus provide more opportunities for Kenton to strategically minimize the fallout from the proceedings for himself, personally).

43.     Upon information and belief, Enrico J. Mirabelli and Kenton Girard came to an agreement whereby Kenton would not specifically seek to have Marissa removed from the custody proceedings. In exchange, Beermann LLP would significantly string out the trial date as

long as possible. The problem, as already noted, is that each day of Marissa's forced participation under the custody proceedings implicated constitutional torts against her because she was never actioned with a pleading, in violation of due process requirements under the Fourteenth Amendment. As previously discussed the constitutional harms multiplied e.g. wherein the criminal proceeding set to take place January 6-8 2026 implicates Sixth Amendment violations.

44.     The email message from Jane Girard of June 13 2024 demonstrates that: (1) Jane wanted Marissa to remain in the case for strategic litigation purposes; (2) Beermann LLP planned to weaponize Marissa's forced joinder by threatening her with fines and jailing; (3) Beermann LLP's entire legal team (notably Enrico J. Mirabelli, leading the charge) was aware of and facilitating this exploitation; and (4) Marissa was being exploited to manufacture unfair litigation advantage. Without the illicit side agreement between Enrico Mirabelli and Kenton Girard, Marissa would not have to endure 28 months of forced participation in the custody proceedings under which she is neither a biological parent nor holder of parental rights.

45.     Upon  information and belief, without the agreement between Enrico Mirabelli and Kenton Girard, the custody matter should have resolved within about 6 months of her joinder, because under Illinois Supreme Court Rule 922 the custody matters are strictly limited to 18 months in duration (and Marissa was brought in as a defendant after 12 months). Furthermore, if Attorney Mirabelli knew Kenton was playing the role of a true adversary, he arguably would not have joined Marissa in the first place knowing that strong opposition to her joinder would be thereafter litigated in the state court.

**The attorneys from Beermann LLP  moreover conspired with the judges.**

46.     As has already been established under *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-06882, N. Dist. Illinois, the modus operandi of Beermann LLP is to engage in

judicial bribery to ensure outcomes favorable for their clientele. See the Memorandum Opinion of District Judge Rebecca Pallmeyer dated August 12 2025.

47.     This case is part of the larger pattern of judicial bribery by Beermann LLP. From Judge William S. Boyd (recused himself immediately after being accused of bribery in court papers) – who approved the defective joinder of Marissa under the custody proceedings in the first place – to Judge Renee Goldfarb (recused herself immediately after being accused of bribery in court papers) to Judge William Yu, the instant proceedings have been manipulated by Beermann LLP, especially its senior partners Enrico J. Mirabelli and Matthew D. Elster.

48.     Upon information and belief, Judge William Yu has also accepted illegal consideration from Beermann LLP in exchange for (a) clinging onto the judge's seat in these proceedings, and (b) rendering favorable rulings for Jane Girard. Indeed, there is no plausible explanation for why Judge Yu would insist on presiding wherein he is manifestly disqualified from doing so by virtue of current defending allegations in not one but two separate federal lawsuits filed by Kenton and the minor children.

49.     Upon information and belief, Beermann LLP Attorneys Mirabelli and Elster have specifically and repeatedly instructed Judge Yu to sustain Marissa's statute-violating and Constitution-offending joinder hereunder. Supporting evidence of this conspiracy is adduced wherein (a) Attorneys Mirabelli and Yu have repeatedly engaged in ex parte communications with Judge Yu, only for a court order to emerge with findings not announced or explicated in open court, and (b) Attorneys Mirabelli and Yu have successfully demanded Judge Yu to hold in absentia court dates without notice to Marissa Girard, and (c) Attorney Elster has demonstrated an unending pattern of padding the record with court orders containing findings and directives not announced in open court.

14

50. Further evidence of the conspiracy is found wherein Judge Yu has repeatedly sanctioned Marissa Girard, most recently for propounding a paper seeking his removal as of right immediately upon his (improper) return from being judicially sidelined under a petition seeking his removal for cause.

### COUNT I – DECLARATION AS TO CONSTITUTIONAL VIOLATIONS

51. Cross Counter Plaintiff Marissa Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

52. Marissa's rights under the First, Fifth, Sixth and Fourteenth Amendments have been violated.

53. To seek redress from these violations, Marissa has been litigating pro se under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois since January 2025.

### COUNT II – DECLARATION AS TO ADA VIOLATIONS

54. Cross Counter Plaintiff Marissa Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

55. Marissa's rights under Title II of The Americans with Disabilities Act of 1990 have been violated wherein she was denied reasonable accommodation for an extended period of time under the proceedings, and wherein she has been commanded to stand trial in person.

56. To seek redress from these violations, Marissa has been litigating pro se under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois since January 2025.

### COUNT III – DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983

57. Cross Counter Plaintiff Marissa Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

58. Being that Marissa Girard is neither a biological parent nor a holder of parental

rights hereunder, she is not vested with any rights or responsibilities under the Illinois Marriage and Dissolution of Marriage Act ("IMDMA") as codified under 750 ILCS 5/1 *et seq* as it is specifically applied to govern a custody proceeding as here.

59. Not only was Kenton aware that Marissa Girard has been a hostage to these proceedings for the last 28 months, but it has played out exactly according to his illicit agreement reached with Beermann LLP attorney Enrico J. Mirabelli. Kenton has turned a blind eye to Marissa's improper joinder (and her resulting constitutional deprivations) in exchange for a slow-walked trial in the custody proceedings. By agreement, Kenton has refused to offer a "lifeline" to Marissa Girard consisting in diligence and motion practice with respect to taking affirmative steps to extricating her from the jaws of these proceedings.

60. Instead of exercising the requisite diligence (whether via settlement negotiations, motion practice, pleadings, or otherwise), Kenton Girard has effectively been a vessel of Beermann LLP by going along with the seemingly unending campaign by the judicial officers and Beermann LLP attorneys – effected under color of state law and the auspices of the Illinois Marriage and Dissolution of Marriage Act – hereunder to sustain Marissa's status as a defendant.

61. Upon each such occasion wherein Marissa has demanded Kenton take necessary and appropriate action to terminate her forced participation hereunder, his response has been that she must "play out her role under the proceedings until the end." Wherein Marissa has further demanded clarity on when the proceedings reach "the end", Kenton's guidance has been consistently when the (twin) minor children hereunder attain majority age. Kenton has further directed Marissa that her failure or refusal to go along with the proceedings until the end would almost surely result in her incarceration at the request of Cook County judicial officers.

62. As a direct and proximate result of Kenton's decision to enter and honor the illicit

agreement with Beermann LLP to consistently and repeatedly force Marissa to do her part under

the proceedings, she has suffered significant due process violations including *inter alia*:

    a. Violation of her right to fair notice of the pleadings against her;
    b. Subjecting her to more than twenty (20) contempt motions without notice of claims;
    c. Awaiting a criminal proceeding without charging instrument, prosecutor, or jury;
    d. Denying her the ability to prepare a defense due to the sheer absence of pleadings; and
    e. Permitting a disqualified judge (Judge Yu) to preside over the proceedings.

    63.    As a proximate result of Kenton's decision to consistently and repeatedly force

Marissa to do her part under the proceedings, she has suffered significant violations of her rights

under Title II of the ADA, 42 U.S.C. § 12131 *et seq.* including the following:

    a. Systematically denying reasonable accommodations for Marissa's ADA disabilities;
    b. Ordering her to appear physically in court despite medical impossibility;
    c. Weaponizing the accommodation request process to create additional barriers; and
    d. Subjecting her to discrimination based on both disability and race (Hispanic/Latinx).

    64.    As a direct and proximate result of Kenton's decision to consistently and

repeatedly force Marissa to do her part under the proceedings, she has suffered significant

violations of her constitutional right to an impartial tribunal wherein Judge William Yu has

stubbornly refused to recuse himself and the Cook County judicial apparatus has allowed him to

preside while he is obviously conflicted defending charges two separate pending federal lawsuits

brought by Marissa and the minor children hereunder.

    65.    As a direct and proximate result of the various above enumerated constitutional

and federal violations, Marissa has suffered physical harm (exacerbation of PTSD and interstitial

cystitis, memory loss, aphasia, locomotive degradation), emotional distress and anxiety, loss of

income from her counseling practice, and fear of continuing deprivations of her liberty and

further deterioration of her physical, financial, emotional and psychological well-being.

## COUNT IV – NEGLIGENCE

66.     Cross Counter Plaintiff Marissa Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

67.     Kenton should have taken action to have Marissa removed as a party hereunder because (a) her status as neither a biological parent nor a holder of parental rights renders her joinder hereunder harassment, and (b) she was actioned without a pleading in violation of the right to fair notice protected under the Fifth and Fourteenth Amendments of the Constitution. Further knowing that other constitutional rights and her rights under the ADA were being violated and that those violations would manifest in physical, emotional and financial forms all damaging to her best interests and well-being.

68.     Further, knowing the sensitivity of Marissa's infirm nature under PTSD and interstitial cystitis, Kenton should have acted quickly to quell her forced participation under these abusive and Constitution-offending and ADA-violating proceedings.

69.     Instead, Marissa has been forced to fend for herself. Throughout this litigation she has been lumped together with Kenton as if their interests hereunder were identical. Nothing could be further from the truth.  As a proximate result of Kenton's breach of his duty to protect Marissa and the 28 months of forced participation under these proceedings, Marissa's health has declined and her conditions have exacerbated and anxiety and distress have resulted and her counseling practice revenues have reduced. The filing of her federal lawsuit removes any doubt about the anxiety caused to Marissa by the constitutional torts and ADA violations.

**WHEREFORE** Cross Counter Plaintiff Marissa Girard prays this Court grant the following relief:

1) Compensatory damages under 42 U.S.C. § 1983 in an amount to be determined;
2) Compensatory damages resulting from negligence in an amount to be determined;
3) Injunctive relief ordering the provision of reasonable accommodations as required under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*;
4) Attorneys fees and costs under 42 U.S.C. §1988 and under 29 U.S.C. §794a(b);
5) Nominal damages for violations of constitutionally protected rights; and
6) Such other relief that this Court may deem just, equitable and proper.


DATED: January 5 2026                          Respectfully submitted,


                                               MARISSA GIRARD

                                     By:       */s/ Marissa Girard*
                                               965 Forestway Drive
                                               Glencoe, IL 60022
                                               marissadakis@gmail.com
                                               Tel: 773-425-4393


## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 5th day of January 2026 by email to the attorneys who have entered their appearances hereunder as well as to Kenton Girard, who is pro se.


                                               */s/ Marissa Girard*
                                               Marissa Girard


19

## JURY DEMAND

Cross Counter Plaintiff Marissa Girard hereby demands a trial by jury on all issues of fact stated herein.

## CONSENT TO A FEDERAL FORUM

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the undersigned certifies that she freely consents to litigating these proceedings in a federal forum, should the court or any party wish to move these proceedings to federal court.

Marissa Girard specifically requests federal court jurisdiction because:

1. These claims arise under the Constitution and federal law (including 42 U.S.C. § 1983, Title II of the ADA);
2. State courts have proven unable or unwilling to protect federal constitutional rights, as evidenced by Cook County Judge O'Connor's recently-vacated sanctions punishing federal court access;
3. State court judges who are defendants under two separate pending federal lawsuits filed by myself and the concerned minor children, as discussed *supra*, cannot impartially adjudicate these claims.
4. Federal supervision is necessary to prevent ongoing constitutional violations;
5. The systematic nature of these violations demands federal intervention.

Marissa Girard expressly waives any objection to federal jurisdiction and affirmatively invokes federal court authority to remedy these affronts to the Constitution and federal law.

/s/ Marissa Girard
January 05 2026

# Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
         Petitioner, )
)
   and )    No.   2015 D 009633
)    Cal.   32
JANE GIRARD, )
         Respondent. )

*ENTERED Judge William Stewart Boyd-1760 JUN 1 0 2022 IRIS Y. MARTINEZ CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL*

## ORDER SUBMITTED BY ELECTRONIC MEANS

This matter coming before the Court for presentment of Respondent's *Motion to Appoint Parenting Coordinator and to Compel the Use of Our Family Wizard*; counsel for both parties present, and the Court fully advised

**IT IS HEREBY ORDERED:**

1. Todd E. Feiwell, P.C. is granted leave to file their appearance on behalf of the Petitioner *instanter.*

2. Petitioner is granted **28 days (by July 8, 2022)** to respond or otherwise plead to Respondent's *Motion to Appoint Parenting Coordinator and to Compel the Use of Our Family Wizard.*

3. This matter is scheduled for status on **August 16, 2022 at 10:00 a.m.** via Zoom.

4. An entered copy of this Court Order shall be provided to:

    a. Counsel for the Petitioner:   Todd.Feiwell@feiwellpc.com

    b. Counsel for the Respondent: KPaige@beermannlaw.com

Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

**ENTERED:**

*Judge Renee* ____ #1905

JUDGE
DATE:
6/10/22 _____

C 112

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
          Petitioner, )
)
   and )   No.  2015 D 009633
)   Cal.  32
JANE GIRARD, )
          Respondent. )

**ENTERED**
Judge William Stewart Boyd-1760
**AUG 23 2022**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ORDER SUBMITTED BY ELECTRONIC MEANS**

     This matter coming before the Court for status on August 16, 2022; counsel for both parties present, and the Court fully advised

**IT IS HEREBY ORDERED:**

1. This matter is scheduled for status of mediation on **October 3, 2022 at 9:45 a.m.** via Zoom.

2. An entered copy of this Court Order shall be provided to: ·

    a. Counsel for the Petitioner:  Todd.Feiwell@feiwellpc.com

    b. Counsel for the Respondent:  KPaige@beermannlaw.com


Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

**ENTERED:**

/S/ *William Stewart Boyd #1760*
JUDGE
DATE: _8/23/2022_

4217 - Continued - Allowed
4208 - Appoint Guardian Ad Litem - Allowed                                    (Rev. 12/01/20) CCDR 0008 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☒ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

Kenton Girard

**ENTERED**
Judge William Stewart Boyd-1700    Petitioner

and

**SEP 09 2022**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Jane Girard                                                                      Respondent

No.: 2015 D 8633

Calendar: 32

☐ Prejudgment
☒ Post Judgment - Enforcement
☒ Post Judgment - Modification
☐ Other

ORDER APPOINTING CHILD'S REPRESENTATIVE, GUARDIAN AD LITEM OR ATTORNEY FOR MINOR CHILD(REN)

On motion of the Respondent, Jane Girard, and pursuant to 750 ILCS 5/506 and the inherent power of the Court, the Court being fully advised in the premises FINDS THAT:

A. There are issues within the family affecting the minor child(ren):

| Child(ren)'s Name(s) | Date of Birth | Resides with | Child(ren)'s Name(s) | Date of Birth | Resides with |
|---|---|---|---|---|---|
| Grace Girard | February 15, 2008 | Both parties | | | |
| Gwen Girard | February 15, 2008 | Both parties | | | |

B. It is in the best interest of the child(ren) to have a legal representative appointed to protect and preserve their interests.

IT IS HEREBY ORDERED THAT:

1. Name: Vanessa Hammer
   Address: 77 West Wacker Drive, Suite 4500, Chicago, Illinois 60601
   Telephone: 312-372-6058                          Facsimile:
   Email: vhammer@hsqlawfirm.com
   is appointed ☐ CHILD'S REPRESENTATIVE ☒ GUARDIAN AD LITEM ☐ ATTORNEY FOR THE MINOR CHILD(REN)
   Issues: All issues related to the Motion to Appoint Parenting Coordinator and Compel Use of OFW, Motion to
   Compel Enrollment in Therapy, and Motion to Modify Parenting Time, Decision-Making and Other Relief

2. During the proceedings the court may appoint an additional attorney to serve in another of the enumerated capacities on its own motion or that of a party only for good cause shown and when the reasons for the additional appointment are set forth in specific findings.

3. Within seven (7) days of the entry of this order, attorney for ☐ Petitioner ☒ Respondent ☐ other_____ shall send the child's representative, guardian ad litem, or the attorney for the minor child(ren) copies of this order, and all notices, pleadings, orders and reports relative to this cause.

4. The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall be kept fully informed by counsel for all parties as to the status of this cause and shall have the full assistance of counsel in obtaining any waivers (e.g. for school or medical records, etc.) appropriate to the representation of the minor child(ren).

4234

5. ☒ An appearance shall be filed on behalf of the minor child(ren) within seven (7) days of receipt of this order and any appropriate pleadings within twenty-eight (28) days from the date of this order.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

C 175

4217 - Continued - Allowed
4208 - Appoint Guardian Ad Litem - Allowed

(Rev. 12/01/20) CCDR 0008 B

6A. The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall serve pro bono; OR

4636

6B. ☒ The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall be entitled to reasonable temporary and permanent fees and costs pursuant to statute. Without prejudice to the right of either party for an accounting and an apportionment among the parties, the parties shall pay to the child's representative, guardian ad litem, or the attorney for the minor child(ren) as and for temporary prospective fees, within 7 days, the following amounts:

Hourly Rate: _____

Petitioner: $ 1,750.00 _____ Respondent: $ 1,750.00 _____

Other: $ _____

7A. ☐ This appointment shall terminate thirty (30) days after entry of final judgment without further order of court; OR

7B. ☒ This appointment shall terminate only upon further order of court.

8. "Unless otherwise ordered by the court at the time fees and costs are approved, all fees and costs payable to an attorney, guardian ad litem, or child's representative under this Section {750 ILCS 5/506} are by implication deemed to be in the nature of support of the child and are within the exceptions to discharge in bankruptcy under 11 U.S.C.A.523. The provisions of Section 501 and 508 of this Act shall apply to fees and costs for attorneys appointed under this Section." {750 ILCS 5/506}

9. Next Court Date: October 3, 2022 at 9:45 a.m. _____

Petitioner's Name: Kenton Girard _____

*Address: (Home) _____ Telephone: (Home) _____

*Address: (Work) _____ Telephone: (Work) _____

Petitioner's Attorney: Todd Feiwell / Todd E. Feiwell, P.C. Primary Email: todd.feiwellpc.com

Address: 20 North Clark Street, Suite 3300, Chicago, IL 60602 Secondary Email: feiwell@feiwellpc.com

Telephone: 312-782-4844 Other: _____

Facsimile: _____

Respondent's Name: Jane Girard _____

*Address: (Home) 90 Linden Avenue, Glencoe, Illinois 60022 Telephone: (Home) 847-372-6736

*Address: (Work) _____ Telephone: (Work) janeous@yahoo.com

Respondent's Attorney: Karen Paige / Beermann LLP Primary Email: kpaige@beermannlaw.com

Address: 161 North Clark Street, Suite 3000, Chicago, IL 60601 Secondary Email: clmeyers@beermannlaw.com

Telephone: 312-621-9700 Other: parice@beermannlaw.com

Facsimile: _____

*If a party has not disclosed an address, that party shall designate an alternative address for the purpose of notice.

Atty. No.: 6291871

Name: Karen Paige / Beermann LLP                    ENTERED:

Atty. for: Respondent

Address: 161 North Clark Street, Suite 3000          Dated: _____

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-621-9700

Primary Email: kpaige@beermannlaw.com                Judge                    Judge's No.

Secondary Email: clmeyers@beermannlaw.com

Other Email: parice@beermannlaw.com

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

C 176

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF     )
                                          )
KENTON GIRARD,                  )
            Petitioner,       )
                                          )
      and                   )    No.    2015 D 009633
                                          )
JANE GIRARD,                 )
            Respondent.     )

**ORDER**

**THIS MATTER** coming before the court for presentment of Petitioner's Motion to Modify Parenting Time, Decision-Making Responsibilities and for Other Relief, and for presentment of Respondent's Motion to Compel Enrollment in Therapy and Motion to Appoint Guardian *ad Litem*, the Petitioner being represented by counsel, the Respondent being present and represented by counsel, the court having jurisdiction over the parties and subject matter hereto and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

       1.     Respondent's Motion to Appoint Guardian *ad litem* is granted. Vanessa Hammer shall be appointed as the Guardian *ad Litem* and a separate Guardian *ad Litem* Appointment Order shall be entered simultaneously with this instant order.

       2.     Petitioner is granted twenty-one (21) days from the entry of this order to file and serve a written response to Respondent's Motion to Compel Enrollment in Therapy and the Motion to Appoint Parenting Coordinator and to Compel the Use of Our Family Wizard.

       3.     Respondent is granted 21 days to respond to Petitioner's Motion to Modify Parenting Time, Decision-Making Responsibilities and for Other Relief.

       4.     This matter is set for status on all pleadings and status of the Guardian *ad litem*'s investigation on October 3, 2022 at 9:45 a.m. via Zoom.

                                               **ENTERED**

                                                **JUDGE**

Karen V. Paige (#6291871)
Candace L. Meyers (#6290120)
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Todd E. Feiwell, P.C.
Attorneys for Petitioner
todd.feiwell@feiwellpc.com
feiwell@feiwellpc.com

Vanessa Hammer
Guardian *ad Litem*
vhammer@hsqlawfirm.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
           Petitioner, )
)
   and )   No.  2015 D 009633
)   Cal.  32
JANE GIRARD, )
           Respondent. )

**ENTERED**
Judge William Stewart Boyd-1760
**NOV 03 2022**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### AGREED ORDER SUBMITTED BY ELECTRONIC MEANS

    This matter coming before the Court for scheduling purposes; the parties represented by counsels, and a Guardian Ad Litem having been previously appointed; and the Court fully advised

**IT IS HEREBY ORDERED:**

1. This matter is scheduled for status of on Petitioner's *Motion to Reconsider and Vacate October 7, 2022 Order, for In Camera Interview of Children, and For Other Relief* on **November 9, 2022 at 9:45 a.m.** via Zoom [Meeting ID: 864 6297 1874 Password: 672037].

2. An entered copy of this Court Order shall be provided to:

    a. Counsel for the Petitioner:   Todd.Feiwell@feiwellpc.com

    b. Counsel for the Respondent:   KPaige@beermannlaw.com

    c. Guardian Ad Litem:   VHammer@hsqlawfirm.com

Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

**ENTERED:**

_____
JUDGE
DATE: _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )

KENTON GIRARD, )
                Petitioner, )

    and )      No.    2015 D 009633

JANE GIRARD, )
                Respondent. )

ENTERED
Judge William Stewart Boyd-1760
NOV 03 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

**THIS MATTER** coming before the court for presentment of Respondent's Emergency Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment; the Petitioner being represented by counsel, the Respondent being present and represented by counsel, and the Guardian ad Litem being present, the court having jurisdiction over the parties and subject matter hereto and being duly advised in the premises;

**THE COURT HEREBY FINDS** Respondent's Emergency Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment not to be an emergency.

**IT IS HEREBY ORDERED:**

1.    This matter is set for hearing of Respondent's Emergency Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment on January 27, 2023, at 12:30 p.m. via Zoom.

2.    Petitioner is granted twenty-eight (28) days to respond to Respondent's Emergency Verified Petition for Rule to Show Cause, et al.

ENTERED

JUDGE

Karen V. Paige (#6291871)
Candace L. Meyers (#6290120)
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Todd E. Feiwell, P.C.
Attorneys for Petitioner
todd.feiwell@feiwellpc.com
feiwell@feiwellpc.com

Vanessa Hammer
Guardian *ad Litem*
vhammer@hsqlawfirm.com

C 270

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
Petitioner, )
)
and )  No.    2015 D 009633
)  Cal.   32
JANE GIRARD, )
Respondent. )

E N T E R E D
Judge William Stewart Boyd-1730
NOV 09 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER SUBMITTED BY ELECTRONIC MEANS

This matter coming before the Court on November 9, 2022; the parties represented by counsels, and a Guardian Ad Litem having been previously appointed; all counsels appearing via Zoom, and Respondent also appearing via Zoom; and the Court fully advised

**IT IS HEREBY ORDERED:**

1.  On the oral request of counsel for the Respondent, Respondent is granted __14 days__ to amend her *[Emergency] Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment*. Petitioner is granted __21 days thereafter__ to respond or otherwise plead.

2.  Respondent is granted __28 days__ to respond to Petitioner's *Motion to Reconsider and Vacate October 7, 2022 Order, for In Camera Interview of Children, and For Other Relief.*

3.  This matter is scheduled for hearing on Petitioner's *Motion to Reconsider and Vacate October 7, 2022 Order, for In Camera Interview of Children, and For Other Relief* and Respondent's Amended Petition (filed pursuant to Paragraph 1 above) on __December 29,__ __2022 at 1:00 p.m.__ via Zoom [Meeting ID: 864 6297 1874 Password: 672037].

4.  An entered copy of this Court Order shall be provided to:

    a.  Counsel for the Petitioner:    Todd.Feiwell@feiwellpc.com

    b.  Counsel for the Respondent:    KPaige@beermannlaw.com

    c.  Guardian Ad Litem:    VHammer@hsqlawfirm.com

Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

**ENTERED:**

#1730

JUDGE
DATE: _____

C 271

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF    )
                                      )
KENTON GIRARD,                      )
            Petitioner,          )
                                        )
      and                       )    No.    2015 D 009633
                                          )
JANE GIRARD,                        )
            Respondent.       )

ENTERED
Judge William Stewart Boyd-1760
NOV 09 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ORDER**

**THIS MATTER** coming before the court for status of the Guardian *ad Litem*'s initial investigation; both parties being represented by counsel and the Guardian *ad litem* being present; the court having jurisdiction over the parties and subject matter and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.     Respondent's Petition for Finding of Parenting Time Abuse and for Other Relief is hereby entered and continued;

2.     The Respondent and the two (2) minor children shall immediately enroll in, and begin attending, family therapy with *Breakthroughs Family Solutions*, with Gwenn Waldman as Team Leader, pursuant to the terms of a separate Agreed Order for therapy entered concurrently with this instant order. The Petitioner shall cooperate with all recommendations and treatment protocol as provided by the therapist(s) and Breakthroughs team. Both parties shall sign any waivers necessary to allow the Guardian *ad litem* to meet and speak with all Breakthroughs team members as part of the Guardian *ad litem*'s investigation.

3.     Both parties shall ensure that the minor children and Respondent spend time together. The GAL, Vanessa L. Hammer, shall remain in communication with the *Breakthroughs*

C 273

team as to the progress of therapy with the Respondent and the minor children. The GAL shall recommend and allocate time for the Respondent and the minor children on the basis of the *Breakthroughs* team recommendations for parenting time. At minimum, upon enrollment in *Breakthroughs* and after the initial meetings with the Respondent and the minor children, the Respondent and the minor children shall have 1-2 lunches and/or dinners each week, dependent on the minor children's school and extracurricular schedule and the *Breakthroughs* schedule. The GAL shall recommend time accordingly. As appropriate, both parties shall transport the minor children to the agreed upon and pre-scheduled activities during their respective parenting time. However, neither parent shall schedule any activity for the minor child(ren) during the other parent's allocated parenting time unless by agreement of the parties. Neither party shall unreasonably withhold consent for the children's participation in extracurricular activities / social events.

4. The parent who is commencing parenting time shall pick up the minor children from school, activity, of the other parent's residence (as the case may be) and shall be responsible for all transportation of the children during their parenting time.

5. Each of the parties, their significant others, and their family members are restrained from:

    a. Discussing any aspect of the pending litigation with /or in the presence of the minor children. "Any aspect of the litigation" includes, but is not limited to:

        i. Allocation of parental responsibilities;

        ii. Parenting time;

        iii. Support / Monetary / financial information; and

        iv. Court dates.

b. Questioning and/or discussing with the minor children the preferences of the children as to parenting time and allocation of parental responsibilities;

c. Questioning, discussing, rehearsing, and/or coaching the minor children with regard to court testimony, interviews with the Court, mediators, intervenors, attorneys, investigators, social workers, treating and/or examining professionals and any all other persons having any relationship and/or function with regard to the pending litigation;

d. Criticizing, demeaning, disparaging, and/or placing either party in a negative light with regard to the minor children.

6. . This matter is continued for status on all pending pleadings, progress in therapy, and the Guardian *ad litem*'s investigation on December 7, 2022 at 9:30 a.m. via Zoom.

ENTER:

_____
JUDGE

Karen V. Paige
Molly M. Carmody
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
kpaige@beermannlaw.com
mmcarmody@beermannlaw.com

Todd E. Feiwell, P.C.
Attorneys for Petitioner
todd.feiwell@feiwellpc.com
feiwell@feiwellpc.com

Vanessa Hammer
Guardian *ad Litem*
vhammer@hsqlawfirm.com

C 275

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF    )

KENTON GIRARD,

          Petitioner,

    and                   No.   2015 D 009633
                                           Cal.   32

JANE GIRARD,

          Respondent.    )

*(Stamp: ENTERED / Judge William Stewart Boyd-1760 / DEC 07 2022 / IRIS Y. MARTINEZ / CLERK OF THE CIRCUIT COURT / OF COOK COUNTY, IL)*

### ORDER SUBMITTED BY ELECTRONIC MEANS

    This matter coming before the Court on December 7, 2022; Respondent presenting a *Motion for Evaluation Pursuant to 750 ILCS 5/604.10(b)*; both parties represented by counsel, and a Guardian Ad Litem having been previously appointed; all counsels present via Zoom, and the Respondent also present; and the Court fully advised

**IT IS HEREBY ORDERED:**

1. Petitioner is granted <u>14 days</u> to respond to Respondent's *Motion for Evaluation Pursuant to 750 ILCS 5/604.10(b)*.

2. Respondent's *Motion for Evaluation Pursuant to 750 ILCS 5/604.10(b)* is scheduled for hearing on the previously set date of <u>December 29, 2022 at 1:00 p.m.</u> via Zoom [Meeting ID: 864 6297 1874 Password: 672037].

3. An entered copy of this Court Order shall be provided to:

    a.  Counsel for the Petitioner:    <u>Todd.Feiwell@feiwellpc.com</u>

    b.  Counsel for the Respondent:    <u>KPaige@beermannlaw.com</u>

    c.  Guardian Ad Litem:    <u>VHammer@hsglawfirm.com</u>

Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

ENTERED:

_____ #1760

JUDGE

DATE: _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
     Petitioner, )
)
 and )     No. 2015 D 009633
)     Cal. 32
JANE GIRARD, )
     Respondent. )

ENTERED
DEC 19 2022

## AGREED ORDER SUBMITTED BY ELECTRONIC MEANS

   This matter coming before the Court on December 19, 2022 for presentment of Todd E. Feiwell, P.C.'s *Emergency Motion to Withdraw*; a Substitution of Attorneys having been signed by the Petitioner, Todd E. Feiwell, and Joe O'Brien of Opal O'Brien LLP; and the Court fully advised

**IT IS HEREBY ORDERED:**

1. Todd E. Feiwell, P.C.'s *Emergency Motion to Withdraw* is granted. Todd E. Feiwell, P.C. is granted leave to withdraw as counsel for the Petitioner, Kenton Girard, *instanter*.

2. Todd E. Feiwell, P.C. is granted leave to file a *Petition for Setting Final Attorneys Fees* within thirty (30) days.

3. Opal O'Brien LLP is granted leave to file their Substitute Appearance on behalf of Petitioner, Kenton Girard, *instanter*.

4. An entered copy of this Court Order shall be provided to:

  a. Counsel for Petitioner:     Joe@opalobrien.com

  b. Former Counsel for the Petitioner: Todd.Feiwell@feiwellpc.com

  c. Counsel for the Respondent:   KPaige@beermannlaw.com
                 CLMeyers@beermannlaw.com

  d. Guardian Ad Litem:     VHammer@hsqlawfirm.com

Attorney No. 49732
TODD E. FEIWELL, P.C.
Attorneys for Petitioner
20 North Clark, Suite 3300
Chicago, Illinois 60602
(312) 782-4844
Todd.Feiwell@feiwellpc.com

**ENTERED:**

_____ 2008
JUDGE
DATE: _____

C 320

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

IN RE THE FORMER MARRIAGE OF:

KENTON GIRARD,
              Petitioner,

vs.

JANE GIRARD,
              Respondent.

)
)
)
)
)   No.   2015 D 009633
)   Calendar 32
)
)

**ENTERED**
Judge William Stewart Boyd-1760
**JAN 04 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

This matter coming before the Court for hearing on the following Motions: Kenton's Motion to Reconsider and Vacate October 7, 2022 Order, for In Camera Interview of the Children and for Other Relief filed on October 26, 2022, Jane's Motion to Compel Compliance with November 9, 2022 Order and for Other Relief; and Jane's Motion for Evaluation filed December 5, 2022; the Court having heard argument from each counsel and the oral report from the GAL; the Court being fully advised in the premises;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1) Kenton's Motion to Reconsider and Vacate October 7, 2022 Order, for In Camera Interview of the Children, and for Other Relief filed on October 26, 2022 is hereby withdrawn without prejudice.

2) Jane's Motion to Compel Enrollment in Therapy filed on August 31, 2022 is entered and continued generally.

3) Any requirement or Court Order mandating that the parents in this case alternate having the children's haircut or treated is vacated. The Agreed Order entered March addresses payment for haircuts for the children (pursuant to Paragraph 2.f.), and pursuant to said Agreed Order the parties shall alternate paying for the children's haircuts, but the parents are not required to alternate who physically brings them to have their hair cut or treated.

4284, 4246, 4416, 4200, 4251/PIR, 4279,

C 335

4) Kenton shall be granted access to the children's medical insurance records/information and billing information by having Jane sign the BCBS consent form allowing Kenton access to the children's medical insurance records/information, on or before January 9. 2023.

5) The parties and their children shall immediately begin family therapy/counseling with Gwenn Waldman. The "team approach" for said therapy set forth in the November 9, 2022 Order is hereby revised in order to commence the family therapy; put another way, Gwenn Waldman is the family therapist for the Respondent and the children. Kenton shall immediately schedule and meet with Gwenn Waldman for an initial intake interview, without the children, relative to said family therapy. Thereafter Kenton shall fully cooperate with Gwenn Waldman to schedule sessions for the children, and shall use his best efforts and diligence to transport the children to/from every session timely. Both parents shall cooperate with all recommendations and treatment protocol as provided by the therapist. Both parties and the children shall sign any waivers necessary to allow the Guardian ad Litem to meet and speak with the therapist(s).

6) Dr. Phyllis Amabile, MD is appointed as a 604.10(b) Evaluator pursuant to separate Order. The commencement of the evaluation with Dr. Amabile (and the scheduling appointments, etc.) is hereby stayed for 30 days. However, this order shall be sent to Dr. Amabile so that the case may placed in her "queue" and the parties shall pay any retainer or deposit that may be required by Dr. Amabile on a 50/50 basis, without prejudice, subject to reallocation, in order to secure their spot in her "queue".

7) This matter is set for Pre-Trial Conference, and GAL oral report, on January 27, 2023 at 12:30 p.m. via ZOOM. Any unresolved pleadings shall be discussed in said Pre-Trial Conference. The status of family therapy and the issue of whether or not Dr. Amabile's

appointment shall continue to be stayed or not shall also be discussed at said Pre-Trial Conference.

8) Both parties are restrained and enjoined from speaking to the minor children about any Court proceedings, including but not limited to the Court's appointment of Dr. Amabile, and/or the 604.10(b) evaluator or evaluation process. The parties are restrained and enjoined from sharing ANY Court orders, pleadings, emails, or other documents or writings surrounding this case with the children. The parties are permitted to speak with the children about this Court's order regarding family therapy as well as any information regarding scheduling. Neither parent shall speak to the children about the substance or content of their family therapy sessions outside of a therapeutic setting unless specifically recommended by the family therapist

_____          _____ #1766

DATED                            COURT

Joseph P. O'Brien
joe@opalobrien.com
OPAL O'BRIEN LLC #59789
310 S. County Farm Road, Suite D
Wheaton, Illinois 60187
(630) 384-0165
Electronic Service: service@opalobrien.com

C 337

4215  4253  4386  4388  4389  4406  4572  4574
4578  4617  4621  4622  4623  7288  7289  7701
Circuit Court Rule 13.4(f) Consolidated Referral Order                    (09/15/22) CCDR 0009 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☑ Marriage   ☐ Civil Union   ☐ Legal Separation   ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)   ☐ Support   ☐ Parentage of:

| Kenton Girard | | Case No. | 2015 D 9633 |
|---|---|---|---|
| | ENTERED<br>Judge William Stewart Boyd-1760 Petitioner<br>and<br>FEB 03 2023<br>IRIS Y. MARTINEZ<br>CLERK OF THE CIRCUIT COURT<br>OF COOK COUNTY, IL Respondent | Calendar | 32 |
| Jane Girard | | ○ Prejudgment<br>◉ Post Judgment | |

### CIRCUIT COURT RULE 13.4(F) CONSOLIDATED REFERRAL ORDER

**THIS MATTER** having been represented as involving allocation of parental responsibilities and/or visitation (non-parent) of the child(ren) of the parties, or dissolution of marriage or civil union,

**IT IS HEREBY ORDERED** that the matter is referred as follows:

A.  Type of Referral and Agency

☐  **Hearing Officer.** The parties and their attorneys (if applicable) are to meet with a Hearing Officer immediately or schedule an appointment with a Hearing Officer to address:

☐ Order of Support                                    ☐ Drafting Agreed Judgment
☐ Drafting Agreed Parenting Plan
☐ Contested Financial Issue                      ☐ Other _____
☐ Drafting of Order or Agreement

☐  **Parent Education.** The ☐ Petitioner and/or ☐ Respondent is (are) ordered to complete a parent education course pursuant to Illinois Supreme Court Rule 924:

○  In person at a **Family Mediation Services - Focus on Children** course, located at G. W. Dunne Bldg, 69 W Washington, Ste 1000, Chicago, IL 60602; Telephone: (312) 603-1540
Email: DRD.Family@cookcountyil.gov.
Please be advised that courses at this location are offered in English and Spanish and interpreter services can be arranged for parents speaking other languages.

○  In person at a **Family Mediation Services - Focus on Children** course, in Suburban Municipal

District _____ located at _____

○  Online via **Children in Between** located at online.divorce-education.com.
The fee assessed for course participation is to be  ☐ $50.00 for the  ☐ Petitioner  ☐ Respondent

☐  Set at $ _____ for the  ☐ Petitioner  ☐ Respondent
or  ☐ waived for the  ☐ Petitioner  ☐ Respondent.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 4

C 342

**Circuit Court Rule 13.4(f) Consolidated Referral Order**      (09/15/22) CCDR 0009 B

☐   **Family Mediation Services – Children and Teens Speak.** The   ○ Petitioner,   ○ Respondent, or

○ _____ will register the child(ren),

namely _____, for Children and Teens Speak via Family Mediation Services within seven (7) days of the entry of this order and bring them to their scheduled class located at G. W. Dunne Bldg, 69 W Washington, Ste 1000, Chicago, IL 60602; Telephone: (312) 603-1540, E-Mail: DRD.Family@cookcountyil.gov.

☐   **Family Mediation Services (FMS).** The parties and their attorneys (if applicable) shall participate in   ☐ Conciliation   ☐ Mediation   ☐ Reconciliation   ☐ Emergency Intervention to address the following issues:

_____

_____

with FMS located at ○ G. W. Dunne Bldg, 69 W Washington, Ste 1000, Chicago, IL 60602; Telephone: (312) 603-1540, E-Mail: DRD.Family@cookcountyil.gov or

○ Suburban Municipal District _____ located at _____.

The   ☐ Petitioner   ☐ Respondent, or   ☐ Attorney for _____ shall E-Mail this order to DRD.Family@cookcountyil.gov. Focus on Children must be completed prior to attending mediation. If the parties are ordered to participate in Emergency Intervention, they or their attorneys must contact FMS immediately.

☐   **Family Mediation Services – Forensic Clinical Services Department (FCSD).** The parties must participate in and cooperate with an evaluation to address the following issues:

_____

_____

via the FCSD located at G. W. Dunne Bldg, 69 W Washington, Ste 1000, Chicago, IL 60602; Telephone: (312) 603-1540, E-Mail: DRD.Family@cookcountyil.gov.

☐   **Family Mediation Services – Family Supportive Services (FSS).** The parties shall ☐ participate in a home-based social investigation;   ☐ submit to LEADS background checks (criminal history for all household members ages 18 and above);   ☐ submit to CANTS background checks (abuse and neglect history for all household members ages 13 and above); and   ☐ cooperate in obtaining reports concerning the health and education of the child(ren) involved in this case.

The FSS shall provide a recommendation concerning   ☐ Parenting Time;   ☐ Parenting Responsibility; ☐ Relocation of the Child(ren); and/or

☐ Other: _____

The   ☐ Petitioner;   ☐ E-Mail: DRD.Family@cookcountyil.gov; or

☐ Attorney for _____ shall deliver this order via E-Mail: DRD.Family@cookcountyil.gov

C 343

**Circuit Court Rule 13.4(f) Consolidated Referral Order**               **(09/15/22) CCDR 0009 C**

☑ **Private Evaluation.** The parties must participate in and cooperate with an evaluation conducted pursuant

to __750__ ILCS __604.10(b)__ to address the following issues:

All post-decree parenting issues/all pending post-decree pleadings and expedited analysis/determination of

of minor children's resist/refusal behaviors _____ via

Name: __Dr. Phyllis Amabile, M.D.__

Address: __4200 W. Peterson Avenue #103, Chicago, IL 60646__

Telephone and Contact: __773-777-4516__

Costs shall be paid by: __equally (50/50) between the parties__

B. Special Considerations.

☐ Pending DCFS Investigation   ☐ Shelter Care   ☐ Other Pending Proceedings   ☐ Order of Protection

☐ Interpreter required for  ☐ Petitioner  ☐ Respondent  ☐ child(ren) language _____.

C. Unless otherwise provided by court order, all Forensic Clinical Services Department (FCSD) evaluations, Family Supportive Services (FSS) reports, and reports or evaluations for Private Resources shall be in writing and sent to the Court and all attorneys of record ten (10) days prior to the date set forth in paragraph D below.

D. This matter is set for status on __4/24/23__ at __9:00__ ◉ AM ○ PM in courtroom __1603__

located at __Richard J. Daley Center via ZOOM__ . The Parties and their attorneys shall appear.

E. Unless otherwise stated in Section A above, for all referrals, the ☐ Petitioner ☐ Respondent or

☑ Attorney for __Respondent__ shall contact the referred agency within ten (10) days of the entry of this order and transmit all appropriate pleadings with this order within ten (10) days of the entry of this order. All parties shall promptly and fully comply with the requirements of any referred agency.

F. Party, Children, and Attorney Contact Information

|  | Petitioner | Petitioner's Attorney |
|---|---|---|
| Name | Kenton Girard | Joe O'Brien / Opal O'Brien LLC |
| Address | 965 Forestway Drive Glencoe IL 60022 | 310 South County Farm Road, Suite D, Wheaton, Illinois 60187 |
| Date of Birth | 7/14/75 | No response required. |
| Phone Number | 773-575-7035 | 630-384-0165 |
| Email Address | kg5252@yahoo.com | joe@opalobrien.com |

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

C 344

**Circuit Court Rule 13.4(f) Consolidated Referral Order**      **(09/15/22) CCDR 0009 D**

|  | Respondent | Respondent's Attorney |
|---|---|---|
| Name | Jane Girard | Beermann LLP |
| Address | 90 Linden Avenue<br>Glencoe, IL 60022 | 161 North Clark Street, #3000<br>Chicago, IL 60601 |
| Date of Birth | 5/30/77 | No response required. |
| Phone Number | 847-372-6736 | 312-621-9700 |
| Email Address | janeous@yahoo.com | kpaige@beermannlaw.com |

| Child(ren) | | Attorney | |
|---|---|---|---|
| Name | Grace Girard | Role | ☐ Child's Representative<br>☐ Attorney for the Child<br>☑ Guardian ad Litem |
| Date of Birth | 2/15/08 | | |
| Living with | Petitioner | | |
| | | Name | Vanessa Hammer |
| Name | Gwen Girard | Address | 77 West Wacker Drive, Suite 4500<br>Chicago, Illinois 60601 |
| Date of Birth | 2/15/08 | | |
| Living with | Petitioner | | |
| Name | | | |
| Date of Birth | | Phone number | 312-372-6058 |
| Living with | | Email address | vhammer@hsqlawfirm.com |

Atty. No.: 80095

Name: Beermann LLP

Atty. for: Respondent

Address: 161 North Clark Street, 3000

City/State/Zip: Chicago, IL 60601

Telephone: 312-621-9700

Primary Email: kpaige@beermannlaw.com

ENTERED:

Dated: _____

_____ #1766
Judge          Judge's No.

C 345

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF   )
)
KENTON GIRARD,             )
        Petitioner,    )
)
   and              )   No.   2015 D 009633
)
JANE GIRARD,              )
        Respondent.  )

*ENTERED*
Judge William Stewart Boyd-1760
FEB 03 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

**THIS MATTER** coming before the Court for Pretrial Conference and for the Guardian Ad Litem's Report; both parties being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.    The stay of Dr. Phyllis Amabile's 604.10(b) evaluation is hereby lifted over Petitioner's objection. The Petitioner and Respondent shall both, individually, contact Dr. Amabile immediately, but no later than end of business day on February 7, 2023, to schedule their individual intakes with Dr. Amabile and to begin the 604.10(b) evaluation process.

2.    This matter is set for status of the family reunification therapy, 604.10(b) evaluation, and all other unresolved pleadings on April 24, 2023 at 9:00 a.m. via Zoom.

ENTERED:

_____ #1760

JUDGE

Karen V. Paige (#6291871)
Candace L. Meyers (#6290120)
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsglawfirm.com

C 346

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
        Petitioner, )
)
    and )    No.    2015 D 009633
)
JANE GIRARD, )
        Respondent. )

**ENTERED**
Judge William Stewart Boyd-1760
**MAY 15 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

    **THIS MATTER** coming before the Court for Status and Therapy; both parties being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

    **IT IS HEREBY ORDERED:**

    1.    Hearing on Jane's Motion to Join Third Party, Kenton's Motion for In Camera, Kenton's Motion to Terminate Therapy and Kenton's Motion to Enter Qualified Medical Support Order shall proceed on the previously-set date of May 26, 2023 at 8:00 a.m. via Zoom before Judge William S. Boyd.

ENTERED:   **NUNC PRO TUNC** 3/17/23

_____ #1760
JUDGE

Karen V. Paige (#6291871)
Candace L. Meyers (#6290120)
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF

KENTON GIRARD,

          Petitioner,

and

JANE GIRARD,

          Respondent.

No.  2015 D 009633
Cal.  32

**ENTERED**
Judge William Stewart Boyd-1760
MAY 3 1 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## QUALIFIED MEDICAL CHILD SUPPORT ORDER

THIS CAUSE coming on to be heard pursuant to §§505 and 505.2 of the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/505 and 750 ILCS 5/505.2, and §609 of the Employee Retirement Income Security Act, 29 USC §1169, the Court finding that the children of the parties are eligible under the BlueCross BlueShield of Illinois health plan for continuation of coverage and that such children have designated the Petitioner, **KENTON GIRARD**, as a representative for any and all information and documents concerning the minor children of KENTON GIRARD and JANE GIRARD, and the Court having jurisdiction over the parties hereto and the subject matter hereof:

**IT IS HEREBY FOUND:**

    A.     JANE GIRARD is the Participant in a Medical Plan that covers the minor children of the parties. The Court and the parties desire to allow KENTON GIRARD access to medical information only relating to the minor children of KENTON GIRARD and JANE GIRARD. To the extent permitted by the health insurance plan, this Court is directing this QMCSO to be entered to allow KENTON GIRARD to be the Designated Representative of the Alternate Recipients identified herein, specifically GRACE GIRARD and GWEN GIRARD.

**IT IS HEREBY ORDERED:**

1.   THIS ORDER is intended to serve as a Qualified Medical Child Support Order ("QMCSO") which orders the Medical Plan specified below to provide medical benefits to the children of the Petitioner, KENTON GIRARD, and the Respondent, JANE GIRARD ("Participant"), namely **GRACE GIRARD (DOB XX/XX/2018)** and **GWEN GIRARD (DOB XX/XX/2018)**, who are named below ("Alternate Recipients") pursuant to a Judgment for Dissolution of Marriage entered on November 4, 2015, and in accordance with Section 609 and other relevant sections of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and Section 505.2 of the Illinois Marriage and Dissolution of Marriage Act.

C 501

2. The Medical Plan subject to this Order is as follows:

> BlueCross BlueShield of Illinois, Group #778092, Identification/Subscriber #AXV843787859, ("Medical Plan") for JANE GIRARD or successor plans.
>
> Plan Administrator:
>
>     a.  Name:
>     b.  Address

3. The Participant in this Medical Plan is JANE GIRARD, the Respondent.

> The Participant's Address, Social Security Number and Date of Birth is set forth on Exhibit "A" to this QMCSO which is incorporated by reference and for privacy reasons will not be entered into the court record.

4. The Alternate Recipients are **GRACE GIRARD (DOB XX/XX/2018)** and **GWEN GIRARD (DOB XX/XX/2018).**

> The Alternate Recipients' Addresses, Social Security Numbers and Dates of Birth are set forth on Exhibit "A" to this QMCSO which is incorporated by reference and for privacy reasons will not be entered into the court record.

5. The Designated Representative of the Alternate Recipients is KENTON GIRARD. KENTON GIRARD is a custodial parent with JANE GIRARD. This Order provides KENTON GIRARD with rights as a Designated Representative in addition to those that JANE GIRARD has as the Participant; however, such rights are not to supersede those provided to the Participant.

> The Designated Representative's Address, Social Security Number and Date of Birth is set forth on an Exhibit "A" to this QMSCO which is incorporated by reference and for privacy reasons will not be entered into the court record.

6. The Alternate Recipients shall receive the following benefits by the Medical Plan: The coverage currently available to the participant or which may subsequently be available to said participant under the Medical Plan in existence at the time.

7. The plan shall notify the Alternate Recipients and the Designated Representative of any amendment or modification to the Plan, or any termination or merger of the Medical Plan, which would result in this coverage becoming unavailable to the Alternate Recipients.

8. The period to which the order applies shall be from the date of the entry of this Order to the first to occur of the Alternate Recipients completing their post-secondary education or reaching their 25th birthday.

9. The Designated Representative is deemed to have been appointed by the Alternate Recipients to receive copies of notices, explanation of benefits, health insurance policies, explanation booklets, plan descriptions, or any modifications or amendments thereto, insurance identification cards, provide directories, claims forms, and any other documentation necessary for the Designated Representative to utilize said health insurance

C 502

coverage for the benefit of the Alternative Recipients.

10. **Representative Duties.** Both the Participant and the Designated Representative of the Alternate Recipients may submit claims for reimbursement to the Plan and the Plan shall reimburse that party directly for any payment of benefits made pursuant to this Order in reimbursement of expenses actually paid. Both parties shall submit requests for reimbursement pursuant to plan provisions, and the party receiving reimbursements shall divide all reimbursements received from the Plan pursuant to the terms of the Judgment for Allocation of Parental Responsibilities Incorporating Agreed Parenting Plan where applicable.

11. This Order does not require the Medical Plan (or any successor Medical Plan) to provide any type or form of benefit, or any option, not otherwise provided under the Medical Plan (or any successor Medical Plan).

12. It is intended by the parties that this Order will qualify as a Qualified Medical Child Support Order pursuant to ERISA Section 609 (29 U.S.C.A. Section 1169), and subsequent amendments, and that it will be interpreted and administered as such.

The Court retains jurisdiction to amend this Order for the purpose of establishing or maintaining the Order as a Qualified Medical Child Support Order; and further, the Court may amend this Order to revise or conform its terms so as to effect the expressed provisions of the Order, the parties' Judgment or Supplemental Judgment previously entered, as well as to enforce this Order against successor medical insurance plans, to provide coverage for a child who moves out of the service area, or to modify this Order to comply with the requirements of ERISA section 609 (29 U.S.C.A. Section 1169).

13. Copies of this QMCSO shall be forwarded to the Plan Administrator by counsel for **JANE GIRARD**. The Plan Administrator shall follow procedures consistent with Section 609(a) of ERISA for determining the qualified status of this Order.

| | | |
|---|---|---|
| Attorney No. 59789 | Attorney No. 80095 | Attorney No. 64937 |
| **Opal O'Brien LLC** | **Beermann LLP** | **Vanessa L. Hammer, Esq.** |
| Attorneys for Petitioner | Attorneys for Respondent | *Guardian Ad Litem* |
| 310 S. County Farm, Suite D | 161 N. Clark, Suite 3000 | 77 W. Wacker, Suite 4500 |
| Wheaton, IL 60187 | Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| (630) 384-0165 | (312) 621-9700 | (312) 372-6058 |
| joe@opalobrien.com | kpaige@beermannlaw.com | vhammer@hsqlawfirm.com |

ENTERED:

_#1766_

JUDGE
DATE:

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
        Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
        Respondent, )
)
   and )
MARISSA GIRARD, )
        Third Party Respondent )

**ENTERED**
Judge William Stewart Boyd-1760

**MAY 3 1 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

**THIS MATTER** coming before the Court for hearing on, Kenton's Motion to Terminate Therapy and for In Camera Interview filed February 23,2023, Kenton's Motion to Enter Qualified Medical Support Order filed February 2, 2023, and Jane's Motion to Join Third Party filed on March 8, 2023; both parties present and being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer; Marissa Girard appearing pursuant to Trial Subpoena and then her appearance being excused and placed in a breakout room by the Court; the Court having reviewed the courtesy copies of all pleadings, and case law submitted by Beermann LLP, Jane's counsel; jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.   The requested relief in Kenton's Motion to Terminate Therapy and for In Camera Interview – Count I regarding therapy is granted in part insofar as therapy with Gwenn Waldman is <u>stayed</u> pending Dr. Amabile's investigation and report;

2.   The Court reserves ruling on the requested relief in Kenton's Motion to Terminate Therapy and for In Camera Interview Count II;

3.   Jane's Motion to Join Third Party is granted. Summons to Marissa Girard shall issue;

4.   Jane is granted 7 days to amend her Verified Petition for Continuing Abuse of Parenting Time and Violation of the Terms of the Joint Parenting Agreement; Kenton is thereafter granted 28 days to respond; Jane is granted 14 days to reply should she choose;

5.   Kenton's Motion to Enter Qualified Medical Child Support Order ("QMSCO"is resolved via agreement and the QMSCO shall be entered under separate cover;

C 504

6.  All pending pleadings are entered and continued. This matter is set for pretrial conference and status of the 601.10(b) evaluation/report, and all pending pleadings, on August 9, 2023 at 11:30 a.m. via zoom.

ENTERED:

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

C 505

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
       Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
       Respondent, )
)
   and )
MARISSA GIRARD, )
       Third Party Respondent )

> **E N T E R E D**
> Judge William Stewart Boyd-1760
> **JUN 16 2023**
> IRIS Y. MARTINEZ
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

**ORDER**

THIS MATTER coming before the Court for presentment of Respondent's *Motion to Compel Compliance with Discovery*; the parties being represented by their counsel; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.    Petitioner is granted twenty-eight (28) days to respond to Respondent's *Motion to Compel Compliance with Discovery*.

2.    The *Motion to Compel Compliance with Discovery* is set for hearing on August 9, 2023 at 11:30 a.m.

ENTERED:

_____ #1760

**JUDGE**

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

## · IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF   )
                                       )
KENTON GIRARD,                       )
           Petitioner,           )
                                       )
      and                     )   No.   2015 D 009633
                                       )
JANE GIRARD,                       )
                 Respondent,     )
                                       )
      and                     )
MARISSA GIRARD,               )
           Third Party Respondent )

ENTERED
Judge William Stewart Boyd-1760
JUL 18 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

THIS MATTER coming before the Court for Respondent's oral presentment of Motion for Temporary Restraining Order, Motion to Appoint a Child Representative, Petitioner's Motion to Modify the Joint Parenting Agreement and Custody Judgment, Respondent's Motion to Enforce the Joint Parenting Agreement and Custody Judgment, Respondent's Motion for Service by Special Order of Court; the parties being represented by their counsel and appearing on zoom, GAL appearing on zoom; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

4217

**IT IS HEREBY ORDERED:**

1.      Petitioner's Motion to Modify the Joint Parenting Agreement and Custody Judgment and Respondent's Motion to Enforce the Joint Parenting Agreement and Custody Judgment are entered and continued;

2.      Respondent's Motion for Service by Special Order of Court is resolved as Eric Pfanenstiel filed his Appearance on behalf of Marissa Girard;

3.      The Court, *sua sponte*, appoints Joel Levin as the Child Representative pursuant to separate order of court.

4.    Respondent's oral presentment of Motion for Temporary Restraining Order is pending filing of written Motion and continued to July 19, 2023 at 10:45 a.m. via zoom.

ENTERED:

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Eric Pfanenstiel
epfanenstiel@jbpfamilylaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsglawfirm.com

C 575

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
                                 )
KENTON GIRARD,               )
         Petitioner,        )
                                 )
    and                       )   No.    2015 D 009633
                                   )
JANE GIRARD,               )
         Respondent,       )
                                   )
    and                       )
MARISSA GIRARD,        )
         Third Party Respondent    )

ENTERED
Judge William Stewart Boyd-1760
JUL 25 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

THIS MATTER coming before the Court on July 25, 2023 for status; Counsel for each of the parties and the Third-Party Respondent, the Guardian Ad Litem, and the Child Representative appearing via Zoom; the Court having jurisdiction over the parties and subject matter herein and being otherwise fully advised in the premises;

**The Court FINDS:**

1. A Children's Representative was appointed pursuant to Section 506 of the IMDMA in this matter on or about July 14, 2023.

2. A forensic evaluation was previously ordered pursuant to Section 604.10(b) of the IMDMA, and said evaluation is in progress.

3. Based upon the appointment of the Children's Representative and the ongoing 604.10(b) evaluation, the Court has sufficient resources to assist the Court in the determination of the children's best interests. Therefore, multiple appointments with respect to the best interest of the children would be duplicative and not in the interests of judicial economy.

4. Counsel for the parties and third-party respondent raised no objection to the discharge of the previously appointed Guardian ad Litem.

1

C 596

**THEREFORE, IT IS HEREBY ORDERED:**

      1.    Vanessa L. Hammer is hereby discharged as the Guardian ad Litem in this matter, *instanter*.

                         ENTERED:

                         _#1766_

                         JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Eric Pfanenstiel
Attorney for Third Party Respondent
epfanenstiel@jbpfamilylaw.com

Joel Levin, Children's Representative
jlevin@levinfamilylaw.com
service@levinfamilylaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
                                                     )
KENTON GIRARD, )
         Petitioner, )
                                            )
                                            ) No.   2015 D 009633
and )
                                            )
JANE GIRARD, )
         Respondent, )
                                            )
and )
MARISSA GIRARD, )
         Third Party Respondent )

**ENTERED**
Judge William Stewart Boyd-1760
**JUL 25 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## <u>ORDER</u>

       THIS MATTER coming before the Court for status on July 19, 2023, pursuant to the Court's Order on July 14, 2023; the Court having reviewed courtesy copies of Respondent's *Emergency Motion for Temporary Restraining Order and For Other Relief*, Kenton's *Response to Emergency Petition for TRO*, and Third-Party Respondent's *Response to Emergency Petition for Temporary Restraining Order, and for Other Relief*; the parties each present on Zoom; each party's counsel, the Guardian Ad Litem and the Child Representative appearing via Zoom; the Court having met with all counsels in a breakout room and having heard argument from counsels, a status from the Child Representative of his upcoming appointments with Kenton and Jane, and a report from the GAL, between 10:45 a.m. and 11:45 a.m., at the conclusion of which the Court made the order set forth herein; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

     **IT IS HEREBY ORDERED:**

       1.  Respondent's *Emergency Motion for Temporary Restraining Order and For Other Relief* is granted in part, specifically as to the deletion of social media postings as set forth herein and not allowing any further posting as set forth herein; and denied in part, specifically as to paragraphs c. – f on page 8 of said pleading, including Jane's requested relief for the Court to order the children's cell phones and other electronic devices to be placed with the Child Representative.

       2.  Kenton Girard, Petitioner (hereinafter "Kenton"), and Marissa Girard, Third Party Respondent (hereinafter "Marissa"), shall oversee the

deletion of all of the minor children's social media postings which relate to the instant litigation/ case, including but not limited to postings that relate to this case on: Instagram accounts (including but not limited to ), TikTok accounts, Facebook accounts, and/or any other social media accounts, platforms and/or web sites. Kenton and Marissa shall oversee that the children delete all such postings within 24 hours of this Court's Order.

3. Kenton Girard, Petitioner, and Marissa Girard, Third Party Respondent, shall instruct the minor children, and shall oversee, that neither child shall post any social media postings related to the instant litigation.

4. The Court finds that the children have the relationship with Kenton and reside solely with Kenton and Marissa (though not via Court Order); as such, Kenton shall inform the children of the appointment of the Child Representative, Joel Levin, prior to the children's first meeting with him.

5. Kenton and Marissa shall oversee and shall instruct the children not to communicate with or be interviewed by any reporters, media personalities, and the like. ~~Likewise, no party to this case shall communicate with or be interviewed by any reporters, media personalities and the like.~~ *WSB*

6. Pre Trial date of August 9, 2023 at 11:30 a.m., previously set by the Court, stands. All pending Motions of the parties, including but not limited to Kenton's Motions for In-Camera Interview, are entered and continued to said Pre-Trial.

ENTERED:

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers          Joseph P. O'Brien          Vanessa Hammer
**BEERMANN LLP**           **Opal O'Brien LLC**       **Guardian ad Litem**
Attorneys for Respondent   Attorneys for Petitioner   vhammer@hsqlawfirm.com
161 N. Clark St., Ste. 3000  joe@opalobrien.com
Chicago, IL 60601          service@opalobrien.com
Tel: 312-621-9700          Firm No. 59789
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

C 599

Eric Pfanenstiel
Attorney for Third Party Respondent
epfanenstiel@jbpfamilylaw.com

Joel Levin, Children's Representative
jlevin@levinfamilylaw.com
service@levinfamilylaw.com

Page 3 of 3

C 600

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF   )
   )
KENTON GIRARD,   )
       Petitioner,   )   No. 15 D 009633
   )   Cal. 45
   and   )
   )
JANE GIRARD,   )
       Respondent,   )
   )
   and   )
   )
MARISSA GIRARD,   )
       Third-Party Respondent.   )

**ENTERED**
Judge William Stewart Boyd-1760
**AUG 07 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

      This matter coming before the Court upon Third-Party Respondent, MARISSA GIRARD's, oral motion for leave to amend her Response to Emergency Petition for Temporary Restraining Order, and for Other Relief; Petitioner and Respondent being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer, and Child Representative, Joel Levin; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

      **IT IS HEREBY ORDERED:**

1. Marissa Girard's oral motion for leave to amend scrivener's error in her Response to Emergency Petition for Temporary Restraining Order is granted.

Dated: <u>July 19, 2023</u>

ENTER:

_____ #1760

JUDGE

JACKSON BUCKLEY & PFANENSTIEL, LLP
Attorney for Third-Party Respondent
1044 N. Western Avenue, Suite F
Lake Forest, Illinois 60045
Telephone No. (847) 457-4848
Service: <u>Service@jbpfamilylaw.com</u>

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

**IN RE THE FORMER MARRIAGE OF:**

| | | |
|---|---|---|
| KENTON GIRARD, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. **2015 D 009633** |
| | ) | Calendar **32** |
| JANE GIRARD, | ) | |
| **Defendant.** | ) | |

ENTERED
Judge William Stewart Boyd-1760
AUG 16 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER AUGUST 9, 2023

This matter coming before the Court for Pre-Trial Conference, and for presentment of Jane's Petition for Indirect Civil Contempt, and presentment of Kenton's Motion to Stay, the attorneys appearing, the child representative Joel Levin appearing, the Court conducting a Pre-Trial Conference; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1) Dr. Amabile's 604.10(b) Report shall not be released to any party, attorney, or the attorney for the children, or the previously appointed Guardian ad Litem, or to any individual, until further Order of Court.

2) The attorney for the children, Joel Levin, shall contact Dr. Amabile to inform Dr. Amabile that she is not to release her report until further Order of Court.

3) Joel Levin's oral motion to seal the file is denied.

4) The attorneys are ordered to participate in a settlement conference before the next Court date.

5) This matter is set for status of settlement on September 14, 2023 at 3:00 p.m. on ZOOM.

_____          _____ #1760

DATED          COURT

**Joseph P. O'Brien**
joe@opalobrien.com
**OPAL O'BRIEN LLC** *#59789*
310 S. County Farm Road, Suite D
Wheaton, Illinois 60187
(630) 384-0165
Electronic Service: **service@opalobrien.com**



No. 1-23-1372

## IN THE APPELLATE COURT OF ILLINOIS, FIRST JUDICIAL DISTRICT

IN RE: THE FORMER MARRIAGE OF   )
   )
KENTON GIRARD,   )
     Petitioner,   )
   )
     and   )   On appeal from the Circuit Court
   )   of Cook County
JANE GIRARD,   )   Domestic Relations Division
     Respondent/Appellee,   )   No. 2015 D 009633
   )   Honorable Judge William Stewart Boyd
     and   )   Judge Presiding
   )
MARISSA GIRARD,   )
     Third-Party Respondent/Appellant.   )

## ORDER

This matter coming before the Appellate Court of Illinois, First Judicial District, on Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Appellant/Third-Party Respondent, *Instanter* pursuant to Illinois Supreme Court Rule 13, proper notice having been given to the Appellant/Third-Party Respondent, and the court being advised in the premises, IT IS HEREBY ORDERED:

    1.    Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Appellant/Third-Party Respondent, *Instanter*, is granted.

    2.    Ms. Girard shall file an Appearance either through counsel or as a *pro se* litigant with the Appellate Court of Illinois, First Judicial District, by September 4, 2023.

ENTERED:

Terrence Lavin
_____
JUSTICE

Prepared by:
JACKSON BUCKLEY & PFANENSTIEL, LLP
ARDC No. 6300551
1044 N. Western Avenue, Suite F
Lake Forest, Illinois 60045
Telephone No. (847) 457-4848
Service: Service@jbpfamilylaw.com

**ORDER ENTERED**

**AUG 2 8 2023**

APPELLATE COURT FIRST DISTRICT

No. 1-23-1361

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

IN RE THE FORMER MARRIAGE OF:

| | |
|---|---|
| KENTON GIRARD<br>　　　Petitioner/Appellant, | )<br>)<br>) | Appeal to the Appellate Court of Illinois<br>from the Circuit Court of<br>Cook County, Illinois |
| and | )<br>) | Domestic Relations Division |
| JANE GIRARD,<br>　　　Respondent/Appellee. | )<br>) | No. 2015 D 009633 |
| | )<br>) | The Honorable William S. Boyd, |
| and | )<br>) | Judge Presiding |
| MARISSA GIRARD,<br>　　Third-Party Respondent/Appellant. | )<br>)<br>) | |

### ORDER

This matter coming before the Appellate Court of Illinois, First Judicial District, on OPAL O'BRIEN LLC's Motion to Withdraw as Counsel for Appellant/Petitioner, *Instanter* pursuant to Illinois Supreme Court Rule 13, proper notice having been given to the Appellant/Petitioner, and the court being advised in the premises, IT IS HEREBY ORDERED:

1.　OPAL O'BRIEN LLC's Motion to Withdraw as Counsel for Appellant/Petitioner, *Instanter*, is granted.

2.　Mr. Girard shall file an Appearance either through counsel or as a *pro se* litigant with the Appellate Court of Illinois, First Judicial District, on or before September 5, 2023.

ENTERED: <u>Terrence Lavin</u>
 JUSTICE

Prepared by:
Joseph P. O'Brien
OPAL O'BRIEN LLC
Attorneys for Appellant/Petitioner
310 S County Farm Road, Suite D
Wheaton, Illinois 60187
Telephone No. (630) 384-0165
ARDC # 6297312

## ORDER ENTERED

AUG 2 9 2023

**APPELLATE COURT FIRST DISTRICT**

**IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS**
**DOMESTIC RELATIONS DIVISION**

IN RE THE FORMER MARRIAGE OF: )
                                      )
KENTON GIRARD, )
                                      )
     Petitioner, )        15 D 9633
                                      )
JANE GIRARD, )
                                      )
     Respondent, )
                                      )
     and )
                                      )
MARISSA GIRARD, )
                                      )
     Third-Party Respondent. )

> **ENTERED**
> Judge William Stewart Boyd-1760
> **AUG 3 0 2023**
> IRIS Y. MARTINEZ
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

**ORDER**

    This cause coming to be heard on Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Third-Party Respondent, *Instanter*, the Third-Party Respondent, MARISSA GIRARD having been given notice and being present in open court via Zoom, Carly Kenny appearing on behalf of Jackson Buckley & Pfanenstiel LLP, Petitioner appearing personally and through counsel, Respondent appearing through counsel, Joel Levin appearing as the Child Representative, and the Court being fully advised in the premises and having jurisdiction over the parties and subject matter:

    IT IS HEREBY ORDERED:

    1.    Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Third-Party Respondent, Marissa Girard, is granted. Jackson Buckley & Pfanenstiel, LLP is given leave to withdraw as counsel for Marissa Girard, *instanter*. Jackson Buckley & Pfanenstiel, LLP is given leave to file a Petition for Attorneys' Fees and Costs, if necessary.

    2.    Marissa Girard (the previously represented party) is granted leave to file her appearance, either *pro se* or otherwise, *instanter*, with the Clerk of the Circuit Court of Cook County within 21 days, on or before September 19, 2023.

                       ENTERED:

                                               #1760
                                          JUDGE

Prepared by:
JACKSON BUCKLEY & PFANENSTIEL, LLP
Attorney No. 99796
1044 N. Western Avenue, Suite F
Lake Forest, Illinois 60045
Telephone No. (847) 457-4848
Service: Service@jbpfamilylaw.com



Service Emails:

Joseph P. O'Brien (Former Attorney for Kenton Girard)
joe@opalobrien.com
service@opalobrien.com

Kenton Girard (Petitioner)
kg5252@yahoo.com

Eric R. Pfanenstiel (Former Attorney for Marissa Girard)
epfanenstiel@jbpfamilylaw.com
service@jbpfamilylaw.com

Marissa Girard (Third-Party Respondent)
marissadakis@gmail.com
service@2015d009633.co.site

Enrico J. Mirabelli (Attorneys for Respondent)
ejmirabelli@beermannlaw.com
Karen V. Paige
kpaige@beermannlaw.com
Candace L. Meyers
clmeyers@beermannlaw.com
Martha Steele
msteele@beermannlaw.com
Patricia A. Rice
parice@beermannlaw.com

Joel J. Levin (Child Representative)
jlevin@levinfamilylaw.com

Order Regarding Substitution of Judge or Recusal                    (Rev. 12/01/20) CCDR 0634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☑ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

KENTON GIRARD
_____      No.: 2015 D 009633
Petitioner
                        and
                                              Calendar: C
JANE GIRARD
_____
Respondent

MARISSA GIRARD
_____
Third Party Respondent

### ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☐ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge filed by the

☑ Petitioner ☐ Respondent 4100 ☐          8283 ☑ for cause, the above entitled cause is

hereby transferred to the 8282 ☑ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE OF

Team _____ for reassignment <u>for hearing on Petitioner's Motion to Recuse</u>.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred to

the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team _____ for reassignment.

Atty. No.: 80095
Name: Karen V. Paige / Beermann LLP
Attorney for : Respondent, Jane Girard
Address: 161 North Clark Street, Suite 3000
City/State/Zip Code: Chicago, IL 60601                 **ENTERED:**
Telephone: (312) 621-9700                              Dated: _____
Primary Email Address:
kpaige@beermannlaw.com                                 _____ #1766
Secondary Email Address:                               Judge                          Judge's No.
parice@beermannlaw.com
Other Email Address:
_____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE MARRIAGE OF:

Kenton Girard,

        Petitioner,

     v.                                Case No.: 15D9633

Jane Girard,

        Respondent

**Hearing Order**

This matter comes before this court on a trial assignment for Substitution of Judge for cause and the court being fully advised in the premises;

IT IS HEREBY ORDERED this matter shall be heard in person on Friday, October 27, 2023 at 11:00am before the Honorable Naomi Schuster, Calendar 22, Room 3007. The hearing date of October 17, 2023 is stricken.

Copies of this order shall be sent to: kpaige@beermannlaw.com, mdelster@beermannlaw.com, ilevin@levinfamilylaw.com, kg5252@yahoo.com and marissadakis@gmail.com

DATE:
October 18, 2023

                         Acting Presiding Judge Regina Scannicchio

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
              Petitioner, )
)
     and )     No.     2015 D 009633
)
JANE GIRARD, )     Cal. 22
              Respondent, )
)
     and )
)
MARISSA GIRARD, )
              Third Party Respondent. )

**ENTERED**
Oct. 31, 2023
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK

**ORDER**

THIS MATTER coming before the Hon. Naomi H. Schuster for hearing on Petitioner's *Motion to Recuse the Hon. William S. Boyd*, all parties appearing in person, Respondent also appearing through counsel, the Court having considered the parties' respective filings and argument, and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

        1.     For the reasons stated on the record, Petitioner's *Motion to Recuse the Hon. William S. Boyd* is DENIED.

        2.     Respondent is granted leave to file, within 7 days, a motion seeking fees and costs incurred in her defense of Petitioner's *Motion to Recuse* pursuant to Supreme Court Rule 137 and section 508(b) of the IMDMA. Said Motion shall be heard by Judge Boyd.

        3.     This mater shall be transferred back to Calendar C by separate order.

                                ENTERED:

                                 s\ *Naomi H. Schuster 1966*
                                 JUDGE

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

**4201/4282 - Transfer to Judge   4295 - Close Discovery - Allowed**
**8201 - Return for Random Assignment**
Orders of Transfer, Assignment and Reassignment                    (06/16/21) CCDR 0014 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☑ Marriage   ☐ Civil Union   ☐ Legal Separation   ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)   ☐ Support   ☐ Parentage of:

**ENTERED**

KENTON GIRARD

**Oct. 31, 2023**

Petitioner | Case No. | 2015 D 9633

_Iris Y. Martinez_
and | | **Clerk of the Circuit Court**
Calendar | 22 | of Cook County, IL

JANE GIRARD

**DEPUTY CLERK**

Respondent

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

☐   That this cause is transferred to the   ☐ 4852 - Reconciliation Calendar   ☐ 4853 - Military Calendar.

All existing orders shall remain in full force and effect except _____ .

☐   That this cause is transferred to the Collaborative Process Calendar.  All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

☐   That this cause be returned from the   ☐ 4752 - Reconciliation Calendar   ☐ 4753 - Military Calendar
☐ Collaborative Process Calendar.

☐   4282 IT IS ORDERED that the above entitled cause is transferred to Judge _____

Calendar _____ for _____ .

☐   Pretrial  ☐ Contested Motion for _____ .
all other matters being retained by the Preliminary Judge.

☑   4201 IT IS ORDERED that this cause is returned to Judge __William S. Boyd_____

Calendar _C_____ for further proceedings, the transferred matter being concluded.

II. Assignment (Trial)

☐   It is Ordered that:

☐   4295 Discovery is closed as of _____ .

☐   4482 This cause is set for Trial before Judge _____

Calendar _____

Instanter.  All parties or their counsel shall proceed immediately to courtroom _____ .

Note: Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and
Domestic Relations General Order 86 D-1.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Orders of Transfer, Assignment and Reassignment** (06/16/21) CCDR 0014 B

**III. Reassignments to or from Presiding Judge**

☐ 8282 This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is assigned to the Presiding Judge for: ☐ Hearing; ☐ Consolidation within the

Division: Case Number _____ Calendar _____ ;

or ☐ Other _____ .

☐ 8201 Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary ☐ Individual ☐ Post-Judgment ☐ Expedited Child Support

☐ Excluding Calendar(s) _____

ENTERED:

Dated: _10/27/23_

s\ *Naomi H. Schuster* 1966
_____
Judge                    Judge's No.

Atty. No.: 80095

Atty Name: Matthew Elster/Beermann LLP

Atty. for: Respondent

Address: 161 N Clark Street #3000

City: Chicago     State: IL

Zip: 60601

Telephone: 3126219700

Primary Email: kpaige@beermannlaw.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF　　　　)

KENTON GIRARD,　　　　　　　　　　　)
　　　　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　and　　　　　　　　　　　　　　　)　　　No.　　2015 D 009633
　　　　　　　　　　　　　　　　　　　)
JANE GIRARD,　　　　　　　　　　　　)
　　　　　　　　　Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　CAL: C
　　and　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
MARISSA GIRARD,　　　　　　　　　　)
　　　　　　　　Third Party Respondent.　)

**ENTERED**
Judge William Stewart Boyd-1760
**NOV 17 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

**THIS MATTER** coming before the Court for Status and presentation of Respondent's Motion for 137 Sanctions and 508(b) Fees filed 11/6/2023 and Motion to Release Dr. Amabile's Report filed 11/6/2023, due notice given;　Jane Girard represented by counsel appearing on zoom, Petitioner and Third Party Respondent having filed pro se Appearance, Petitioner appearing on Zoom; and the minor children being represented by Joel Levin who appeared on Zoom;　and the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.　Kenton Girard shall pay his outstanding balance in full to Dr. Amabile by December 8, 2023.　The parties reserve the right to review the billing statements and thereafter pose questions regarding same.

1

2.     This matter is set for hearing on Respondent's Motion for 137 Sanctions and 508(b) Fees filed and Motion to Release Dr. Amabile's Report **January 10, 2024 at 8:30 a.m.** via Zoom (Meeting ID: 864 6297 1874 Passcode: 672037)- Calendar C.

3.     This matter is set for hearing on Respondent's Second Petition for Indirect Civil Contempt of Court on **February 9, 2024 at 1:00 p.m., in person 1605**, if rule issues it shall be returnable *instanter*. All parties shall appear.

4.     Petitioner and Third Party Respondent are granted 21 days to respond to the Respondent's Second Petition for Indirect Civil Contempt of Court (if not already responded), Respondent's Motion for 137 Sanctions and 508(b) Fees filed and Motion to Release Dr. Amabile's Report.

ENTERED:

JUDGE

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

From Firstcomm Fax          Thu 29 Feb 2024 10:02:12 AM CST                    Page 3 of 3

Order Regarding Substitution of Judge or Recusal                    (Rev. 12/01/20) CCDR 0634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:   ☑ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
         ☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

**KENTON GIRARD**
_____                   No.: 2015 D 9633
Petitioner
                        and
                                            Calendar: 34
**JANE GIRARD**
_____
Respondent

```
ENTERED
Judge Dominique Ross-2008
FEB 2 9 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

### ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☑ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge timely filed by the

☐ Petitioner ☑ Respondent 4100 ☑ as of right 8283 ☐ for cause, which has been granted, the above entitled cause is

hereby transferred to the 8282 ☒ PRESIDING JUDGE 4201 ☒ PRELIMINARY JUDGE OF

Team ____ C ____ for reassignment.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred

to the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team _____ for reassignment.

Atty. No.: 80095
Name: BEERMANN LLP
Attorney for : Jane Girard
Address: 161 North Clark St. , Suite 3000
City/State/Zip Code: Chicago, IL 60601
Telephone: (312) 627-9700
Primary Email Address:
kpaige@beermannlaw.com
Secondary Email Address:
_____

Other Email Address:
_____

_DCRoss 2008_

ENTERED:
Dated: _____

_____
Judge                    Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

4201/4282 – Transfer to Judge    4295 – Close Discovery – Allowed
8201 – Return for Random Assignment
Orders of Transfer, Assignment and Reassignment                    (06/16/21) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☐ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
        ☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

Kenton Girard
_____
                                    Petitioner

            and

Jane Girard
_____
                                    Respondent

Case No.    2015d9633

Calendar    C

**ENTERED**
MAR 01 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.   Transfers (Temporary)

   ☐  That this cause is transferred to the    ☐ 4852 - Reconciliation Calendar  ☐ 4853 - Military Calendar.

       All existing orders shall remain in full force and effect except _____ .

   ☐  That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including
       access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall
       be stayed, unless other wise expressly provided by law, agreement of the parties, or order by the court.

   ☐  That this cause be returned from the    ☐ 4752 - Reconciliation Calendar  ☐ 4753 - Military Calendar
                                               ☐ Collaborative Process Calendar.

   ☒  4282 IT IS ORDERED that the above entitled cause is transferred to Judge  Trowbridge
                                                                                _____

       Calendar  31 _____  for  all post decree matters _____

   ☐  Pretrial  ☐ Contested Motion for _____
       all other matters being retained by the Preliminary Judge.

   ☐  4201 IT IS ORDERED that this cause is returned to Judge _____

       Calendat _____ for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

   ☐  It is Ordered that:

       ☐  4295  Discovery is closed as of _____ .

       ☐  4482  This cause is set for Trial before Judge _____

              Calendar _____

              Instanter. All parties or their counsel shall proceed immediately to courtroom _____ .

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and
       Domestic Relations General Order 86 D-1.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**                    (06/16/21) CCDR 0014 B

III. Reassignments to or from Presiding Judge

☐ 8282 This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is
assigned to the Presiding Judge for:  ☐ Hearing;  ☐ Consolidation within the

Division: Case Number _____  Calendar _____ ;

or ☐ Other _____ .

☐ 8201 Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary  ☐ Individual  ☐ Post-Judgment  ☐ Expedited Child Support

☐ Excluding Calendar(s) _____

ENTERED:

Dated: _____

Judge Judge Jill Rose Quinn        Judge's No.

MAR 01 2024

Circuit Court ~ 2286

Atty. No.: _____

Atty Name: _____

Atty. for: Order of Court

Address: _____

City: _____  State: _____

Zip: _____

Telephone: _____

Primary Email: _____

Order Regarding Substitution of Judge or Recusal      (Rev. 12/01/20) CCDR 0634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:    ☑ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
       ☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

KENTON GIRARD
_____
Petitioner

and

JANE GIRARD
_____
Respondent

No.: 2015 D 9633

Calendar: 31

## ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☑ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge timely filed by the

☑ Petitioner ☐ Respondent 4100 ☑ as of right 8283 ☐ for cause, which has been granted, the above entitled cause is

hereby transferred to the 8282 ☐ PRESIDING JUDGE 4201 ☑ PRELIMINARY JUDGE OF

Team C _____ for reassignment.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred

to the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team _____ for reassignment.

Atty. No.: 80095
Name: BEERMANN LLP
Attorney for : Jane Girard, Respondent
Address: 161 North Clark St. , Suite 3000
City/State/Zip Code: Chicago, IL 60601
Telephone: (312) 627-9700
Primary Email Address:
kpaige@beermannlaw.com
Secondary Email Address:
clmeyers@beermannlaw.com
Other Email Address:

Judge Bradley R. Trowbridge

APR 05 2024

Circuit Court - 2331

ENTERED:

Dated: _____

Judge _____ Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

**ENTERED**
Apr. 12, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF ... )
                                   )

KENTON GIRARD, ... )
           **Petitioner,** ... )

    **and** ... )     **No.   2015 D 009633**

JANE GIRARD, ... )
           **Respondent,** ... )

    **and** ... )

MARISSA GIRARD, ... )
          **Third Party Respondent.** )

### ORDER

**THIS MATTER** coming before the Court for presentment of Respondent's Motion to Set Trial and Case Management Conference and Motion to Enforce 604.10(b) recommendations and presentation of Petitioner's Motion for Substitution of Judge as of Right (Judge Trowbridge) and Motion for 604.10(c) Evaluation; this matter being reassigned to Judge Goldfarb, Calendar 35, Kenton Girard present having filed his *Pro se* Appearance, attorneys for Jane Girard Beermann LLP present, Joel Levin representing the minor children present all via zoom, the third party respondent not appearing; this Court in Cal. 35 having conducted a pretrial conference;

**IT IS HEREBY ORDERED:**

    1)    Respondent is granted 21 days to respond to Petitioner's Motion for 604.10(c), should she choose;

    2)    Petitioner is granted 21 days to respond to Respondent's Motion to Set Trial and Case Management Conference and Motion to Enforce 604.10(b) Recommendations if not already responded to;

    3)    Within 7 days Kenton shall reach out to Dr. Robert Shapiro to determine the timeline Dr. Shapiro requires for Kenton's 601.10(c) evaluation. On April 26, 2024, Kenton shall report to the Court if he wants to move forward with the 604.10(c) evaluation at his sole cost;

    4)    Kenton and the children's request for an in-camera interview with the Court is agreed to take place at a later agreed-upon date, time, and

protocol. The 604.10(b) report shall be hand- delivered to the Court in Room 2805 in advance of the in-camera interview. The parties shall discuss protocol surrounding the in-camera interview at the April 26, 2024 court date. The parties will schedule the date to exchange proposed protocol on April 26, 2024.

5)    In addition to Paragraph 4 and 5 above, this matter is set for status of Kenton's payment of Joel Levin's fees and for the setting of a 218 Case Management conference on April 26, 2024 at 9:00 a.m. via zoom.

ENTERED:

*Renee Goldfarb*

_____
Judge Renee Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

# Exhibit - C

**ENTERED**

May. 14, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| IN RE: THE FORMER MARRIAGE OF | ) |
| | ) |
| KENTON GIRARD, | ) |
|     Petitioner, | ) |
| | ) |
| and | )    No.    2015 D 009633 |
| | ) |
| JANE GIRARD, | ) |
|     Respondent, | ) |
| | ) |
| and | ) |
| | ) |
| MARISSA GIRARD, | ) |
|     Third Party Respondent. | ) |

## ORDER

**THIS MATTER,** coming before the Court for status of protocol surrounding the children's in-camera interview and 218 Case management conference; Kenton Girard present having filed his *Pro se* Appearance, attorneys for Jane Girard, Beermann LLP, present, Joel Levin representing the minor children present all via zoom, the third party respondent not appearing; and the Court being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1) The children's in camera interview is set for June 10, 2024 at 2:00 p.m. at the Daley Center, Room 2805 with the following protocol;

   a. Joel Levin, the Children's Representative, shall report to the Court the children's willingness to allow his presence;

   b. Counsel for Respondent, Petitioner (pro se), and Third Party Respondent (pro se) have waived their right to be present for the interview;

   c. The Court shall conduct the in-camera interview in chambers with each child separately;

   d. The Court shall arrange for an official Court reporter. The entire interview shall be recorded and the transcript of the interviews shall be filed under seal and released only upon order of court

   e. The parties and the Child's Representative may submit questions for the in-camera interview to the Court. The questions shall remain confidential with the Court. The questions do not have to be copied

to the other parties. The Court shall determine what questions she asks the children.

2) Petitioner's Motion for 604.10(c) is denied. Pursuant to the prior Order of Court, Respondent stated that Dr. Shapiro could not complete a report within 60 days and it is in the best interest of the children to have no more delays in this case.

3) This matter shall proceed to immediate trial on outstanding pleadings on August 26, 2024 9:00 a.m.- 5:00 p.m.; August 27, 2024 1:00 p.m. – 5:00 p.m.; August 28, 2024 1:00 p.m.- 5:00 p.m.; August 29, 2024 9:00 a.m.- 5:00 p.m. at the Daley Center room 2805;

4) The parties shall work together on a Case Management Order setting specific deadlines and discovery closure dates;

ENTERED: **5/14/24**

*Renee Goldfarb*  1905
Judge Reneé Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clrheyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
               Petitioner, )
)
    and )    No.   2015 D 009633
)
JANE GIRARD, )
               Respondent, )
)
    and )
)
MARISSA GIRARD, )
         Third Party Respondent. )

> **ENTERED**
> Jun. 4, 2024
> **Iris Y. Martinez**
> **Clerk of the Circuit Court**
> **of Cook County, IL**
> DEPUTY CLERK _____

## ORDER

      **THIS MATTER** coming before the Court pursuant to the appearance of Petitioner, Kenton Girard (hereinafter "Kenton"), before the Honorable William Stewart Boyd via Zoom regarding a Petition for Order of Protection filed by Kenton Girard which was denied on an emergency basis on some prior date by another judicial officer; no notice having been given to Respondent, Jane Girard, or her counsel; the Court having requested that counsel for Respondent appear; Petitioner, Kenton Girard, and Respondent's counsel, Karen V. Paige of Beermann LLP having appeared via Zoom before the Court on May 30, 2024;

THE COURT FINDS:
    A) Petitioner, Kenton Girard, provided no notice to Respondent or her counsel of the Petition for Order of Protection previously or for the appearance before Judge Boyd;
    B) This matter has been permanently assigned to Judge Renee Goldfarb.

**IT IS HEREBY ORDERED:**

    1)  Petitioner, Kenton Girard's, oral motion for the Court to hear the Petition for Order of Protection is denied;

    2)  Petitioner, Kenton Girard, shall provide the Petition for Order of Protection (and any other pleadings filed with said Petition), along with all exhibits; Orders from the Petition for Order of Protection; and any correspondence to the Court, via email to the attorneys at Beermann LLP at the email addresses below within 24 hours;

3)    Petitioner, Kenton Girard's, Petition for Order of Protection is entered and continued to Trial in this matter before Judge Renee Goldfarb on the previously-set dates (pursuant to Judge Goldfarb's Order of May 14, 2024) beginning August 26, 2024 in person.

ENTERED:

*William Stewart Boyd #1760*
Judge William Stewart Boyd

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
jsteele@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

**ENTERED**

Jun. 14, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF   )
                                        )
KENTON GIRARD,                     )
             Petitioner,      )
                                          )
     and                        )   No.    2015 D 009633
                                            )
JANE GIRARD,                     )
               Respondent,    )
                                          )
     and                        )
                                          )
MARISSA GIRARD,               )
         Third Party Respondent.  )

## ORDER

**THIS MATTER** coming before the Court for hearing on Child

Representative Joel Levin's *Emergency Motion to Cancel In-Camera Interview by*

*the Child Representative* and Respondent Jane Girard's Response to same, and

Petitioner Kenton Girard's *Motion to Remove Third-Party Respondent Marissa*

*Girard* and Respondent Jane Girard's Response to same; Kenton Girard present

appearing *Pro se*, counsel for Jane Girard, Beermann LLP, and Joel Levin

representing the minor children present all via Zoom; the third party

respondent not appearing; the Court hearing argument on both pleadings and

their respective responses; the Court being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1)  Petitioner's *Motion to Remove Third-Party Respondent Marissa Girard* is Denied.

2)  Child Representative's Emergency *Motion to Cancel In-Camera Interview by the Child Representative* is Granted.

3)  This matter is set for status on settlement negotiations between the parties on July 3, 2023 at 12:00 p.m. via Zoom. Meeting ID: 971 5226 9618; PW: 718655.


ENTERED:    6/14/24


*Renee Goldfarb*
Judge Renee Goldfarb


Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

**ENTERED**

Jul. 18, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

*4215 P*
*4405 R*
*4 801 P/R*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
          Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
          Respondent, )
)
   and )
)
MARISSA GIRARD, )
          Third Party Respondent. )

### ORDER

    **THIS MATTER** coming before the Court pursuant the Order of June 12, 2024; appearing in Court via zoom were:  Jane Girard, Respondent; Counsels for Jane Girard; Joel Levin, Children's Representative; and Kenton Girard (pro se); Third Party Respondent Marissa Girard (pro se) not appearing; the Court having inquired about the status of visits between Jane and the children, and having conducted a Pre Trial Conference;

**IT IS HEREBY ORDERED:**

    1)   Kenton Girard shall provide deposition dates for his deposition and Marissa's deposition to Jane's counsels by email on or before July 15, 2024;

    2)   Pre Trial Conference is set via Zoom on August 15, 2024, at 12 p.m.

ENTERED:    **7/18/24**

*Renee Goldfarb*
Judge Renee Goldfarb

<u>Order Prepared By</u>
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
<u>ejmirabelli@beermannlaw.com</u>
<u>kpaige@beermannlaw.com</u>
<u>clmeyers@beermannlaw.com</u>
<u>jsteele@beermannlaw.com</u>

<u>Copies to</u>
<u>jlevin@levinfamilylaw.com</u>
<u>service@levinfamilylaw.com</u>
<u>kg5252@yahoo.com</u>
<u>marissadakis@gmail.com</u>

**Order for Recusal**                                   **(03/06/24) CCDR 0124**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE: ☐ Marriage   ☐ Civil Union   ☐ Allocation of Parental Responsibilities
               ☐ Support   ☐ Parentage   ☐ Visitation (Non-Parent)   ☐ Other

_Kenton Girard_
                         **Petitioner,**     Case No. _2015 D9633_

         **and**               Calendar: _C_       **ENTERED**

_Jane Girard_
                        **Respondent.**          **AUG 16 2024**
_and_
. Marissa Girard, third party Respondent

### ORDER FOR RECUSAL

(4110) This cause coming to be heard on the Court's own Motion for Recusal Pursuant to Canon 2.11 of
the Illinois Code of Judicial Conduct of 2023 and 735 ILCS 5/2-1001(a)(1), and the Court being
fully advised in the premises,

    IT IS HEREBY ORDERED:

(4201) ☐ A Trial Judge having recused themselves, this cause is hereby transferred to Preliminary Calendar
      Judge ☐ C   ☐ D   ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☐ An Individual Calendar Judge/Preliminary Judge having recused themselves, this cause is hereby
      transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random
      reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

**ENTERED:** Dated: _8/16/24_                _____     _____
                                        Judge                 Judge's No.

Prepared by: _____

Attorney for: ☐ Petitioner   ☐ Respondent   ☐ Child(ren)   Attorney #: _____   **OR**
               ☐ I do not have an attorney (Self-Represented Litigant)   Attorney #: 99500

Telephone: _____ Email: _____

Address: _____
           Street, Apt. #                     City          State     Zip

**Order for Recusal**                                                    **(03/06/24) CCDR 0124**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE: ☑ Marriage  ☐ Civil Union  ☐ Allocation of Parental Responsibilities
☐ Support  ☐ Parentage  ☐ Visitation (Non-Parent)  ☐ Other

_Kenton Girard_
_____
                                    Petitioner,

and

_Jane Girard_
_____
                                    Respondent.
          and
_Marissa Girard, Third Party Respondent_

Case No. 2015 D 009633
Calendar: 35

**ENTERED**

**AUG 14 2024**

### ORDER FOR RECUSAL

(4110) This cause coming to be heard on the Court's own Motion for Recusal Pursuant to Canon 2.11 of
the Illinois Code of Judicial Conduct of 2023 and 735 ILCS 5/2-1001(a)(1), and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED:

(4201) ☑ A Trial Judge having recused themselves, this cause is hereby transferred to Preliminary Calendar
Judge ☑ C  ☐ D  ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☐ An Individual Calendar Judge/Preliminary Judge having recused themselves, this cause is hereby
transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random
reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

ENTERED: Dated: _8/14/2024_          _Rande Gold____ #1905_
                                    Judge                    Judge's No.

Prepared by: _____

Attorney for:  ☐ Petitioner  ☐ Respondent  ☐ Child(ren)  Attorney #: _____ **OR**
                ☐ I do not have an attorney (Self-Represented Litigant)  Attorney #: 99500

Telephone: _____  Email: _____

Address: _____
          Street, Apt. #                        City              State        Zip

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

4201/4282 Transfer to Judge, 4295 Close Discovery-Allowed,
8201 Return for Random Assignment

(Rev. 02/04/16) CCDR 0014

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☐ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

KENTON GIRARD

Petitioner

No.: 2015D 009633

and

JANE GIRARD, MARISSA GIRARD, MATTHEW ELSTER, JOEL LEVIN, KAREN PAIGE

Calendar: 01

Respondent

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO - 2059
Aug. 19, 2024
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

THIS CAUSE being properly before the COURT, and the COURT being advised in the premises:

DEPUTY CLERK

I. TRANSFERS (Temporary)
   ☐ That this cause is transferred to the 4852 ☐ Reconciliation Calendar 4853 ☐ Military Calendar. All existing orders
   shall remain in full force and effect except _____ .
   ☐ That this cause is returned from the 4752 ☐ Reconciliation Calendar 4753 ☐ Military Calendar.

   4282 ☑ IT IS ORDERED that the above entitled cause is transferred to Judge FERNANDEZ

   Calendar 99 _____ for ALL FUTURE MATTERS _____ .

   ☐ PRETRIAL ☐ CONTESTED MOTION for _____
   all other matters being retained by the Preliminary Judge.

   4201 ☐ IT IS ORDERED that this cause is returned to Judge_____

   Calendar _____ for further proceedings, the transferred matter being concluded.

II. ASSIGNMENT (Trial)
   ☐ IT IS ORDERED that:

   4295 ☐ Discovery is closed as of _____ .

   4482 ☐ This cause is set for Trial before Judge_____ Calendar _____

   INSTANTER. ALL PARTIES OR THEIR COUNSEL SHALL PROCEED IMMEDIATELY TO COURTROOM _____ .
   NOTE: CASES SET FOR TRIAL CAN ONLY BE CONTINUED FOR CAUSE, ON MOTION PURSUANT TO SUPREME COURT RULE AND
   DOMESTIC RELATIONS GENERAL ORDER 86 D-1.

III. REASSIGNMENTS TO OR FROM PRESIDING JUDGE
   8282 ☐ THIS CAUSE coming before the court for reassignment, IT IS HEREBY ORDERED that this is assigned to the

   Presiding Judge for: ☐ Hearing; ☐ Consolidation within the Division: Case Number _____

   Calendar _____; or ☐ Other RECUSAL _____ .

   8201 ☑ Clerk for the Circuit Court for random electronic assignment to a calendar ☐ Preliminary ☐ Individual

   ☐ Post-Judgment ☐ Expedited Child Support ☑ Excluding Calendar(s) C, 35, 34,31 _____ .

Atty. No.: _____
Name: ORDER OF COURT _____

Atty. for:_____

Address: _____

City/State/Zip: _____

Telephone: _____

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

ENTERED:

Dated: _____

_Feannecks #2059_

Judge                          Judge's No.

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**DOMESTIC RELATIONS DIVISION, THIRD DISTRICT**

Kenton Girard
_____  )
          Petitioner        )  Court No. 2015 D 9633

Jane Girard
_____  )
          Respondent     )

Marissa Girard, Third-Party.  )  **IN PERSON**

Court No. 2015 D 9633

[ ] Pre-Decree or [✔] Post-Decree

**ENTERED**
Judge Rossana P. Fernandez-2141

**SEP. 5 2024**

**IRIS Y. MARTINEZ**
**CLERK OF THE CIRCUIT COURT**
**OF COOK COUNTY, IL**

**REMOTE STATUS/ CASE MANAGEMENT ORDER**

This cause coming to be heard for REMOTE STATUS. Petitioner/ Respondent filed a [ ] Petition for Dissolution of Marriage OR [✔] Petition for Case Mgt, Motion to Compel, Motion to WD filed on 9/4, 8/27, 8/28. The parties share __2__ minor children. Notice to all parties. The Court being fully advised in the premises.

**IT IS HEREBY ORDERED:**

1. **FINANCIAL AFFIDAVITS** have been Completed and Exchanged by the parties as of _____.

2. **FINANCIAL AFFIDAVITS** have NOT been completed but <u>shall</u> be Exchanged/ Updated (with all attachments) by the parties no later than the next _____ days, on or before _____.

3. **ALLOCATION OF PARENTAL RESPONSIBILITIES ("Parenting Plan")** has been Entered by Agreement of the parties on 11/4/2015 _____.

4. **ALLOCATION OF PARENTAL RESPONSIBILITIES ("Parenting Plan")** has NOT been entered. Therefore, this matter is referred to Mediation (per separate order) _____ YES _____ NO _____ N/A

5. **WRITTEN DISCOVERY** shall be Propounded no later than _____, _or shall be waived._

6. **WRITTEN DISCOVERY** shall be Completed by the Parties no later than _____.

7. **WRITTEN DISCOVERY** has been Completed by the Parties as of _____.

8. **ORAL DISCOVERY** shall be Completed by the Parties no later than _____.

9. This matter is continued to October 18, 2024 _____, at _1_ : _30_ AM/ PM FOR **REMOTE**:
    _____ STATUS _____ PRETRIAL _X_ HEARING : via "Zoom" Video Conferencing
    (a) _____ Service  (b) _X_ Settlement  (c) _____ Remaining Trial issues (d) _____ Allocation JGMT
    (d) _____ Petitioner/ Respondent Motion(s) for _____
    (e) _X_ Other: 30 min. case mgt. conf. All parties required to be present, Joel Levin granted leave to withdraw

Kenton Girard, Marissa Girard
_____
Petitioner/ Petitioner's Attorney
kg5252@yahoo.com, marissadakis@gmail.com
_____
Email for Notices (print)

Beermann LLP, E. Mirabelli, C. Meyers
_____
Respondent/ Respondent's Attorney
clmeyers@beermannlaw.com
_____
Email for Notices (print)

**ATTORNEY NAME/ CODE:** 80095
**ATTORNEY FOR:** Jane Girard
**ADDRESS:** 161 N. Clark, #3000
**CITY/STATE:** Chicago, IL 60601
**PHONE:** 312-621-9700

**ENTERED:**
_____ #2141
JUDGE

OTHER SIDE MUST BE COPIED ON ALL EMAILS
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (PETITIONER LAST NAME) & (COURT NO.) & (FUTURE DATE) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**DOMESTIC RELATIONS DIVISION, THIRD DISTRICT**

KENTON GIRARD ⟩
                                              ⟩
                        Petitioner ⟩          Court No. 15 D 9633
                                              ⟩
JANE GIRARD ⟩
                                              ⟩          Calendar "99"
                        Respondent ⟩
                                              ⟩

**ENTERED**
Judge Rossana P. Fernandez-2141
**OCT 18 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**TRIAL ORDER**
**IN PERSON**
THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties.

The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1   All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause,

    Unless otherwise ordered by the court.

2   **TRIAL** is scheduled to proceed on

| | | | |
|---|---|---|---|
| FEBRUARY 18 | , 2025 | at | 11:00 AM |
| FEBRUARY 19 | , 2025 | at | 01:30 PM |
| FEBRUARY 20 | , 2025 | at | 01:30 PM |
| FEBRUARY 21 | , 2025 | at | 01:30 PM |

   **WRITTEN DISCOVERY CLOSES (11-08-24)**
3   **ORAL (Non-Expert) DISCOVERY CLOSES (11-08-24)** _____ (any claims or documents not
   **ORAL (Expert) DISCOVERY CLOSES (12-31-24)**
   *disclosed timely shall be barred).*

4   Counsel of Record and/or the Parties *shall* exchange the following Documents no later than

   **FEBRUARY 04, 2025**    :

   a.   Updated Financial Affidavits (if any pending financial issues)
   b.   Witness Lists;
   c.   Written Stipulations;
   d.   Updated Discovery;
   e.   Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a numerical list of
        proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial.*
   f.   All Motions in Limine.

5    Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days prior to trial,* on or before   **FEBRUARY 04, 2025**   :

*(All Exhibits shall be Marked in <u>Numerical Order</u> and attached as <u>separate</u> PDF files to one (1) Email to the Court):*

    a.   Updated Financial Affidavts (if any pending financial issues)
    b.   All Exhibits, including a list of stipulated Exhibits;
    c.   Any objections (in writing) to the opposing party's Exhibits;
    d.   Witness Lists;
    e.   Written Stipulations;
    f.   Petitions for Contribution to Attorneys' Fees;
    g.   List of all other Exhibits <u>not</u> stipulated to; and
    h.   *Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.*

6    Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7    Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8    The parties must provide a court reporter at their own expense.

9    All Settlement discussions between the parties shall take place <u>prior to</u> the day of trial and *No Pretrial Request will be entertained on the day of trial.*

10   The case *shall* be *Dismissed for Want of Prosecution* if the Petitioner fails to appear and/or fully comply with this Order.

11   An *Order of Default shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order/ Likewise for any Third-Party.

KENTON GIRARD (Petitioner)                    ENRICO MIRABELLI (Attorney)
_____            _____
**Petitioner/ Petitioner's Attorney (print)**       **Respondent/ Respondent's Attorney (print)**

KG5252@Yahoo.com                             EJMirabelli@BeermanLaw.com
_____            _____
**Email for Notices (print)**                       **Email for Notices (print)**

** Third-Party (Marissa Girard) MarissaDakis@Gmail.com

ATTORNEY CODE:
ATTORNEY NAME:
ATTORNEY FOR:                **O/C**
ADDRESS:
CITY/STATE:
PHONE:
EMAIL:

ENTERED: 10-18-24

**ENTERED**
Judge Rossana P. Fernandez-2141
#214 / OCT 1 8 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUDGE

**OPPOSING SIDE MUST BE COPIED ON ALL EMAILS**
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (LAST NAME OF PETITIONER) AND (COURT NO.) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:   )
           )
KENTON GIRARD,     )
    Petitioner,   )
           )
 and        )  No. 2015 D 009633
           )
JANE GIRARD,      )  Cal. 99
    Respondent.  )
           )
MARISSA GIRARD,    )
           )
  Third Party Respondent. )

**ENTERED**
Judge Rossana P. Fernandez-2141
**OCT 18 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

This case coming before the Court for Case Management Conference pursuant to the Order entered September 5, 2024; Petitioner, KENTON GIRARD, present in Court, *Pro Se*; Respondent, JANE GIRARD, present in Court with her counsels, Enrico J. Mirabelli and Karen V. Paige of Beermann LLP; Third Party Respondent, MARISSA GIRARD, not appearing in Court; the Court having heard argument regarding Petitioner, KENTON GIRARD's, Motion to Stay Proceedings, and having conducted a Case Management Conference; the Court Orders:

1. Petitioner (Kenton) present in court, pro-se.

2. Respondent (Jane) present in court with her Attorneys, Mirabelli and Paige.

3. Third-Party Respondent (Marissa) failed to appear.

*(signature)* #2141

4.    The Court has reviewed a copy of the file-stamped Motion for Substitution of Judge (as a Matter of Right) filed by Third Party Respondent, Marissa Girard (file stamped 10-16-24 08:19 pm).  The Court inquired if Third Party Respondent Marissa Girard was present, or if any counsel was present on her behalf, but Marissa Girard did not appear personally nor through counsel on her behalf. Third Party Respondent Marissa Girard's Motion for Substitution of Judge (as a Matter of Right) is *stricken*.

5.    Minor Child's Motion to intervene (filed 08-12-24) is *Stricken and denied* for lack of legal capacity.

6.    After reviewing Petitioner, Kenton Girard's, Motion for Stay of Proceedings, and Respondent, Jane Girard's, Response to Motion to for Stay of Proceedings, and *after hearing* argument of counsel and Petitioner, Kenton Girard, the Motion to Stay of proceedings is *Denied*.

7.    The Court conducted a Case Management Conference and set Trial dates pursuant to the Court's Trial Order entered contemporaneously herewith.

**ENTERED:** 10-18-24

_____
JUDGE

ENTERED
Judge Rossana P. Fernandez-2141
#214 / OCT 1 8 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Karen V. Paige
Enrico J. Mirabelli
**BEERMANN LLP**
Attorneys for Respondent, Jane Girard
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Kenton Girard
**Petitioner (Pro-se)**
KG5252@Yahoo.com

Marissa Girard
**Third-Party Respondent**
MarissaDakis@Gmail.com

–2–

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:                )
                                       )
KENTON GIRARD,                         )
              Petitioner,              )
                                       )
        and                            )     No. 2015 D 009633
                                       )
JANE GIRARD,                           )     Cal. 99
              Respondent.              )
                                       )
MARISSA GIRARD,                        )
                                       )
        Third Party Respondent.        )

**ENTERED**
Judge Rossana P. Fernandez-2141
**OCT 1 8 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

This case coming before the Court for Case Management Conference pursuant to the Order entered September 5, 2024; Petitioner, KENTON GIRARD, present in Court, *Pro Se*; Respondent, JANE GIRARD, present in Court with her counsels, Enrico J. Mirabelli and Karen V. Paige of Beermann LLP; Third Party Respondent, MARISSA GIRARD, not appearing in Court; the Court having heard argument regarding Petitioner, KENTON GIRARD's, Motion to Stay Proceedings, and having conducted a Case Management Conference; the Court Orders:

1.    Petitioner (Kenton) present in court, pro-se.

2.    Respondent (Jane) present in court with her Attorneys, Mirabelli and Paige.

3.    Third-Party Respondent (Marissa) failed to appear.

*[signature]* #2141

4.     The Court has reviewed a copy of the file-stamped Motion for Substitution of Judge (as a Matter of Right) filed by Third Party Respondent, Marissa Girard (file stamped 10-16-24 08:19 pm). The Court inquired if Third Party Respondent Marissa Girard was present, or if any counsel was present on her behalf, but Marissa Girard did not appear personally nor through counsel on her behalf. Third Party Respondent Marissa Girard's Motion for Substitution of Judge (as a Matter of Right) is *stricken*.

5.     Minor Child's Motion to intervene (filed 08-12-24) is *Stricken and denied* for lack of legal capacity.

6.     After reviewing Petitioner, Kenton Girard's, Motion for Stay of Proceedings, and Respondent, Jane Girard's, Response to Motion to for Stay of Proceedings, and *after hearing* argument of counsel and Petitioner, Kenton Girard, the Motion to Stay of proceedings is *Denied*.

7.     The Court conducted a Case Management Conference and set Trial dates pursuant to the Court's Trial Order entered contemporaneously herewith.

**ENTERED:** 10-18-24

_____
JUDGE

**ENTERED**
Judge Rossana P. Fernandez-2141
#214 / OCT 18 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Karen V. Paige
Enrico J. Mirabelli
**BEERMANN LLP**
Attorneys for Respondent, Jane Girard
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Kenton Girard
**Petitioner (Pro-se)**
KG5252@Yahoo.com

Marissa Girard
**Third-Party Respondent**
MarissaDakis@Gmail.com

–2–

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## DOMESTIC RELATIONS DIVISION, THIRD DISTRICT

| | | |
|---|---|---|
| KENTON GIRARD | ) | |
| Petitioner | ) | Court No. 15 D 9633 |
| | ) | |
| JANE GIRARD | ) | Calendar **"99"** |
| Respondent | ) | |
| MARISSA GIRARD | ) | |
| Third-Party Respondent | | |

**E N T E R E D**
Judge Rossana P. Fernandez-2141
**DEC 03 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### TRIAL ORDER
### IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties.

The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1. All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause, Unless otherwise ordered by the court.

2. **TRIAL** is scheduled to proceed on

| | | |
|---|---|---|
| FEBRUARY 18 | , 2025 at | 11:00 AM |
| FEBRUARY 19 | , 2025 at | 01:30 PM |
| FEBRUARY 20 | , 2025 at | 01:30 PM |
| FEBRUARY 21 | , 2025 at | 01:30 PM |

   **PRETRIAL** is scheduled to proceed on

3. **DISCOVERY CLOSES ON** ____see below_____ (*any claims or documents not disclosed timely <u>shall</u> be barred*). **Written Discovery Closes: 11-08-24**

   Oral (Non-Expert) Discovery Closes: 12-31-24; Oral (Expert) Discovery Closes: 1-31-25
   FEBRUARY 4, 2025 .

4. **Counsel of record and/or the parties** *shall* exchange the following Documents no later than

   b. Witness Lists;
   c. Written Stipulations;
   d. Updated Discovery;
   e. Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a <u>numerical list</u> of proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial.*
   f. All Motions in Limine.

** Respondent's Motion to correct the Trial Order deadlines, nunc pro tunc to 10-18-24 is GRANTED.

5   Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL**

> **SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days*
> *prior to trial,* on or before __FEBRUARY 04,__ :
>
> *(All Exhibits shall be Marked in __Numerical Order__ and attached as __separate__ PDF files to one (1)*
> *Email to the Court):*
>
> a.   Updated Financial Affidavits;
> b.   All Exhibits, including a list of stipulated Exhibits;
> c.   Any objections (in writing) to the opposing party's Exhibits;
> d.   Witness Lists;
> e.   Written Stipulations;
> f.   Petitions for Contribution to Attorneys' Fees;
> g.   List of all other Exhibits not stipulated to; and
> h.   ***Proposed Judgment Order from each party, including a separate Allocation Judgment, if***
>      ***applicable.***

6   Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of

    contribution to Attorney's Fees.

7   Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8   The parties must provide a court reporter at their own expense.

9   All Settlement discussions between the parties shall take place prior to the day of trial and

    ***No Pretrial Request will be entertained on the day of trial.***

10  The case *shall* be ***Dismissed for Want of Prosecution*** if the Petitioner fails to appear and/or fully

    comply with this Order.

11  An ***Order of Default*** *shall* be entered against the Respondent if the Respondent fails to appear and/or

    does not fully comply with this Order.

KENTON GIRARD (Pro Se)                          ENRICO J. MIRABELLI
_____                 _____
**Petitioner/ Petitioner's Attorney (print)**   **Respondent/ Respondent's Attorney (print)**

KG5252@Yahoo.com                                EJMirabelli@beermannlaw.com
_____                 _____
**Email for Notices (print)**                   **Email for Notices (print)**

**ATTORNEY CODE:**
**ATTORNEY NAME:**       **O/C**                 **ENTERED:**
**ATTORNEY FOR:**
**ADDRESS:**
**CITY/STATE:**                                  **ENTERED**
**PHONE:**                                       Judge Rossana P. Fernandez-2141
**EMAIL:**                                       #2141  DEC 03 2024
                                                 IRIS Y. MARTINEZ
                                                 CLERK OF THE CIRCUIT COURT
                                                 OF COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
      Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
      Respondent, )      **Associate Judge**
)     **Gregory Emmett Ahern, Jr.**
   and )
MARISSA GIRARD, )      **JAN 1 4 2025**
      Third Party Respondent. )     **Circuit Court-2090**

**ORDER ON PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE**

This cause coming before the Hon. Gregory E. Ahern for hearing on January 9, 2025, on Kenton Girard's ("Kenton") November 22, 2024 Petition for Substitution of Judge Rosanna Fernandez for Cause and December 5, 2024 Supplement to Petition for SOJ for Cause (hereinafter collectively referred to as the "Petition"), Jane Girard ("Jane"), by and through her attorneys Beermann LLP, having filed a Response to Petition for Substitution of Judge for Cause and Supplement to Petition for SOJ for Cause on January 3, 2025, following Kenton's Motion to Accommodate Petitioner's Unavailability filed on December 12, 2024, and Kenton's email notice of his personal attendance as a spectator at President James Carter's funeral service in Washington D.C. on January 9, 2025, this Court accommodated Kenton by scheduling the hearing via Zoom several hours the conclusion of the funeral service, Jane, appearing personally and through her attorneys, Kenton and Third-Party Respondent Marissa Girard ("Marissa"), both having received notice of the proceedings and receiving additional emails during the proceedings failing to appear by 2:45 p.m. and neither party appearing by 4:30 p.m. on the Court's open Zoom, the Court having reviewed the pleadings, proposed orders, statutes, and case law, and now being fully advised in the premises, **HEREBY FINDS:**

A. In summary, Kenton's Petition raises five arguments in favor of a Substitution of Judge for Cause: (i) Judge Fernandez improperly denied a Motion for Substitution of Judge as a Matter of Right filed by Marissa and a Motion to Stay Proceedings filed by Kenton, (ii) Judge Fernandez is not entitled to judicial immunity, (iii) Judge Fernandez inappropriately handled affairs in her courtroom by denying Kenton the ability to speak unless asked direct questions and ordering future proceedings to occur in person, (iv) Judge Fernandez violated the Americans with Disabilities Act as it relates to, and the First Amendment rights of Marissa Girard; and (v) Judge Fernandez is a "cancer on the judiciary."

Page 1 of 3

B. Notably, many of Kenton's arguments are made on behalf of Marissa Girard, who neither joined in the Petition nor filed a Response.

C. This matter was assigned to Calendar 99 on August 19, 2024. In the proceeding five months, Judge Fernandez entered a continuance order following a remote status (9/5/24), entered a trial order following a case management conference (10/18/24), struck Marissa's Motion for Substitution of Judge as of Right after Marissa failed to appear in court to prosecute her Motion (10/18/24), and denied Kenton's Motion to Stay Proceedings (10/18/24).

D. Substitution of judge for cause is governed by section 2-1001 of the Code of Civil Procedure. 735 ILCS 5/2-1001. Specifically, the statute states:

> (3) Substitution for cause. When cause exists.
>> (i) Each party shall be entitled to a substitution or substitutions of judge for cause.
>>
>> (ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.
>>
>> (iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition. The judge named in the petition need not testify but may submit an affidavit if the judge wishes. If the petition is allowed, the case shall be assigned to a judge not named in the petition. If the petition is denied, the case shall be assigned back to the judge named in the petition.

735 ILCS 5/2-1001(a)(3).

E. To succeed on a substitution of judge for cause petition, a party bears the high burden of showing actual prejudice. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30.

F. "Allegedly erroneous findings and rulings by the trial court are insufficient reasons to believe that the court has a personal bias for or against a litigant." *O'Brien*, 2011 IL 109039, ¶ 31. Previous rulings may only do so "if they reveal an opinion that derives from an extrajudicial source or [display] such a high degree of favoritism or antagonism as to make fair judgment impossible." (Internal quotation marks omitted.) *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 36.

G. Kenton's Petition does not allege or establish that Judge Fernandez has exhibited actual prejudice against Kenton or Marissa Girard. Judge Fernandez's previous rulings and discretion over her courtroom do not arise to the level of actual bias or prejudice contemplated under section 2-1001 of the Code of Civil Procedure.

**IT IS HEREBY ORDERED THAT**:

1. Kenton's Petition is DENIED;

2. This matter shall be returned to Calendar 99 (Hon. Rosanna Fernandez) by separate order of the Presiding Judge.

ENTERED:

_____
Date

_____
Hon. Gregory Ahern

4201/4282 - Transfer to Judge    4295 - Close Discovery - Allowed
8201 - Return for Random Assignment
Orders of Transfer, Assignment and Reassignment                                    (12/01/24) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☐ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

KENTON GIRARD
_____
                                    Petitioner

            and

JANE GIRARD, MARISSA GIRARD, MATTHEW ES
_____
                                    Respondent

Case No.  2015D 009633

Calendar  01

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO - 2059
**Jan. 27, 2025**
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

☐  That this cause is transferred to the  ☐ 4852 - Reconciliation Calendar  ☐ 4853 - Military Calendar.

All existing orders shall remain in full force and effect except _____.

☐  That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed, unless other wise expressly provided by law, agreement of the parties, or order by the court.

☐  That this cause be returned from the  ☐ 4752 - Reconciliation Calendar  ☐ 4753 - Military Calendar
                                        ☐ Collaborative Process Calendar.

☑  4282  IT IS ORDERED that the above entitled cause is transferred to Judge  YU

       Calendar  89        for  ALL FUTURE MATTERS                          .

☐  Pretrial  ☐ Contested Motion for _____
       all other matters being retained before the Preliminary Judge.

☐  4201  IT IS ORDERED that this cause is returned to Judge _____

       Calendar _____ for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

☐  It is Ordered that:

       ☐  4295  Discovery is closed as of _____.

       ☐  4482  This cause is set for Trial before Judge _____

              Calendar _____

              Instanter. All parties or their counsel shall proceed immediately to courtroom _____.

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and Domestic Relations General Order 86 D-1.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**                    **(12/01/24) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

☐  8282  This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is
assigned to the Presiding Judge for:  ☐ Hearing;  ☐ Consolidation within the

Division: Case Number _____    Calendar _____ ;

or ☑ Other    RECUSAL _____ .

☑  8201  Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary   ☐ Individual   ☐ Post-Judgment   ☐ Expedited Child Support

☑ Excluding Calendar(s)  C,35,34,31,99,D,44,51,74,61,64,98,85,86

ENTERED:

Dated: _____

_Hennecchi #2059_    _____
Judge                          Judge's No.

Atty. No.: _____

Atty Name: _____

Atty. for:  ORDER OF COURT _____

Address: _____

City: _____  State: _____

Zip: _____

Telephone: _____

Primary Email: _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

IN RE THE FORMER MARRIAGE OF )
                                   )
KENTON GIRARD,                 )
     Petitioner,           )     Case No.     2015 D 009633
                                   )
     and                     )
                                   )
JANE GIRARD,               )
     Respondent,         )
                                 )
     and                     )         Judge William Yu
                                 )         FEB 14 2025
MARISSA GIRARD,          )
     Third Party Respondent.   )    Circuit Court-2:221

## ORDER

This cause coming before the Court pursuant to the Court's February 7, 2025 order and for presentment of (i) Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause; (ii) Third-Party Respondent, Marissa Girard's Motion for Substitution of Judge as a Matter of Right; (iii) Kenton Girard's Motion to Perfect DWP; (iv) Jane Girard's Motion to Restrict Communication with the Court, Kenton Girard appearing in person, Marissa Girard appearing through counsel, Robert Holstein (who represented he has field a limited scope appearance with respect to the pending petition for substitution of judge), Jane Girard appearing individually and through counsel, the Court having heard argument of counsel with respect to Marissa Girard's Petition for Substitution of Judge for Cause, having jurisdiction over the parties and the subject matter, and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

    1.    This matter is set for trial on May 1 and 2, 2025 starting at 10:30 a.m. in person in Courtroom 3005 on the following pleadings:

    a.  Jane's May 27, 2022 Motion to Appoint a Parenting Coordinator and Compel Use of Our Family Wizard

    b.  Jane's August 31, 2022, Motion to Compel Enrollment in Therapy (seeking reunification therapy for the family)

    c.  Jane's September 20, 2022 Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa.

      d.   Kenton's July 11, 2023 Motion to Modify Joint Parenting Agreement and Custody Judgment,

      e.   Jane's July 13, 2023 Motion to Enforce the Joint Parenting Agreement;

      f.   Jane's March 13, 2024 Motion to Modify the Joint Parenting Agreement and to Implement the 604.10(b) Recommendations.

Said proceedings may be conducted in a hybrid manner and any party/witness who wishes to appear remotely may seek leave to do so. Said trial dates shall not be continued absent compelling circumstances.

    2.    This matter is continued for **status** on resetting hearings on other pending motions to **February 25, 2025 at 10:30 a.m. via Zoom.**

    3.    Petitioner, Kenton Girard, shall have **until 5:00 p.m. on February 14, 2025** to either join Marissa Girard's Petition for Substitution of Judge for Cause, or file his own such petition. In the event he fails to do so, he shall be deemed to have waived his right to seek a for-cause substitution of judge for any alleged bias occurring up to and including today's court proceedings.

    4.    Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause shall be transferred to Calendar 01 for reassignment via separate order.

                                      ENTER:

                                    _____

                                    Dated: February 14, 2025

Order Prepared by
**BEERMANN LLP** (Firm No. 80095)
Attorneys for Respondent
161 N. Clark St., Suite 3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

Copies to
kg5252@yahoo.com
marissadakis@gmail.com
holsteinrobert3@gmail.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Kenton Girard

   v.

Jane Girard

15D9633

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO 2059
Mar. 12, 2025
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

Hearing Order

This matter comes before this court on a trial assignment for Substitution of Judge for Cause and the court being fully advised in the premises;

IT IS HEREBY ORDERED this matter shall be set for an in person hearing before Judge Robert Johnson on Thursday, April 24, 2025 at 11:00am in Courtroom 2108.

A copy of this order shall be sent to: ejmirabelli@beermannlaw.com, mdelster@beermannlaw.com, kg5252@yahoo.com and marissadakis@gmail.com

Date: March 12, 2025

_Judge's Signature_

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

In re the Former Marriage of:           )
                                         )
Kenton Girard,                           )
                      Petitioner,        )
                                         )
and                                      )
                                         )
Jane Girard,                             )
                      Respondent.        )
                                         )      Case No. 2015D009633
and                                      )
                                         )
Marissa Girard,                          )
                      Third-Party Respondent.  )

**ENTERED**
Presiding Judge Regina Scannicchio-2059
APR 01 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

## <u>ORDER</u>

THIS CAUSE coming before the Court on the Court's own motion; Respondent Jane Girard, by and through her attorneys Beermann LLP, having filed a Motion to Disqualify Attorney Robert Allan Holstein ("Motion to Disqualify") on March 18, 2025, and also filing a Notice of Motion on March 19, 2025, in connection to the Motion to Disqualify setting the matter before Judge Robert Johnson on April 11, 2025, for immediate hearing; this Court having previously set a hearing on Marissa Girard's February 11, 2025, Petition for Substitution of Judge for Cause on Thursday, April 24, 2025, at 11:00 am in person before Judge Robert Johnson; and the Court now being fully advised in the premises, HEREBY FINDS:

    1.    Robert Holstein filed a Limited Scope Appearance to present Marissa Girard's Motion for Substitution of Judge on February 13, 2025;

    2.    The Motion to Disqualify is directly related to the pending Substitution of Judge for Cause hearing scheduled before Judge Robert Johnson; and

    3.    The Motion to Disqualify should be heard before the hearing on the Substitution of Judge for Cause.

**IT IS HEREBY ORDERED:**

    A.    The April 11, 2025, presentment date and on Respondent Jane Girard's Motion to Disqualify is stricken;

    B.    The Motion to Disqualify shall be heard by Judge Robert Johnson on April 24, 2025, at 11:00 am via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296); and

    C.    Judge Robert Johnson shall determine how to proceed on the pending Substitution of Judge for Cause hearing following his ruling on the Motion to Disqualify.

ENTERED: 4/1/2025

Hon. Regina A. Scannicchio

Order                                                    (12/01/24) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IRMO

NEWTON   GIRARD                          No.   15  D  9633
          v.                                   CAL. 23

JANE   GIRARD
(MARISSA GIRARD, TP Respondent)

### ORDER

This cause coming to be heard on (1) Marissa Girard's 2/11/2025 Petition for SOJ for Cause,
(2) Newton Girard's Petition to Join said Petition, (3) Jane Girard's Motion to Disqualify Robert
Holstein, all parties appearing, Respondent appearing through counsel, IT IS HEREBY ORDERED THAT:

1. FOR the reasons stated on the record, Jane's Motion to Disqualify
Robert Holstein is GRANTED.

2. Hearing on the pending Petitions for substitution of judge for
Cause is continued to April 29, 2025 at 8:00am in person in Courtroom
2108. Marissa Girard may appear remotely.

3. The Court finds that Newton + Marissa have known of Mr. Holstein's unathorized
lack of authorization to practice law since March 17, 2025 at the latest, but
waited until April 14, 2025 to seek a continuance.

Attorney No.: 80095
Name: M. Elstu / Neuman
Atty. for: Respondent
Address: 161 N Clark # 3000
City/State/Zip: Chicago IL 60601
Telephone: 312-621-7700

ENTERED
Judge Robert Johnson-2156
APR 2 4 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

ENTERED:

Dated: April 24, 2025

_____     2156
Judge                  Judge's No.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Jane F. Girard

Plaintiff,

v.

Marissa Girard, et al.

Defendant.

Case No.: 1:25–cv–04586

Honorable Jeremy C. Daniel

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 6, 2025:

    MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. Marissa Girard failed to appear. Marissa Girard removed this case to federal court on April 28, 2025. (R. 1.) In her notice of removal, she claims that an April 28, 2025, declaratory judgment pleading served on her by Kenton Girard raised a federal question. (R. 1 at 2.) She claims that a postnuptial indemnification agreement that grants her reasonable and necessary legal fees from Kenton Girard if Jane Girard violates Marissa Girard's rights under federal law. (Id.) She further claims that Kenton Girard has brought claims that raise federal questions. (R. 1 at 3.) At no point does she explain which rights have been violated under federal law or what federal questions Kenton Girard's claims implicate. Exhibit A to her notice of removal is a motion to join her as a third party in a custody dispute between Jane and Kenton Girard. According to Exhibit A, Jane and Kenton have divorced and Kenton and Marissa married. According to Kenton Girard's crossclaims, which she also attached to her notice of removal, Kenton and Marissa are no longer married. Kenton Girard's crossclaims address the postnuptial indemnification agreement, which Marissa seeks to enforce in connection with a pending federal lawsuit. Nothing about those claims introduce a federal question into this case, which centers on domestic disputes related to custody and divorce agreements. Therefore, this Court lacks subject matter jurisdiction. Accordingly, this case is remanded to state court. Civil case terminated. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Jane F. Girard

     Plaintiff,

v.           Case No.: 1:25–cv–04586
             Honorable Jeremy C. Daniel

Marissa Girard, et al.

     Defendant.
_____

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 15, 2025:

   MINUTE entry before the Honorable Jeremy C. Daniel: Telephone motion hearing. For the reasons stated on the record, motions for attorneys fees [17] and to vacate remand order [20] are denied. Motion for immediate transmission of certified copy of remand order [18] is granted. The Clerk is directed to remand this case forthwith. This case remains closed. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

## IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )
                                    )
KENTON GIRARD, )
                                    )
       Petitioner, )
                                    )
   and )
                                    )
JANE GIRARD, )   No. 2015 D 9633
                                    )
       Respondent. )   Cal 23
                                    )
MARISSA GIRARD, )
                                    )
       Third-Party Respondent. )

```
E N T E R E D
Judge Robert Johnson-2156
JUN 2 4 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk
```

### ORDER

This cause coming before the Court for status pursuant to order dated June 17, 2025, the Court having received a certified copy of the May 16, 2025 remand order issued by the United States District Court for the Northern District of Illinois in case no 25-cv-4586, Respondent, Jane Girard, appearing through counsel; Mr. Girard and Marissa Girard failing to appear, the Court having jurisdiction over the parties and the subject matter and being fully advised in the premises, and for the reasons stated in court, IT IS HEREBY ORDERED THAT:

    1.     With respect to Kenton's May 8, 2025 Petition for Substitution of Judge Robert Johnson for cause, the Court notes that "a party's right to have a petition for substitution of judge heard by another judge is not automatic" and that the law permits it to deny a petition which fails to meet threshold requirements such as alleging the existence of bias stemming from an extrajudicial source or which "was not made in good faith but rather for purposes of delay." *In re Estate of Wilson*, 238 Ill.2d 519, 553-567 (2010). Pursuant to *Wilson*, the Court will conduct an initial review of Kenton's Petition and, if it finds that it meets the threshold requirements, will transfer that Petition to a new judge for hearing on or before July 3, 2025.

2. In the event the Court finds that Kenton's Petition does not meet the threshold requirements for a for-cause substitution, the Court will deny Kenton's Petition under *Wilson*, and a hearing on Marissa Girard's Petition for Substitution of Judge William Yu for cause, as joined by Kenton Girard, will proceed via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296) *or* in person (Courtroom 2108) on **July 8, 2025 at 1:00 p.m.**

ENTER:

The Hon. Robert Johnson

June 24, 2025

Order Prepared By
Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com
Firm No. 80095

Copies to
kimberly.blair@wilsonelser.com
mcarlson@smbtrials.com
kg5252@yahoo.com
marissadakis@gmail.com
jkivetz@isotoslaw.com
Michael.Bradtke@ilag.gov

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Kenton Girard                          )
                                       )
                    Petitioner,        )
                                       )
        v.                             )     Case No. 15D9633
                                       )
                                       )     **ENTERED**
Jane Girard                            )     ACTING PRESIDING JUDGE EDWARD ARCE 1980
                                       )     **Jul. 3, 2025**
                    Respondent.        )     Mariyana T. Spyropoulos
                                             Clerk of the Circuit Court
                                             of Cook County, IL

                    **ORDER**                DEPUTY CLERK _____

This cause coming before the Court for the assignment by the Presiding Judge of the Domestic
Relations Division for hearing on the [✓] Petitioner's [ ] Respondent's Motion for Substitution
of Judge for Cause filed on 5/8/2025                    ; and the Court being fully advised in the
premises,

IT IS HEREBY ORDERED THAT:

1. Judge Abbey Romanek                    shall preside over the Substitution of Judge for
   Cause hearing;
2. This matter shall remain on Calendar 01 during the Substitution of Judge for Cause
   proceedings; and
3. The matter shall be heard [✓] via Zoom [ ] in person in Courtroom 3008   on
   July 11            , 2025, at 11:00am          ;
   Zoom ID: 925 1023 5145              Passcode: 767670

Dated: 7/3/2025                           ENTERED:

                                          _Regina A. Scannicchio #1980_ (signature)

                                          Hon. Regina A. Scannicchio

Order Emailed To: kg5252@yahoo.com manssadakis@gmail.com
ejmirabelli@beermannlaw.com
mdelster@beermannlaw.com

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

A True Copy

Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**ORDER**

July 21, 2025

Before

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| No. 25-1854 | JANE F. GIRARD,<br>    Plaintiff - Appellee<br><br>and<br><br>KENTON GIRARD,<br>    Defendant - Appellee<br><br>v.<br><br>MARISSA GIRARD,<br>    Defendant - Appellant |

**Originating Case Information:**

District Court No: 1:25-cv-04586
Northern District of Illinois, Eastern Division
District Judge Jeremy C. Daniel

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

This court has consistently reminded litigants that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is not reviewable on appeal, regardless of whether the decision is correct, except when the case was removed under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d); *e.g., The Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354–55 (7th Cir. 2000).

No. 25-1854                                                                              Page 2

In the present case, appellant seeks to appeal the district court's order remanding this case to state court for lack of federal jurisdiction. 28 U.S.C. § 1447(c). Although appellant disputes this determination, this case was not removed under § 1442 or § 1443, so there is no basis to seek appellate review. Appellant's belated attempts to argue for removal under § 1443 are frivolous. Although appellant suggests the litigation against her implicates rights of racial equality, this theory cannot satisfy the second part of § 1443, which requires that she has been "denied or cannot enforce" that racial-equality right in state court because of a barrier imposed by some formal expression of state law, such as a statute. *Fenton v. Dudley*, 761 F.3d 770, 774–75 (7th Cir. 2014). Appellant has identified no such law; the mere assertion that general principles have been applied in a discriminatory manner does not satisfy § 1443. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

form name: **c7_Order_3J**     (form ID: **177**)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Kenton Girard                          )
                                       )
            Petitioner,                )
                                       )
     v.                                )     Case No. 15D9633
                                       )
                                       )
Jane Girard                            )
                                       )
            Respondent.                )

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO 2059
Jul. 31, 2025
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## ORDER

This cause coming before the Court for the assignment by the Presiding Judge of the Domestic Relations Division for hearing on the ✓ Petitioner's ☐ Respondent's Motion for Substitution of Judge for Cause filed on 5/8/25 and 7/9/25 _____; and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1. Judge Edward Arce _____ shall preside over the Substitution of Judge for Cause hearing;
2. This matter shall remain on Calendar 01 during the Substitution of Judge for Cause proceedings; and
3. The matter shall be heard ✓ via Zoom ☐ in person in Courtroom 1602 on August 4th _____, 2025, at 3.30pm _____;
   Zoom ID: 999 1939 0962 _____ Passcode: 505667 _____

Dated: 7/31/2025 _____          ENTERED:

                                   _Scannicchio # 2059_
                                   Hon. Regina A. Scannicchio

Order Emailed To: mdelster@beermannlaw.com
kg5252@yahoo.com  marissadakis@gmail.com
kpaige@beermannlaw.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF   )
                                     )
KENTON GIRARD,                    )
         Petitioner,          )
                                     )
    and                           )   No.    2015 D 009633
                                     )
JANE GIRARD,                    )
         Respondent,       )
                                     )
    and                           )
MARISSA GIRARD,            )
         Third Party Respondent.   )

### ORDER

This cause coming before the Court for Zoom hearing on Kenton Girard's May 8, 2025 Petition for Substitution of Judge Robert Johnson for Cause, Kenton Girard's July 9, 2025 Petition for Substitution of Judge Abbey Romanek for Cause, and Kenton Girard and Marissa Girard's August 4, 2025 Petition for Substitution of Judge Edward Arce for Cause, Petitioner appearing *pro se*, Respondent appearing individually and through counsel, Third-Party Respondent having filed a Motion to Continue today, but having failed to appear in person or via Zoom to present said motion, the Court having heard argument of the parties and having jurisdiction over the parties and the subject matter and being fully advised in the premises, THE COURT HEREBY FINDS AS FOLLOWS:

1. With respect to the Petition for Substitution of Judge Arce for Cause, the Court finds (i) that it possesses the authority to adjudicate this Petition under *In re Estate of Wilson*, 238 Ill.2d 519 (2010); (ii) that the Petition was not brought in good faith; and (iii) that the Petition failed to allege actual prejudice sufficient to warrant the for cause substitution of Judge Arce under *In re Marriage of O'Brien*, 2011 IL 109039.

2. With respect to the Petition for Substitution of Judge Romanek for Cause, the Court finds that the Petition failed to allege actual prejudice sufficient to warrant the for cause substitution of Judge Romanek under *In re Marriage of O'Brien*, 2011 IL 109039.

3. With respect to the Petition for Substitution of Judge Johnson for Cause, the Court finds that the Petition failed to allege actual prejudice sufficient to

warrant the for cause substitution of Judge Johnson under *In re Marriage of O'Brien*, 2011 IL 109039.

Accordingly, for the reasons set forth above and stated on the record, IT IS HEREBY ORDERED THAT:

    a. Petitioner and Third-Party Respondent's Petition for Substitution of Judge Arce for Cause is **DENIED**.

    b. Petitioner's Petition for Substitution of Judge Romanek for Cause is **DENIED**.

    c. Petitioner's Petition for Substitution of Judge Johnson for Cause is **DENIED**.

    d. Third-Party Respondent failed to appear to present her Motion for a continuance of today's hearing, which is **DENIED** as moot.

    e. Via separate order, this matter will be returned to Calendar 01 for reassignment to the Hon. Robert Johnson (Cal. 23) for hearing on Third-Party Respondent's February 11, 2025 Petition for Substitution of Judge Yu for Cause, as joined by the Petitioner.

**ENTER:**

*[signature]* #1980

8/4/2025

ENTERED
Aug. 4, 2025
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK _____

| Order Prepared by | Copies to |
|---|---|
| **BEERMANN LLP** | Kenton kg5252@yahoo.com |
| 161 N Clark Street #3000 | Marissa Dakis marissadakis@gmail.com |
| Chicago, IL 60601 | |
| 312.621.9700 | |
| ejmirabelli@beermannlaw.com | |
| Firm No. 80095 | |

4201/4282 - Transfer to Judge   4295 - Close Discovery - Allowed
8201 - Return for Random Assignment
Orders of Transfer, Assignment and Reassignment                    (12/01/24) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☑ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

KENTON GIRARD

|                        | Petitioner | Case No. | 15 D 9633 |
| and                    |            | Calendar | D         |
| JANE GIRARD            |            |          |           |
|                        | Respondent |          |           |

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

☐   That this cause is transferred to the   ☐ 4852 - Reconciliation Calendar   ☐ 4853 - Military Calendar.

   All existing orders shall remain in full force and effect except _____ .

☐   That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

☐   That this cause be returned from the   ☐ 4752 - Reconciliation Calendar   ☐ 4753 - Military Calendar
                                              ☐ Collaborative Process Calendar.

☐   4282 IT IS ORDERED that the above entitled cause is transferred to Judge _____

   Calendar _____ for _____ .

☐   Pretrial  ☐ Contested Motion for _____ ;
   all other matters being retained by the Preliminary Judge.

☑   4201 IT IS ORDERED that this cause is returned to Judge _____

   Calendar _____ for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

☐   It is Ordered that:

   ☐   4295  Discovery is closed as of _____ .

   ☐   4482  This cause is set for Trial before Judge _____

            Calendar _____

            Instanter. All parties or their counsel shall proceed immediately to courtroom _____ .

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and
        Domestic Relations General Order 86 D-1.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**         **(12/01/24) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

   ☑   8282   This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is

           assigned to the Presiding Judge for:   ☐ Hearing;   ☐ Consolidation within the

           Division: Case Number _____   Calendar _____ ;

           or ☑ Other   Return to Judge Johnson (Cal. 23) for hearing on Petition for SOJ of Judge Yu  .

   ☐   8201   Clerk for the Circuit Court for random electronic assignment to a calendar:

           ☐ Preliminary   ☐ Individual   ☐ Post-Judgment   ☐ Expedited Child Support

           ☐ Excluding Calendar(s) _____

ENTERED:

Dated: _____ 8/4/25 _____

_Jell C ap #480_

_____     _____
             Judge                       Judge's No.

Atty. No.:   80095

Atty Name:   M Elster/BEERMANN LLP

Atty. for:   Respondent

Address:   161 N Clark Street #3000

City:   Chicago        State:   il

Zip:   60601

Telephone:   312.621.9700

Primary Email:   mdelster@beermannlaw.com

**ENTERED**
Aug. 4, 2025
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK _____

# United States Court of Appeals

**For the Seventh Circuit**
Chicago, Illinois 60604

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

August 7, 2025

*Before*

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 25-1854

| | |
|---|---|
| JANE F. GIRARD,<br>    *Plaintiff-Appellee,*<br><br>   *and*<br><br>KENTON GIRARD,<br>    *Defendant-Appellee,*<br><br>   *v.*<br><br>MARISSA GIRARD,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 25-cv-04586<br><br>Jeremy C. Daniel,<br>    *Judge.* |

## O R D E R

On consideration of the petition for rehearing, all members of the original panel voted to deny rehearing. It is therefore ordered that the petition for panel rehearing is **DENIED**.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE FORMER MARRIAGE OF | ) | |
| | ) | |
| KENTON GIRARD, | ) | |
| Petitioner, | ) | |
| And | ) | 2015 D 009633 |
| | ) | |
| JANE F. GIRARD, | ) | Cal. D |
| Respondent. | ) | |

## ORDER

This cause came before the court on Petitioner's Motion to Reconsider the Court's Order Dated August 4, 2025. The Court, having reviewed the Motion filed on August 5, 2025 and makes the following **CONCLUSIONS OF LAW**:

### FINDINGS

1. "The purpose of a motion to reconsider is to bring to the court's attention: 1) newly discovered evidence which was not available at the time of the hearing; 2) changes in the law; or 3) errors of the court's previous application to existing law." *Caywood v. Gossett, 382 Ill. App. 3d 124, 133 (Ill. App. Ct. 1st Dist. 2008)*.
2. Respondent's Motion to Reconsider fails to establish prima facie that the Court erred in its previous application to existing law.

**IT IS ORDERED AS FOLLOWS:**

A. Petitioner's Motion to Reconsider filed on August 5, 2025 is denied.

ENTER:

_____ #1980

JUDGE

9/8/2025

Order of Court

Page **1** of **1**

IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE FORMER MARRIAGE OF | ) | |
| | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | No. 2015 D 9633 |
| JANE GIRARD, | ) | |
| | ) | Cal 23 |
| Respondent. | ) | |
| | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |

**ENTERED**
Judge Robert Johnson-2156

**SEP 09 2025**

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

This cause coming before the Court for reassignment from Judge Arce to Judge Johnson, Respondent, Jane Girard, appearing through counsel Beermann LLP; Mr. Girard and Marissa Girard filing their Pro Se appearances, the Court having jurisdiction over the parties and the subject matter and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

1. Marissa Girard's Petition for Substitution of Judge William Yu for cause filed on February 11, 2025, as joined by Kenton Girard, will proceed for hearing via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296) (Courtroom 2108) on **September 18, 2025 at 1:00 p.m.**

ENTER:

The Hon. Robert Johnson

September 9, 2025

Prepared by:
BEERMANN LLP
Attorneys for Respondent
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
(312) 621-9700
Attorney No. 80095
mdelster@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
ejmirabelli@beermannlaw.com

Service to: marissadakis@gmail.com   kg5252@yahoo.com

**IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE THE FORMER MARRIAGE OF )

KENTON GIRARD, )

          Petitioner, )



    and )

JANE GIRARD, ) No. 2015 D 9633

          Respondent. ) Cal 23

MARISSA GIRARD, )
                    )

    Third-Party Respondent. )
                    )

**ORDER**

This cause coming before the Court for hearing before the Hon. Robert W. Johnson on Marissa Girard's Petition for Substitution of Judge William Yu for cause filed on February 11, 2025, as joined by Kenton Girard, and for hearing on Kenton Girard's 2nd Petition for Substitution of Judge Robert Johnson for Cause, Petitioner appearing *pro se*, Respondent appearing individually and through counsel, Third-Party Respondent having received notice of today's proceedings, but failing to appear, the Court having reviewed the pleadings and heard argument and having jurisdiction over the parties and the subject matter, **IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Court finds that the 2nd Petition for Substitution of Judge Robert Johnson for Cause has no basis in law or fact and is **DENIED.**

2. The Court further finds, for the reasons set forth on the record, that Kenton's 2nd petition violates Rule 137 and Jane's oral request for sanctions against Kenton under that rule is **GRANTED.** Jane shall have until September 25, 2025 to file a petition for fees incurred with respect to that 2nd petition and Kenton shall have until October 9, 2025 to respond. Said fee petition shall be heard by Judge Yu.

3. For the reasons set forth on the record, the Court finds that Marissa Girard's Petition for Substitution of Judge William Yu for cause filed on February 11, 2025, as joined by Kenton Girard, fails to articulate any actual bias or prejudice and is therefore **DENIED.**

4. Jane's oral request for Rule 137 sanctions with respect to this Petition is **DENIED**.

5. This matter shall be transferred back to Judge Yu (Cal. 89) via separate order.

**ENTER:**

The Hon. Robert Johnson

September 18, 2025

Prepared by:
**BEERMANN LLP**
**Attorneys for Respondent**
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
(312) 621-9700
Attorney No. 80095
mdelster@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
ejmirabelli@beermannlaw.com

Service to: marissadakis@gmail.com  kg5252@yahoo.com

**IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE THE FORMER MARRIAGE OF )

KENTON GIRARD, )

      Petitioner, )

  and )

JANE GIRARD, )   No. 2015 D 9633

      Respondent. )   Cal 23

MARISSA GIRARD, )

      Third-Party Respondent. )

> **ENTERED**
> Judge Robert Johnson - 2156
> **SEP 22 2025**
> MARIYANA T. SPYROPOULOS
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

**ORDER**

This cause came before the court on Petitioner Kenton Girard's Petition Motion to Reconsider Directed at

Hon. Johnson filed on September 18, 2025. The court having reviewed the motion and makes the

following **CONCLUSIONS OF LAW:**

1. Petitioner's Motion to Reconsider Directed at Hon. Johnson fails to establish a prima facia case

    that the court errored in its previous application of existing law.

**IT IS ORDERED AS FOLLOWS:**

A. Petitioner Kenton Girard's Motion to Reconsider Directed at Hon. Johnson is denied.

ENTERED:

_____
JUDGE

Order of Court

**IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF    ) | |
| ) | No. 2015 D9633 |
| KENTON GIRARD, ) | |
| ) | Cal. 89 |
| Petitioner, ) | |
| ) | The Hon. William Yu, Judge |
| and ) | Presiding. |
| ) | |
| JANE GIRARD, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| MARISSA GIRARD, ) | |
| ) | |
| Third-Party Respondent. ) | |
| ) | |

**ENTERED**
Judge William Yu-2221

**OCT 0 7 2025**

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER FOLLOWING OCTOBER 3, 2025 COURT APPEARANCE

This cause coming before the Hon. William Yu on Respondent, Jane Girard's Petition for Fees, for Marissa Girard's Motion for Substitution of Judge Yu as a Matter of Right, on Petitioner, Kenton Girard's Motion to Terminate Proceedings, and for case management, all parties appearing individually and/or through counsel, the Court having jurisdiction over the parties and the subject matter and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

1. For the reasons stated on the record, the Court's February 7, 2025 order constituted a substantial ruling for purposes of 735 ILCS 5/2-1001(a)(2). Accordingly, Marissa Girard's Motion for Substitution of Judge Yu as a Matter of Right is **DENIED**.

2. Jane Girard is granted leave to file a fee petition pursuant to Supreme Court Rule 137 with respect to Marissa Girard's Motion for Substitution of Judge Yu as a Matter of Right. Marissa Girard shall have 7 days thereafter to respond.

3. Jane Girard shall have 14 days to respond to Kenton Girard's Motion to Terminate Proceedings.

4. Marissa Girard shall have 21 days to answer or otherwise plead to Kenton Girard's April 28, 2025 Crossclaim Directed at Marissa Girard.

5. This matter is set for trial on January 6, 7, and 8, 2026 starting at 10:30 a.m. in person in Courtroom 3005 on the following pleadings:

a. Jane's May 27, 2022 Motion to Appoint a Parenting Coordinator and Compel Use of Our Family Wizard;

b. Jane's August 31, 2022, Motion to Compel Enrollment in Therapy (seeking reunification therapy for the family);

c. Kenton's September 7, 2022 Motion to Modify Parenting Time, Decision Making Responsibilities, and For Other Relief

d. Jane's September 20, 2022 Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa;

e. Jane's November 1, 2022 Emergency Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment

f. Jane's May 16, 2023 Petition for Parenting Interference

g. Kenton's July 11, 2023 Motion to Modify Joint Parenting Agreement and Custody Judgment;

h. Jane's July 13, 2023 Motion to Enforce the Joint Parenting Agreement;

i. Jane's August 1, 2023 Petition for Rule re July 25, 2023 Order;

j. Jane's March 13, 2024 Motion to Modify the Joint Parenting Agreement and to Implement the 604.10(b) Recommendations;

k. Jane's July 10, 2025 Motion for Adjudication for Direct Criminal Contempt and to Declare Kenton and Marissa Vexatious Litigants;

l. Jane's September 25, 2025 Fee Petition;

m. Jane's forthcoming petition for fees relating to Marissa Girard's Motion for Substitution of Judge Yu as a Matter of Right

n. Kenton's April 24, 2025 Motion to Disqualify Phyllis Amabile MD.

o. Kenton's April 24, 2025 Motion to Disqualify Beermann LLP.

p. Kenton's April 24, 2025 Motion to Terminate Parental Rights of Jane Girard

q. Kenton's April 28, 2025, DJ Crossclaim

Said proceedings may be conducted in a hybrid manner and any party/witness who wishes to appear remotely may seek leave to do so. Said trial dates shall not be

continued absent compelling circumstances.

6. This matter is further set for status on Kenton Girard's decision as to whether to proceed on his crossclaim and hearing on Kenton Girard's Motion to Terminate Proceedings to **December 8, 2025 at 9:30 a.m. via Zoom** (*Meeting ID* 927 7769 4626; *Passcode* 228926).

7. Any pleadings not previously filed must be done with leave of court and properly noticed.

ENTER:

The Hon. William Yu

Date: October 7, 2025

*nunc pro tunc*

Order Prepared By
Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com
Firm No. 80095

Copies to
kg5252@yahoo.com
legaltma@gmail.com

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 232 of 254 PageID #:232

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 1 of 7 PageID #:242
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

In the

# United States Court of Appeals
## for the Seventh Circuit

———————————

No. 25-1854

JANE F. GIRARD,

*Plaintiff-Appellee,*

*and*

KENTON GIRARD,

*Defendant-Appellee,*

*v.*

MARISSA GIRARD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:25-cv-04586 — **Jeremy C. Daniel**, *Judge.*

———————————

DECIDED NOVEMBER 25, 2025

———————————

Before SYKES, HAMILTON, and JACKSON-AKIWUMI, *Circuit Judges.*

SYKES, *Circuit Judge.* A few years after their divorce, Jane and Kenton Girard became ensnared in acrimonious post-judgment proceedings concerning the custody of their two

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 233 of 254 PageID #:233

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 2 of 7 PageID #:243
Case: 25-1854    Document: 19    Filed: 11/25/2025    Pages: 7

2                                          No. 25-1854

minor children. Kenton had remarried shortly after the divorce, and in 2023 the Illinois state court added his wife Marissa Girard as a party to the postjudgment litigation. Her joinder complicated the already protracted proceedings: Kenton later cross-claimed against Marissa when they disagreed about his obligations under a "postnuptial agreement" that purported to require him to indemnify her for legal expenses and any reduction in her earnings incurred in connection with the custody dispute.

Marissa responded by removing the entire case to federal court in the Northern District of Illinois. It had a short shelf life there: the district judge concluded that the case did not present a federal question, so he remanded it to state court for lack of jurisdiction. Marissa appealed, and we dismissed the case for lack of appellate jurisdiction.

Jane Girard now moves for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, arguing that Marissa's appeal was frivolous. Indeed it was (in more ways than one), so we grant the motion for sanctions.

According to the state-court records attached to the removal notice, Jane and Kenton Girard were divorced in November 2015 in an order issued by the Cook County Circuit Court. The divorce judgment resolved custody issues regarding their two minor daughters—at least initially.

Not long after the divorce, Kenton married Marissa Girard, and within a few years, he and Jane were back in court in a contentious custody dispute. Protracted postjudgment proceedings ensued. In 2023 Jane moved to add Marissa to the postjudgment proceedings as a third-party respondent,

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 234 of 254 PageID #:234

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 3 of 7 PageID #:244
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

No. 25-1854                                                    3

accusing her of attempting to poison the mother–daughter relationship. The judge granted the joinder motion.

In February 2025 the court set a trial date to resolve the ongoing custody issues. A few days before trial, Kenton cross-claimed against Marissa seeking a declaration that he had no obligations under a supposed "postnuptial indemnification agreement" that ostensibly required him to reimburse her for legal expenses and any reduction in her earnings if Jane's actions in the custody dispute "proximately cause[d]" a violation of her rights under the Constitution or federal law.

That same day Marissa removed the entire case to federal court. Jane promptly moved to remand it to state court, asserting that the case did not present a substantial federal question. She noted that the case was a state-law domestic-relations dispute and that Kenton's cross-claim concerned only the interpretation of the postnuptial agreement, an issue governed exclusively by state contract law. The district judge agreed and remanded the case to state court, explaining that Kenton's cross-claim "center[ed] on domestic disputes" related to the postnuptial agreement, so it did not confer federal-question jurisdiction.

Marissa appealed. Before briefing commenced, we issued an order requiring her to explain why her appeal should not be dismissed for lack of jurisdiction. We noted that remand orders are not appealable unless the case is removed under 28 U.S.C. § 1442, the federal-officer removal provision, or § 1443, the civil-rights removal provision. *See* 28 U.S.C. § 1447(d). In response Marissa argued—for the first time— that she had removed the case pursuant to § 1443 because she faced a "barrage" of motions against her in the state-court

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 235 of 254 PageID #:235

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 4 of 7 PageID #:245
Case: 25-1854    Document: 19    Filed: 11/25/2025    Pages: 7

4                                              No. 25-1854

proceedings, which she claimed amounted to discrimination
based on her race and disability.

   We dismissed Marissa's appeal for lack of jurisdiction,
explaining that her belated invocation of § 1443 was frivolous.
She had not removed the case under § 1443, nor had she
established—as the statute requires—that she had been
denied or could not enforce a racial-equality right in state
court because of a barrier imposed by some formal expression
of state law, like a statute. *See Fenton v. Dudley*, 761 F.3d 770,
774–75 (7th Cir. 2014). Marissa moved for panel rehearing,
and when that motion was denied, she obtained an extension
of time to file a petition for a writ of certiorari in the Supreme
Court.

   Meanwhile, after we dismissed the appeal for lack of
jurisdiction, Jane moved for sanctions against Marissa under
Rule 38 of the Federal Rules of Appellate Procedure, which
authorizes an award of "just damages and single or double
costs" incurred in defending against a frivolous appeal. She
seeks an award of $2,808.75 to cover her attorney's fees and
costs on appeal. The motion is well justified and we grant it.

   "An appeal is frivolous when the result is obvious or when
the appellant's argument is wholly without merit." *Upchurch
v. O'Brien*, 111 F.4th 805, 813 (7th Cir. 2024) (quotation marks
omitted). Jane contends that Marissa's appeal satisfies this
demanding standard. We agree. Although a decision to
impose sanctions under Rule 38 is not one we make lightly,
*see Goyal v. Gas Tech. Inst.*, 732 F.3d 821, 823–24 (7th Cir. 2013),
this appeal was doubly frivolous. Marissa's challenge to the
judge's removal order was doomed to fail, and we
unquestionably lacked appellate jurisdiction to hear it.

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 236 of 254 PageID #:236

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 5 of 7 PageID #:246
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

No. 25-1854                                                    5

Taking those points in order, there was never any basis to remove this case to federal court in the first place. Because the parties—all citizens of Illinois—are not diverse, "the propriety of removal depend[ed] on the existence of a federal question." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). But Kenton's cross-claim—the proffered basis for removal—is a state-law contract claim. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action."). And it is the "rare" state-law claim that gives rise to federal-question jurisdiction. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018). To do so, the claim must "necessarily raise[]" a "substantial" and "actually disputed" federal question. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

As the district judge correctly concluded, Kenton's cross-claim raises contract and domestic-relations issues—the stuff of which *state* law is quintessentially concerned. *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018); *Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995). Although the postnuptial agreement fleetingly mentions federal law, the dispute remains one of state contract and domestic-relations law; it does not require the resolution of *any* federal question—much less a substantial one. *See Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). In short, the judge's decision to remand the case for lack of subject-matter jurisdiction was unassailable, so Marissa was "guaranteed to lose" on appeal. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019).

On top of that, the order was not reviewable on appeal. As our dismissal order explained, we have "consistently

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 237 of 254 PageID #:237

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 6 of 7 PageID #:247
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

reminded litigants" that remand orders are ordinarily not appealable. *See, e.g., Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354–55 (7th Cir. 2000). Section 1447(d) makes this crystal clear: an order remanding a case to state court is *not* appealable—regardless of whether the decision was correct—unless § 1442 or § 1443 supplied the basis for removal. *N. League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam); *see Mac Naughton v. Asher Ventures, LLC*, 76 F.4th 539, 543 (7th Cir. 2023) ("We have held repeatedly that appellants risk Rule 38 sanctions when they litigate in the face of controlling authority that they pretend does not exist.").

Marissa relied on neither provision when removing the case to federal district court. Although she cited § 1443 in response to our jurisdictional order as part of a last-ditch attempt to justify her appeal, she failed to identify any state law that had denied or inhibited her ability to enforce federal racial-equality rights, as the statute requires. *See Fenton*, 761 F.3d at 773–74. Instead, she offered vague assertions about the discriminatory application of general principles—assertions do not come close to satisfying § 1443. Marissa's invocation of that provision was not just tardy and contrived; it was frivolous.

None of Marissa's arguments in response dissuades us from imposing sanctions. For starters, she argues that because the district judge declined to impose an award of attorney's fees under § 1447(c) for a frivolous removal, Jane's request for sanctions in this court necessitates a cross-appeal. Not so. Although the judge concluded that Marissa's improper removal did not warrant awarding Jane her costs and attorney's fees, we retain authority to impose sanctions for Marissa's frivolous *appeal*. FED. R. APP. P. 38; *Mac Naughton*,

Case: 1:26-cv-00042 Document #: 1 Filed: 01/05/26 Page 238 of 254 PageID #:238

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 7 of 7 PageID #:248
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

No. 25-1854                                     7

76 F.4th at 543–44. Further, while Marissa insists that she is proceeding in good faith, the record shows otherwise. After removing a case that clearly belonged in state court, Marissa prolonged the litigation by requiring Jane to defend a frivolous appeal. *Upchurch*, 111 F.4th at 814. Under these circumstances, Rule 38 sanctions are warranted.

Finally, the modest amount Jane seeks—her attorney's fees and costs on appeal—is just and reasonable. We award her damages in the amount of $2,808.75.

It is so ORDERED.

### IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE FORMER MARRIAGE OF | ) | |
| | ) | No. 2015 D9633 |
| KENTON GIRARD, | ) | |
| | ) | Cal. 89 |
| Petitioner, | ) | |
| | ) | The Hon. William Yu, Judge |
| and | ) | Presiding. |
| | ) | |
| JANE GIRARD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |
| | ) | |

**ENTERED**
Judge William Yu-2221
DEC 09 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER FOLLOWING DECEMBER 8, 2025 COURT APPEARANCE

This cause coming before the Hon. William Yu for hearing on Kenton Girard's Motion to Terminate Proceedings and for status, Kenton Girard appearing *pro se*, Jane Girard appearing individually and through counsel, Marissa Girard appearing through counsel, Toma Makedonski, who left the courtroom without leave of court prior to the conclusion of the proceedings, and various third-party defendants appearing through counsel, the Court having heard argument and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

1. For the reasons stated on the record, the Court finds Kenton Girard's Motion to Terminate Proceedings was not brought in good faith, his arguments under Supreme Court Rule 922 nonsensical, and the complained of delays in this matter resulting from his actions. The Motion to Terminate Proceedings is therefore **DENIED.**

2. Jane Girard's request for sanctions incident to the Motion to Terminate Proceedings shall be heard at trial.

3. For the reasons stated on the record, the oral motion to strike and dismiss Marissa Girard's October 28, 2025 Counterclaims as being filed without leave of Court is **GRANTED.** Marissa Girard's October 28, 2025 Counterclaims against Jane Girard, John D'Arco, Enrico Mirabelli, and Matthew Elster are **STRICKEN AND DISMISSED.**

4. On February 7, 2025, this Court struck Marissa Girard's Third-Party Complaint as untimely and filed without leave of court. On March 5, 2025, Marissa Girard

re-filed that same Third-Party Complaint without leave of Court. For the reasons stated on the record, the oral motion to strike and dismiss Marissa Girard's re-filed March 5, 2025 Third-Party Complaint is **GRANTED**. Marissa Girard's re-filed March 5, 2025 Third-Party Complaint against Vanessa L. Hammer, Karen V. Paige, Candace L. Meyers, and Detective Ryan McEnerney is **STRICKEN AND DISMISSED**.

5. Trial dates to stand.

**ENTER:**

The Hon. William Yu

Date: December 8, 2025

Order Prepared By
Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com
Firm No. 80095

Copies to
kg5252@yahoo.com
legaltma@gmail.com

# Exhibit C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Calendar 89 |
| | ) | |
| KENTON GIRARD and | ) | Case No. 2015-D-009633 |
| MARISSA GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |
| --- --- --- --- --- --- — | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Crossclaim Plaintiff/ | ) | |
| Cross Counter Defendant, | ) | **NOTICE OF FILING:** |
| vs. | ) | **NOTICE OF REMOVAL TO** |
| | ) | **NORTHERN DISTRICT OF** |
| MARISSA GIRARD, | ) | **ILLINOIS EASTERN DIVISION** |
| | ) | |
| Crossclaim Defendant/ | ) | |
| Cross Counter Plaintiff. | ) | |

### NOTICE OF FILING: NOTICE OF REMOVAL

TO:  Marissa Girard                    Karen Paige
      965 Forestway Dr                 Beermann LLP
      Glencoe, IL 60022                161 N. Clark Street
      marissadakis@gmail.com           Chicago, IL 60601
                                       kpaige@beermannlaw.com

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant/Cross Counter Defendant Kenton Girard has filed contemporaneously with this filing a Notice of Removal in the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached as **Exhibit 1**, and that said matter shall proceed hereafter in the United States Court for the Northern District of Illinois, Eastern Division.

*/s/ Kenton Girard*
Kenton Girard

1

CERTIFICATE OF SERVICE

The undersigned hereby certifies under perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure that I served a copy of this Notice and a copy of the paper to which it relates upon the individuals identified above, via the court's electronic filing manager(EFM) or an approved electronic filing service provider, addressed as above, all on the 5th day of January, 2026.

/s/ Kenton Girard
Kenton Girard - Pro Se
965 Forestway Drive
Glencoe, IL 60022
(773) 575-7035
kg5252@yahoo.com


Toma Makedonski - additional counsel for Marissa Girard
legaltma@gmail.com

Karen Paige - Attorney for Jane Girard
kpaige@beermannlaw.com

2

# Exhibit 1

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JANE F. GIRARD,

                Plaintiff,

                v.

KENTON GIRARD and
MARISSA GIRARD,

                Defendants.

------------------------------------------------------------

KENTON GIRARD,

                Cross Plaintiff/
                Cross Counter Defendant,

                v.

MARISSA GIRARD,

                Cross Defendant/
                Cross Counter Plaintiff.

Civil No.      1:26-cv-_____

District Judge _____

## DEFENDANT KENTON GIRARD'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant/Cross Counter Defendant Kenton Girard now files this Notice of Removal ("Notice") for the action filed in the Circuit Court of Cook County, State of Illinois, case number 2015-D-009633, styled as *Jane Girard v. Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant/Cross Counter Defendant Kenton Girard through January 4 2026 are attached as **Exhibit A**, and the orders served upon Defendant/Cross Counter Defendant Girard through January 4 2026 are attached as **Exhibit B**.

1

On or around March 2022, Jane Girard commenced the post-decree custody proceedings under the State Court Action by filing a motion for a parenting coordinator. Just over one year later, Jane added Marissa Girard (Kenton Girard's current wife) as an additional defendant wherein on May 26 2023, Jane Girard filed an alias summons which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023.

On January 5 2025, Defendant/Cross Counter Plaintiff Marissa Girard served a pleading ("MG Claims") on Kenton Girard, which paper raises federal questions, owing to Count I seeking a declaration that Marissa's constitutional rights have been violated, Count II seeking a declaration that Marissa's rights under the Americans with Disabilities Act have been violated, Count III seeking redress under 42 U.S.C. §1983 and Count IV pursuing a negligence theory predicated on the harms from the constitutional torts and the ADA violations.

Furthermore, on December 5 2025, Marissa Girard served a copy of her petition for certiorari seeking review of the Seventh Circuit decision[1] in this case. That paper raises attention to numerous affirmative violations of her constitutional rights and her civil rights *specifically caused by the proceedings hereunder* such as the violations of her ADA accommodations premised on her race and disabilities and the violations of her rights under the First, Fifth, Sixth and Fourteenth Amendments. The question she raises for consideration by the Supreme Court is whether the requirements of 28 U.S.C. §1443(1) are duly satisfied when the state court proceeding itself causes violations of her federal rights.

---

[1] The Seventh Circuit opined that review of an earlier remand (pursuant to a notice of removal filed by Marissa on April 28 2025) was unavailable because of the lack of a facially unconstitutional law in the State of Illinois. Under her petition for certiorari, Marissa argues that wherein the State Court Action itself causes violations of constitutional rights or federal law, Section 1443(1) appropriately permits removal.

## I.      This notice is timely.

Removal of this action is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" In this case, Defendant/Cross Counter Defendant Kenton Girard has filed this notice on the very same day he was served with the removable pleading from Marissa Girard. Additionally, this filing is duly processed within 30 days of the filing and service of Marissa's petition for certiorari which in particular provides a basis for removal under Section 1443(1) in addition to the presentation of federal questions which do not implicate civil rights.

## II.     The Northern District of Illinois is the proper venue.

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois (where the State Court Action is pending) is within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the Circuit Court for Cook County and will be served upon Plaintiff contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## III.    Federal jurisdiction exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because (a) Cross Counter Plaintiff Marissa Girard has lodged claims which raise federal questions, and (b) her petition for certiorari demonstrates that her (racial) civil rights[2] are being affirmatively violated *as a result of the State Court Action* therefore setting the stage for application of 28 U.S.C. §1443(1). Although the Seventh Circuit has interpreted the "cannot enforce" language of Section

_____
[2] Marissa Girard is a Hispanic/Latinx person.

3

1443(1) as requiring a facially unconstitutional state law, Marissa's petition currently pending before the Supreme Court proffers a well-reasoned argument based in part on the legislative history surrounding the Civil Rights Act of 1964 that such requirement is too constrictive: wherein the State Court action demonstrates disregardment of her civil rights it should be inferred that the "cannot enforce" scenario is operative.

Because the MG Claims and Marissa's petition for certiorari arise under the same "case or controversy," this Court "shall have supplemental jurisdiction[3] over all other claims." 28 U.S.C. § 1367. Here, all claims arise from the same operative facts: Marissa's forced participation for 28 months in custody proceedings without being actioned with a pleading, constitutional violations by or directed by state actors including serious violations of fundamental rights protected under the Bill of Rights and the Fourteenth Amendment, ADA violations by the state court system and its operative court personnel and Kenton's alleged failure to protect Marissa from these violations and the resulting harms (including physical harms – wherein Marissa's ADA-qualifying disabilities PTSD and interstitial cystitis have been exacerbated by her forced participation hereunder – and her emotional and financial harms).

The recent Supreme Court decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019) established that 28 U. S. C. §1441(a) does not permit a third-party counterclaim defendant[4] to remove a claim. However, the posture here is noticeably different: (a) Kenton Girard is an "original defendant" under the State Court Action, which implicated a federal question only at the moment when his co defendant filed a claim against him; and (b) the Federal

_____

[3] This Court has jurisdiction over the negligence claim against Kenton, any remaining state law issues and any custody-related matters (which will be moot when the minor children turn 18 in approximately 30 days from the date of this filing).

[4] Under Supreme Court Justice Thomas's opinion, "third-party counterclaim defendant" refers to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff.

Rules of Civil Procedure distinguish between counterclaims and crossclaims (Rule 13).

The domestic relations exception does not apply here because Kenton Girard was never actioned with a pleading, much less a pleading seeking domestic relations style relief. Furthermore, neither was Marissa Girard (who is neither a biological parent nor a holder of parental rights) actioned with a pleading by Plaintiff Jane Girard, much less a pleading seeing domestic relations style relief. In any case, the presence of federal questions predominates. The domestic relations exception prevents federal courts from granting divorces, determining custody, or awarding child support. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). It does not bar federal courts from adjudicating federal constitutional claims that happen to arise in a domestic relations context. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004).

Furthermore, neither party was actioned with domestic relations pleadings. Critically, Plaintiff Jane Girard has **never filed a pleading** against either Kenton or Marissa seeking custody or any domestic relations relief. As to Marissa, she was "joined" via a motion (not a pleading), which doesn't even include her name in the caption. No complaint, petition, or pleading has ever been filed against her. She has no notice of what claims are being asserted. As to Kenton, while he was an original party to the 2015 dissolution, no post-decree pleading seeking custody modification has been filed against him either. One cannot invoke the domestic relations exception in a case as here when no domestic relations pleading is before the court.

Even where domestic relations issues exist, federal courts exercise jurisdiction when federal constitutional claims predominate. *Meredith v. Ieyoub*, 11 F.3d 1340 (5th Cir. 1994). Here, Marissa has experienced 28 months of due process violations, a criminal proceeding without required constitutional protections is set to proceed on January 6-8 2026. There are documented First Amendment violations, wherein Cook County Judge O'Connor sanctioned

Kenton for filing a federal lawsuit. And last but not least a judge fending off allegations in multiple pending federal suits comically insists he is not subject to disqualification and refuses to relinquish the bench hereunder.

This case is also removable under 28 U.S.C. §1443(1), which permits removal of cases where the defendant "is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens". Applicability of Section 1443(1) follows pursuant to the analysis contained below:

A.     The requirements for § 1443(1) removal are satisfied.

To remove under § 1443(1), the removing party must demonstrate (i) a right arising under a federal law providing for specific civil rights stated in terms of racial equality; and (ii) denial of such right by the state court. *Georgia v. Rachel*, 384 U.S. 780 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

On December 5, 2025, Marissa filed a Petition for Writ of Certiorari challenging the Seventh Circuit's interpretation of § 1443(1). The petition argues "Whether a defendant may remove a state court proceeding to federal court under 28 U.S.C. § 1443(1) when the state action itself violates constitutional rights or federal law." This is precisely the situation here: the State Court Action itself violates Marissa's constitutional and federal statutory rights through

- 28 months without pleading (due process violation)
- Criminal proceeding without constitutional protections (Sixth Amendment)
- Denial of ADA accommodations (ADA, Title II violation)
- Judge presiding is federal defendant in related matter (14th Amendment)
- Retaliation for filing federal civil rights lawsuit (First Amendment)

The petition moreover documents these violations. The Supreme Court petition provides detailed documentation of the constitutional violations occurring in state court, including:

- Judge Yu presiding while defending two pending related federal lawsuits

6

- District Judge Pallmeyer's finding of credibility of judicial bribery in this matter
- Systematic denial of ADA accommodations
- Missing judicial transfer orders creating void jurisdiction
- Criminal contempt proceeding without prosecutor or jury

Civil Rights removal is manifestly appropriate here: Marissa cannot enforce her federal rights in Cook County courts because (a) the state courts are committing the violations: when state judges are the ones violating federal rights, state court cannot provide remedy, (b) there is a documented pattern of retaliation: Marissa filed federal civil rights lawsuit; state court response was to escalate violations (as documented in her petition) and (c) Judge Yu remains on the bench despite manifest conflicts: Judge presiding is federal defendant in Marissa's civil rights case—he has a personal interest in denying her civil rights.

The §1443(1) requirement that a defendant to the proceedings (here, Marissa Girard) "cannot enforce" federal rights in state court is satisfied because Marissa filed a federal civil rights lawsuit back in January 2025, only to experience the state courts responding with increased violations, most egregiously scheduling a criminal trial against her in family court without a written bill of charges or the other requirements under the Sixth Amendment and every attempt to enforce rights in state court has failed her. Indeed her petition for certiorari memorializes the same.

The fact that Marissa's § 1443(1) argument is *currently pending before the Supreme Court* demonstrates this is not a frivolous jurisdictional theory—it is a substantial federal question warranting this Court's consideration.

B.      The state courts are affirmatively violating federal rights.

Marissa Girard faces "affirmative" violations of her federal rights consisting not merely in inadequate state court procedures, but active deprivations of constitutional protections consisting in breaches of (a) due process wherein her participation hereunder has been compelled

7

for 28 months without a pleading, and a criminal proceeding is scheduled sans Sixth Amendment protections, (b) ADA Title II wherein denial of reasonable accommodations is impermissibly based on discrimination based on her disability and race, (c) right to petition wherein she has endured a pattern of retaliation for federal court access, and (d) right to impartial tribunal wherein the judge hereunder is sitting as a federal defendant in multiple lawsuits across from the parties named or in interest hereunder.

C.     The state courts cannot remedy their own constitutional violations.

On June 18 2025, Cook County Judge Eileen M. O'Connor sanctioned federal court access proving state court hostility to federal rights here. Specifically, as memorialized by a transcript dated June 18 2025 under *Minor Child Gw et al. v. Jane Girard*, Cook County Case No. 2024-L-012053[5] Judge O'Connor awarded Illinois Supreme Court Rule 137 sanctions against Kenton Girard to "punish him" for suing judges under *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action No. 1:25-cv-04551, N. Dist. Illinois. It was an unspeakably chilling and First Amendment-violating and Federalism-offending ruling. Not to mention that requirement of reducing the explanation for imposition of sanctions is required under the plain language of Illinois Supreme Court Rule 137.

Fortunately, Cook County Judge Michael F. Otto vacated the sanction award of Judge O'Connor on October 28 2025, finding there was "no offending paper" under the above-referenced matter. The O'Connor sanctions incident proves state courts cannot be trusted to protect federal rights in this case. When Judge O'Connor committed a constitutional violation, it required a different judge to remedy it. Even then, it took months and active litigation. This

---

[5] That matter is a related lawsuit: the minor children hereunder are pursuing claims against their biological mother Jane for inter alia battery, sexual assault and IIED. The invisible hand of Jane's attorneys hereunder – from Beermann LLP – can also be traced there wherein the "sanction scheme" seems to be concocted to harm Kenton Girard's position here and under the related lawsuits in the federal and state courts.

demonstrates that "enforcement" of federal rights in state court is impossible when the violations are being committed by state court judges themselves.

Marissa Girard filed her Petition for Certiorari to the Supreme Court on December 5, 2025, specifically arguing that § 1443(1) permits removal where the state court proceeding itself violates federal civil rights. That petition is attached and incorporated by reference. The violations are persistent: the state court cannot be trusted to cease or remedy its own violations.

**IV.    Removal is genuinely called for; further state court adjudication is abusive.**

The federal issues predominate over any speculative state custody issues.

Judicial orders of custody wherein the minor children attain majority in ~ 30 days from the date of this filing would be extremely inappropriate, especially wherein mature minors 16 years of age and above are afforded more input on custody arrangements in the State of Illinois. Moreover, the recent Trial Order of Hon. William Yu dated October 7 2025 references a criminal proceeding to take place against Kenton Girard and Marissa Girard. Problematically, no charges have been reduced to writing, no jury is set for empaneling and other Sixth Amendment protections are nonexistent.

Remarkably, moreover, the minor children have already been identified as **victims of sexual abuse at the hands of their biological mother,** Jane F. Girard, who asserted her Fifth Amendment right against self-incrimination under questioning by Prosecutor Mary Stein from the Illinois State's Attorneys Office on September 7 2023. As crime victims, the minor children should minimally enjoy notice of court dates and a right to be heard in the proceedings. Such fundamental rights have been withheld from them, raising questions about constitutional torts against children who are sex abuse victims, which should be an area for federal concern.

The claims asserted by Marissa against Kenton in the MG Claims arise from genuine

9

dispute, not manufactured posturing. For clarity, the test for fraudulent joinder requires showing that there is "no possibility" the plaintiff could establish a cause of action. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).

In further support thereof, the State of Illinois affirmatively recognizes a spousal duty of care. Kenton had the ability to move to dismiss Marissa from the custody proceedings, but did not do so because his litigation strategy did not prioritize undertaking such measures. Put differently, the objectives of his litigation strategy are at odds with Marissa's best interests and paramount interest in being removed from the custody proceedings.

Marissa has suffered documented harm as a direct and proximate result of her forced participation under the abusive custody proceedings. The federal claims (42 U.S.C. § 1983, ADA violations, declaratory relief as to constitutional and federal torts) exist independently of any dispute between Marissa and Kenton. The fact that Marissa also has state law negligence claims against Kenton does not make the federal claims fraudulent.

Most disturbing of all, it is apparent that Jane Girard has hijacked the State Court Action to inappropriately defend coming federal litigation. Kenton Girard's civil RICO case (*Girard v. Village of Glencoe*, Civil Action No. 1:24-cv-06882) was dismissed without prejudice by District Judge Pallmeyer with express invitation to refile after the custody proceedings conclude: Kenton Girard intends to refile the civil RICO suit immediately after the girls attain majority age in ~ 30 days. Jane Girard and her attorneys improperly seek to prevent this refiling by obtaining state court orders that declare Kenton and/or Marissa "vexatious litigants", thereby finding their federal lawsuits constitute "frivolous claims" or "harassment", creating a transparent effort to obtain a "collateral estoppel" effect in federal court.

**V.**     **Grable jurisdiction is also applicable here.**

Under *Grable & Sons Metal Products v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), federal question jurisdiction exists where resolution of a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution without disrupting the federal-state balance.

Marissa's negligence claim against Kenton is predicated on constitutional and ADA violations. To determine whether Kenton breached his duty to protect Marissa, this Court must determine whether (a) state actors violated Marissa's due process rights (28 months without a pleading, staging a criminal proceeding without Sixth Amendment protections, right to impartial tribunal, etc.), (b) state actors violated Marissa's ADA rights (systematic denial of accommodations). These federal questions are embedded and essential to the negligence claim.

As may be inferred by the litigation history under Marissa's federal civil rights lawsuit, *Girard v. Fernandez et al.*, 1:25-cv-00136, N. Dist. Illinois (pending before District Judge Andrea Wood since January 2025), the involved and culpable state actors deny these violations occurred. Resolution requires constitutional analysis, not merely state law interpretation.

Moreover the federal issues are manifestly substantial e.g. involving the Bill of Rights and a federal forum is appropriate here. Federal court resolution will not offend comity. Indeed, federal oversight is necessary precisely because state courts are committing the violations. State courts cannot be trusted to adjudicate their own constitutional violations, as demonstrated by the void O'Connor sanctions for filing a federal lawsuit.

## CONCLUSION

State court judges have shown a willingness to violate constitutional rights, open hostility to federal court access and an inability or unwillingness to self-correct. Without federal

supervision, these violations will continue. The state court remedies are demonstrably inadequate; multiple petitions to disqualify biased judges have been systematically and capriciously denied, requests for ADA reasonable accommodations have been denied, motions to dismiss or terminate for lack of pleadings and missing transfer orders have been flatly ignored.

If any questions arise as to the propriety of the removal of this action, Defendant/Cross Counter Defendant Kenton Girard requests the opportunity to supplement this Notice. Defendant/Cross Counter Defendant Kenton Girard further expressly reserves all objections he may have to the MG Claims and Marissa's petition for certiorari.

**WHEREFORE,** Crossclaim Defendant Kenton Girard hereby gives notice that the State Court Action has been removed to this Court.

Dated: January 5 2026

Respectfully Submitted,

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on January 05 2026, and (b) provided via email to the attorneys who have filed appearances in this matter as indicated below:

kpaige@beermannlaw.com, for Jane F. Girard
legaltma@gmail.com, for Marissa Girard

/s/ Kenton Girard

12