IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF ) <br> KENTON GIRARD, ) <br> ) <br>     Petitioner, ) <br> ) <br>     v. ) <br> ) <br> JANE GIRARD, ) <br> ) <br>     Respondent. ) <br> ) <br> (MARISSA GIRARD, ) <br> ) <br>     Third-Party Respondent.) ) | Case Number: 26-cv-42 <br><br> Removed from the Circuit Court of Cook County, Illinois, <br> Case No. 2015 D 9633 <br><br> The Hon. Sharon Johnson Coleman, Judge Presiding. |

**MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

State court respondent, Jane Girard, through her attorneys, BEERMANN LLP, and pursuant to 28 U.S.C. § 1447(c), respectfully moves this Court for an order immediately remanding this case to the Circuit Court of Cook County, Illinois and ordering the Petitioner and removing party, Kenton Girard, to pay Jane's reasonable costs and attorneys' fees incurred as a result of his improper removal.

**Introduction and Summary of Argument**

For the second time in the last eight months, Kenton Girard and his new wife, Marissa Girard, have weaponized the removal process to prevent an imminent trial in pending domestic relations proceedings between Kenton and former wife, Jane Girard, concerning the couple's two minor children.

In late April, 2025, on the eve of a scheduled trial in those proceedings, Kenton filed "claims" against his wife, Marissa, in the state court proceedings,

1

conveniently "consent[ing] to a federal forum." *Dkt. 1, pg. 41-47*. Marissa then removed the entire matter to this Court until Judge Daniel granted Jane's motion for remand on May 6, 2025. Despite its brief tenure in federal court, Marissa and Kenton's gambit paid off and the May 1, 2025 state court trial was successfully avoided. *See Girard v. Girard*, 25-cv-4586, Dkt. No, 16.

Following remand, the state court case proceeded and was ultimately re-set for trial on January 6-8, 2026. *Dkt. 1, pg. 229.* Regretfully, on the eve of those dates, Kenton and Marissa once again engaged in the same tactics which thwarted the May 2025 trial dates. On January 5, 2026, the day before trial, Marissa "filed" a claim against Kenton in which she, like Kenton did previously, willingly "consent[ed] to a federal forum." *Dkt. 1, pg. 41-47*.[1] And that same day, Kenton removed the entire matter to federal court, once again preventing a trial from proceeding in state court. *Dkt. 1, pg. 1.*

Kenton and Marissa's latest ploy is a transparent abuse of section 1446's procedures, employed solely to avoid a trial while utilizing this Court's docket as a means to shield Kenton from liability for his slanderous accusations against Jane, her attorneys, numerous judges, and other officials. For the reasons articulated below, this Court should *immediately* remand this improperly removed matter back to state court so a trial on the merits can proceed.

---

[1] Marissa's claims against Kenton do not bear a file stamp from the Clerk of the Circuit Court of Cook County. *Dkt #1, pg. 107.*

2

## Background

This case is yet another in a long line of federal cases filed by Kenton and Marissa as part of their campaign of harassment, intimidation, and abuse of anyone even tangentially involved in the state court proceedings. They have sued Jane, multiple lawyers associated with her firm, over half a dozen state court judges, public officials, court-appointed attorneys, mental health professionals, and municipalities all in their quest to influence the state court proceedings.[2] Their vexatious litigation tactics are no secret, and this case is no exception.

As the exhibits to Kenton's Notice of Removal suggest, he and his former wife, Jane, have been involved in post-judgment litigation concerning their minor children since mid-2022. Trial is—or was—set to proceed before the Hon. William Yu on various pleadings, first in May, 2025, and again on January 6, 2026 continuing through January 8, 2026. *Dkt. 1, pg. 229*.

Even though the trial court set those dates in early October, Kenton and Marissa waited until the eve of trial in January to implement their scheme. Faced with an imminent trial, Kenton did what any unscrupulous litigant in his situation would do—and exactly what he and his wife previously did under identical circumstances—fabricated a non-existent dispute with his spouse, conspired with her to file a pleading against him without leave of court (wherein she gratuitously

---

[2] See *Kenton Girard v. Village of Glencoe, et al.*, 24-cv-6882 (dismissed by Judge Pallmeyer on abstention grounds on August 12, 2025); *Marissa Girard v. Fernandez, et al.*, 25-cv-136 (motions to dismiss pending before Judge Wood); *Kenton Girard v. Scannicchio, et al.*, 25-cv-4551 (motions to dismiss pending before Judge Ellis); *Girard v. Girard*, 25-cv-4586 (remanded by Judge Daniel to state court on May 16, 2025).

consented "to litigating these proceedings in a federal forum"); and then removed the entire matter to this Court just hours before trial was set to begin.

Kenton and Marissa engaged in the exact same tactics several months ago. On February 14, 2025, the state court set the domestic proceedings for trial on May 1 and 2, 2025. *Dkt. 1, pg. 206*. Just days before the commencement of that trial, Kenton filed crossclaims against Marissa in which he "freely consent[ed] to litigating in a federal forum" (*Dkt. 1, pg. 41*) and Marissa then removed the entire matter to federal court until Judge Daniel remanded it on May 6, 2025, finding that he lacked subject matter jurisdiction over a case which "centers on domestic disputes related to custody and divorce agreements." *Girard v. Girard*, 25-cv-4586 (Dkt. 16). After dismissing her appeal, the Seventh Circuit Court of appeals sanctioned Marissa on November 25, 2025 for filing a "doubly frivolous" appeal from the remand order. *Girard v. Girard*, No. 25-1854 (7th Cir. Nov. 25, 2025).

Kenton and Marissa's most recent gambit should meet the same fate. Marissa's "claims" do little more than repackage her and Kenton's baseless grudges against Jane's attorney's and other state court actors in a pleading ostensibly directed at her husband. While far from a model of clarity, Marissa appears to (i) seek a declaration that her constitutional rights have been violated, a claim which she concedes she is actively litigating in case no. 25-cv- 136; (ii) seek a declaration that her rights under the Americans with Disabilities Act have been violated, a claim which she concedes she is actively litigating in case no. 25-cv- 136; (iii) accuse her husband, a private citizen, of violating her rights under section 1983; and (iv) accuse her husband of

4

garden variety negligence. *Dkt. 1, pg. 107-126*. Kenton filed his Notice of Removal on January 5, 2026, citing these claims against him as his basis for doing so. *Dkt. 1, pg. 3*.

Kenton's frivolous, surreptitious and transparent attempts to further delay the state court proceedings through this hail-Mary tactical removal fail as a matter of law, and this matter should be remanded *instanter*.

**Argument**

Generally, the party seeking a federal forum bears the burden of establishing federal jurisdiction. *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995)). When a federal court's exercise of jurisdiction is challenged following removal, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993).

**A. Removal is Improper Because Not all Defendants Consent to Removal**

Removal generally requires the consent of all defendants. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). Jane, the Respondent in the underlying state court proceedings, does not consent to removal.[3]

**B. To the Extent Kenton is a Third-Party Defendant, He is Not Authorized to Remove this Case.**

---

[3] Kenton's Notice of Removal incorrectly names Jane as the plaintiff and himself and Marissa as defendants.

5

The underlying state court proceedings involve claims between Jane and Kenton, as well as claims for injunctive relief by Jane against Marissa, a third-party defendant in those proceedings. To the extent Marissa's crossclaims against Kenton make him a third-party defendant (or even a "cross Counter Defendant," as his caption suggests), he lacks the ability to seek removal as the removal statutes apply only to defendants, not to third-party defendants. See *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 444 (2019) ("a third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a)."); *Thomas v. Shelton,* 740 F.2d 478, 487–488 (7th Cir.1984); 16 *Moore's Federal Practice* § 101.11[1][b] (Matthew Bender 3d ed.) ("[T]hird-party defendants are not *defendants* within the meaning of the removal statute.").

Notably, Judge Daniel explained this fact to *both* Kenton and Marissa on May 19, 2025, a lesson which they clearly ignored. See *Girard v. Girard*, 25-cv-4586 (Dkt. No. 30) ("At argument, the Court explained that it must look at the original action, filed by Jane Girard, when assessing whether the case involves a federal question that warrants removal. Because the original action did not involve a federal question, which both Kenton Girard and counsel for Marissa Girard conceded, the Court remanded the case to state court. The Court further explained that Supreme Court and Seventh Circuit precedent counseled against treating a cross-claim as part of the original action."). Their decision to proceed with an identical scheme in light of this explicit admonition heightens the need for an award of fees here.

6

**C. This Court Lacks Subject Matter Jurisdiction over Marissa's Claims.**

As outlined above, in addition to garden variety negligence, Marissa's claims against her husband appear to either seek a declaration that her federal rights have been violated by actions allegedly occurring in the underlying state court proceedings, or mirror claims currently pending—and subject to motions to dismiss—in another matter pending before this Judge Wood (25-cv-136). This is not, nor has it ever been, an appropriate basis for federal question jurisdiction.

In *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), the Supreme Court reiterated that where a complaint seeks a declaration "in essence to assert a defense to an impending or threatened state court action, *it is the character of the threatened action*, and not of the defense, which will determine whether there is federal question jurisdiction in the District Court." *Id.* at 248, 73 S.Ct. 236.

Here, as Kenton readily concedes in his Notice of Removal, all Marissa's claims "arise from the same operative facts" occurring in the pending state court domestic relations proceedings. *Dkt. 1, pg. 4*. While *Rooker-Feldman* does not technically apply as those proceedings remain ongoing, other abstention doctrines direct this Court from exercising jurisdiction over claims, such as these, which seek to interfere with pending state court proceedings. See *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018) ("federal courts may decline to exercise jurisdiction where denying a federal forum would clearly serve an important countervailing interest, including regard for federal-state

relations."). A federal court cannot adjudicate Marissa's claims against Kenton without intruding on—and interfering with—the pending state court domestic relations proceedings.

Because the character of the pending action is a child custody matter—one which undeniably does <u>not</u> present a federal question—Marissa's attempts to obtain a declaration that her rights have been violated in those proceedings also fails to assert a federal question.

### D. Irrespective of Whether Marissa's Claims Against Kenton Present a Federal Question, Remand of the Remaining Claims is Required.

Irrespective of whether Marissa's claims against her husband present a federal question, it is clear that the unrelated state law domestic relations claims have no place before this Court and must be remanded immediately.

Section 1441(c)(1) provides that if a case includes *both* "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)," *and* "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," then "the entire action may be removed if the action would be removable without the inclusion" of the state-law claim. *See* 28 U.S.C. § 1441(c)(1). In that situation, "the district court shall sever from the action" the claims that are "not within the original or supplemental jurisdiction of the district court or [claims] that [have] been made nonremovable by statute" and remand them while retaining jurisdiction over the federal claims. 28 U.S.C. § 1441(c)(1)–(2).

Section 1441(c)(2) "require[s] the ***immediate remand*** of any state-law claim not within the supplemental jurisdiction" of this Court. (emphasis added.) *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 259 (7th Cir. 2018). *See also S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Texas, Inc.*, 964 F.3d 369, 374 (5th Cir. 2020) (noting that section 1441(c)(2) "makes clear that immediately upon removal, 'the district court shall sever from the action all claims' that are not within its original or supplemental jurisdiction 'and shall remand the severed claims to the State court from which the action was removed.'").

"In plain terms, Section 1441(c)(2) requires the Court to remand 'separate and independent' claims that are removed with a federal question claim but that fall outside the Court's jurisdiction." *Elftmann v. Village of Tinley Park*, 191 F. Supp. 3d 874, 882 (N.D. Ill. 2016) (quoting *Montano v. City of Chicago*, 375 F.3d 593, 600 (7th Cir. 2004)).

There can be no question that Jane's state law claims concerning the care and custody of two minor children fall outside the supplemental jurisdiction of this Court and cannot be considered by it under the domestic relations exception. *Marshall v. Marshall*, 547 U.S. 293, 307–08, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (holding that the domestic relations doctrine "blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'"). That exception prevents a federal court from exercising jurisdiction over cases involving "the characteristic powers of a domestic-relations court." *Jones v. Brennan,* 465 F.3d 304, 306 (7th Cir. 2006)

In the state court proceedings, Jane seeks relief pertaining to the care and custody of her minor children—matters within the core of the domestic relations exception. *Schnakenburg v. Krilich*, 573 F. Supp. 3d 1312, 1319 (N.D. Ill. 2021) *citing Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). This Court plainly lacks jurisdiction over these matters. To the extent it may properly exercise jurisdiction over Marissa's claims, it must nevertheless remand the prior domestic relations claims back to the state court, and should do so *instanter*.

### E. Kenton Should be Ordered to Pay Jane's Costs and Expenses for this Improper Removal.

This Court should order Kenton to pay Jane's costs and expenses incurred as a result of his improper and unreasonable removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As our Supreme Court explained in *Martin*, removal presents an attractive tool for unscrupulous litigants looking to stop a case in its tracks and drive up the cost of litigation:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
> *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)

To remedy this problem, § 1447(c) requires awards of fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141; *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) (affirming district court's award of fees and costs where there was "no objectively reasonable basis for federal jurisdiction or for removal"). "[I]f, at the time the Respondent filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a Petitioner his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

Here, clearly established law demonstrates the absence of any objectively reasonable basis for removal. Instead, as the timing of Kenton and Marissa's conduct make clear, they conjured up *another* farcical dispute and sought removal literally hours before the start of trial. Under similar circumstances, our courts have not been shy about awarding fees where removal was plainly done for purposes of delay. See *Green Tree Servicing, LLC v. Damron*, 557 Fed. Appx. 588, 591 (7th Cir. 2014) (affirming award of fees where "delay was [defendant's] true motivation for the belated removal on the eve of dispositive motions").

If Marissa's claims constitutional claims are already pending before a different judge of this Court, why didn't she seek to assert them there? If she freely consented to federal jurisdiction, why not file a stand alone action against Kenton in federal court? If the facts giving rise to Marissa's claims have been known to her for months or years, as she suggests, why did she wait until the eve of trial to file them?

The answers are obvious: this removal has nothing to do with legitimate claims between two people who remain happily married to one another and everything to do with Kenton and Marissa's singular goal of disrupting the state court proceedings. Such conduct cannot and should not be rewarded as it only engenders more unscrupulous litigants to employ the same tactics. Disallowing fees here would serve only to encourage the exact behavior our courts have long sought to discourage.

## Conclusion

The only thing clearer than the absence of this Court's jurisdiction is the improper purpose for which this matter came before it. Jane Girard has been trying mightily for over three years to have her motions heard, and Kenton and Marissa have done everything in their power to prevent that from happening—including this second attempt to drag what should be a routine state court custody matter into federal court. There was no legitimate basis to do so. The parties to this case should be on trial today; not fighting for the remand of a case which has no place before this Court. It should remand this matter *instanter* and order Kenton to pay the legal fees and costs Jane incurred in seeking remand.

Respectfully submitted,

**BEERMANN LLP**

/s/ *Matthew D. Elster*
One of Jane Girard's Attorneys

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2026, a copy of the foregoing ***Memorandum In Support of Motion to Remand*** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Matthew D. Elster*
