

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JAN 13 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-00042 |
| v. | District Judge Sharon Johnson Coleman |
| KENTON GIRARD and MARISSA GIRARD, | Mag. Gabriel A. Fuentes |
| Defendants. | |

## MOTION TO VACATE TRANSFER TO DISTRICT JUDGE DANIEL

Defendant pro se Kenton Girard in support of his Motion to Vacate Transfer to District Judge Daniel, states as follows:

### BACKGROUND

On January 12 2026, District Judge Coleman propounded a request to the Executive Committee of the Northern District of Illinois to transfer jurisdiction to the courtroom of District Judge Jeremy C. Daniel, citing Local Rule 40.3(a)(2) as the reason for such request.

### ARGUMENT

**I.  The predicate requirements of Local Rule 40.3(b)(2) have not been satisfied here.**

As a threshold matter, this case is legally and procedurally distinguishable from the prior notice of removal by Marissa Girard dated April 28 2025:

a.  <u>The removing party is different.</u> Kenton Girard is the removing party, and this removal is his first under this matter. This Court's prior ruling concerning Marissa Girard's removal does not and cannot apply to Kenton Girard's separate exercise of his statutory removal right, under wholly different circumstances as explored in more detail *infra*.

b. <u>There is no custody dispute at this time.</u> In the period since District Judge Daniel ordered remand under the prior removal in May 2025, **Plaintiff Jane Girard has voluntarily dismissed all of her requests for custody-related relief** pursuant to her notice of voluntary non-suit dated December 31 2025 (**Exhibit 1**). Furthermore, Kenton Girard foreclosed his own rights to seek modification of the Joint Parenting Agreement in October 2024. The only relief Jane Girard now seeks is imposition of sanctions and award of attorneys fees. Therefore, the domestic relations exception to federal jurisdiction does not apply in this matter: only constitutional claims and federal claims and fee disputes remain pending under this matter.

c. <u>District Judge Pallmeyer has validated the need for federal jurisdiction.</u> Pursuant to her memorandum opinion dated August 12 2025 under a related lawsuit namely *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois, District Judge Pallmeyer has found the constitutional torts and judicial bribery under the history of the underlying State Court Action to be "credible and troubling." What is more, she greenlighted Kenton Girard's civil RICO claims to advance once the underlying custody proceedings terminate. Such federal judicial endorsement of the substance of Defendant Kenton Girard's claims did not exist at the time of the prior removal.

**II.    Pending review of Judge Daniel's previous remand decision bars Judge Daniel.**

Judge Daniel's remand order in May 2025 under the prior removal under Civil Action No. 25-cv-04586 is currently under review by the Supreme Court under Case No. 25-707. Such changed circumstances require fresh analysis, not re-application of Judge Daniel's prior reasoning, which may well be determined to be wrongful and violative of Kenton Girard's constitutional and federal rights depending on the Supreme Court's pending review under Case No. 25-707 and pursuant to Marissa Girard's *petition for certiorari*.

Case law informs the same conclusion. Under *Johnson v. Mississippi*, 403 U.S. 212 (1971), a judge who had participated in earlier proceedings involving the same defendant was disqualified from later proceedings because of concerns as to bias. Pursuant to *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997), a district judge cannot take action on issues which are already on appeal (as here, wherein the Supreme Court is considering the propriety of his previous remand order from May 2025). The pending Supreme Court review is a bar to Judge Daniel's actions also under the lens of *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008). Finally, a judge is sometimes disqualified even if the case returns to them pursuant to application of statutes and procedural rules. *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001)

Judge Daniel is therefore disqualified from presiding in this matter under 28 U.S.C. § 455(a) and (b) because he cannot be impartial knowing that the Supreme Court is actively reviewing the propriety of his previous remand decision from May 2025.

### III. The independent right of removal is compromised by transfer to Judge Daniel.

Each defendant has an independent removal right under 28 U.S.C. § 1441(a). To allow Judge Daniel to ignore his obvious disqualification and even potentially retaliate for the initiation of appellate review of his previous remand decision would be nothing short of a guarantee that Kenton Girard's claims will not get the due day in court hereunder.

The likelihood that Judge Daniel will consider the instant remand "just like" the previous remand would be minimally dilutive to Kenton Girard's independent right of removal.

### IV. Judge Daniel has already signaled impermissible bias against Kenton Girard.

After the end of the court day on January 12 2026, opposing counsel Matthew D. Elster from Beermann LLP emailed Judge Daniel's courtroom deputy Vettina Franklin (**Exhibit 2**) indicating that he would be in front of Judge Daniel on Civil Action No. 1:25-cv-04586 on

January 13 2026 and requesting whether he may proceed on presenting his motion for remand (Dkt 9) at that time, even though the January 13 2026 court date under this matter (Civil Action No. 1:26-cv-00042) has been cancelled by District Judge Coleman (Dkt 16).

In response, Judge Daniel's courtroom deputy replied *to Attorney Matthew D. Elster only* at 5:03 PM CST stating, "That's fine. The case is now before this Court" (**Exhibit 2**).

Obviously there are massive problems with Vettina Franklin's email coordination with opposing counsel Matthew D. Elster. First, the request to transfer jurisdiction to the Executive Committee was clearly still pending as of the close of business on January 12 2026. The PACER system published District Judge Coleman's request to transfer to Judge Coleman (Dkt 16) at 2:15 PM CST (**Exhibit 3**). Furthermore, the successive docket entry (Dkt 17-1, also published by PACER two hours later on January 12 2026 at 4:17 PM CST) confirms that jurisdiction remained with District Judge Coleman, stating in relevant part:

> The above captioned case is **currently pending on my calendar**. I request the Executive Committee that this case be reassigned to the calendar of Judge Jeremy C. Daniel.
> (emphasis supplied)

Second, court dates cannot be scheduled ~ 16 hours in advance off docket without a filed notice of presentment and under ex parte email communications. Customarily, motions must be noticed for presentment with a minimum of three business days in advance. Such manipulations (without a notice of presentment filed on the docket, without notice to all parties and not perfected with requisite advance execution) constitute a violation of due process requirements and the right to be heard which are protected under the Fourteenth Amendment. In support of this point, Kenton Girard sent a follow-up email message to Vettina Franklin and opposing counsel memorializing his objections to the off-docket manipulations with Attorney Matthew D. Elster and advising of the filing of the instant motion (**Exhibit 4**).

Third, a briefing schedule under Attorney Elster's motion to remand has already been

established wherein Judge Coleman ordered on January 9 2026: "Defendants shall file a response to Plaintiff's motion to remand [7] by 2/23/2026. Plaintiff shall file a reply by 3/9/2026. Once the matter is fully briefed, the Court shall take it under advisement" (Dkt 12). Defendant Kenton Girard has already invested significant time in preparing his opposition to Attorney Elster's motion to remand and as a pro se litigant is duly entitled to an opportunity to submit a brief[1] in support of his position on an outcome-determinative question such as remand.

The fact that Judge Daniel's courtroom deputy – acting on the authority of Judge Daniel – would engage in such casual disregardment of Kenton Girard's constitutional rights and Judge Coleman's operative briefing order adduces affirmative evidence of Judge Daniel's impermissible bias against Kenton Girard.

Judge Daniel is therefore disqualified from presiding in this matter under 28 U.S.C. § 455(a) and (b) for this additional demonstration of impermissible bias against Kenton Girard.

**WHEREFORE**, Defendant Kenton Girard hereby requests the Court vacate the transfer to District Judge Daniel or, alternatively, that District Judge Daniel immediately reassign this matter to a different judicial officer.

**Dated: January 13 2026**                                    Respectfully submitted,

                                                  Kenton Girard, In Pro Se
                                                965 Forestway Drive
                                                Glencoe, IL 60022
                                                Tel: (773) 575-7035
                                                kg5252@yahoo.com

                                        By:    /s/ Kenton Girard

---

[1] This is especially true under the current circumstances in which, pursuant to Plaintiff Jane Girard's notice of voluntary non-suit filed on December 31 2025 (**Exhibit 1**), there are no custody-related claims pending under this matter. The only claims hereunder are federal in nature. On its face, Kenton Girard's Notice of Removal is virtually unassailable.

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on January 13 2026, (b) provided via email to the attorneys who have entered their appearances in this matter and the pro se parties per the contact details listed below, and (c) provided via email to District Judge Coleman's Courtroom Deputy Yvette Montanez via Yvette_Montanez@ilnd.uscourts.gov and to District Judge Jeremy Daniel's Courtroom Deputy Vettina Franklin via Vettina_Franklin@ilnd.uscourts.gov.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
kpaige@beermannlaw.com
    for Plaintiff Jane F. Girard

**Electronic Service on Pro Se Parties**

marissadakis@gmail.com
    for Defendant Marissa Girard

                                      /s/ Kenton Girard

# EXHIBIT 1

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
12/31/2025 11:38 AM
Iris Y. Martinez... T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
35979421

IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )
) No. 2015 D9633
KENTON GIRARD, )
) Cal. 89
    Petitioner, )
)
and )
)
JANE GIRARD, )
)
    Respondent. )
)
MARISSA GIRARD, )
)
    Third-Party Respondent. )
)

## MOTION TO VOLUNTARILY NON-SUIT

**NOW COMES** the Respondent, JANE GIRARD ("Jane"), by and through her attorneys, Beermann LLP, and pursuant to Section 2-1009 of the Illinois Code of Civil Procedure and moves this Honorable Court to enter an order dismissing some of her cause of action without prejudice. In support thereof, Jane states as follows:

1. On October 7, 2025, this Court entered an Order setting this matter for trial on seventeen (17) pleadings. Trial dates are currently scheduled for January 6, 7, and 8, 2026 A copy of the Order is attached as **Exhibit A**.

2. The pleadings currently set to be held at trial are listed below:

- Jane's May 27, 2022, Motion to Appoint a Parenting Coordinator and Compel Use of Our Family Wizard ("Pleading 1");

Page 1 of 4

- Jane's August 31, 2022, Motion to Compel Enrollment in Therapy (seeking reunification therapy for the family) ("Pleading 2");
- Kenton's September 7, 2022, Motion to Modify Parenting Time, Decision Making Responsibilities, and for Other Relief ("Pleading 3");
- Jane's September 20, 2022, Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa ("Pleading 4");
- Jane's November 1, 2022, Emergency Verified Petition for Rule to Show Cause for Adjudication of Indirect Civil Contempt and for Other Relief: Failure to Abide by the Terms of the Allocation Judgment ("Pleading 5");
- Jane's May 16, 2023, Petition for Parenting Interference ("Pleading 6");
- Kenton's July 11, 2023, Motion to Modify Joint Parenting Agreement and Custody Judgment ("Pleading 7");
- Jane's July 13, 2023, Motion to Enforce the Joint Parenting Agreement ("Pleading 8");
- Jane's August 1, 2023, Petition for Rule re July 25, 2023 Order ("Pleading 9");
- Jane's March 13, 2024, Motion to Modify the Joint Parenting Agreement and to Implement the 604.10(b) Recommendations ("Pleading 10");
- Jane's July 10, 2025, Motion for Adjudication for Direct Criminal Contempt and to Declare Kenton and Marissa Vexatious Litigants ("Pleading 11")
- Jane's September 25, 2025, Fee Petition ("Pleading 12")

- Jane's forthcoming petition for gees relating to Marissa Girard's Motion for Substitution of Judge Yu and a Matter of Right ("Pleading 13");
- Kenton's April 24, 2025, Motion to Disqualify Phyllis Amabile MD ("Pleading 14");
- Kenton's April 24, 2025, Motion to Disqualify Beermann LLP ("Pleading 15");
- Kenton's April 24, 2025, Motion to Terminate Parental Rights of Jane Girard ("Pleading 16"); and
- Kenton's April 28, 2025, DJ Crossclaim ("Pleading 17").

3. Unfortunately, Kenton and Marissa's egregious, vexatious behavior—including but not limited to: (1) the filing of at least 15 improper Petitions for Substitution of Judge in the instant matter; (2) the manufacturing of a third party complaint and improper removal of this matter to federal court; and (3) the filing of at least seven (7) frivolous lawsuits against virtually every judge and attorney even tangentially associated with this case in state and federal courts across Chicago.

4. Kenton and Marissa's strategy to "run out the clock" in this matter appears to have succeeded, at least in part. As trial nears in this matter, Jane questions the efficacy of pursuing all her claims at trial.

5. Even though she believes she has meritorious claims under all her pleadings, Jane wishes to voluntarily non-suit a number of pleadings in the interest of judicial economy and to ensure that the most important matters in this case are heard and adjudicated.

FILED DATE: 12/31/2025 11:38 AM   2015D009633

6. Section 2-1009 of the Illinois Code of Civil Procedure provides, in pertinent part, as follows:

> (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.
>
> *735 ILCS 5/2-1009(a).*

7. Jane requests that Pleading 1, Pleading 2, Pleading 8, Pleading 10, and Pleading 11 be voluntarily non-suited without prejudice.

**WHEREFORE**, the Respondent, JANE GIRARD, by and through her attorneys, BEERMANN LLP, respectfully requests this Honorable Court grant the following relief:

A. Enter an order dismissing Jane's Pleading 1, Pleading 2, Pleading 8, Pleading 10, and Pleading 11, without prejudice, *instanter*; and

B. Award Jane such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

By: _/s/ Enrico J. Mirabelli_
One of Her Attorneys

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark Street - Suite 3000
Chicago, Illinois 60601
Tel: (312) 621-9700
Atty. Code 80095
emirabelli@beermannlaw.com
kpaige@beermannlaw.com
cmeyers@beermannlaw.com

# EXHIBIT 2

**Kenton** <kg5252@yahoo.com>  Mon, Jan 12, 2026 at 6:14 PM
To: Vettina Franklin <vettina_franklin@ilnd.uscourts.gov>
Cc: "marissadakis@gmail.com" <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Matthew D. Elster" <mdelster@beermannlaw.com>

Dear Deputy Franklin,

Please note that per the attached docket entry 17-1, Judge Daniel does not have jurisdiction until the executive committee has installed him as the Judge for this case.

Furthermore, all court dates were cancelled by Judge Coleman regarding this case.

There has not been any notice as to any court dates for case 26-cv-042 to be in front of Judge Daniel. The current case on the docket is 25-cv-04586, and the case Mr. Elster is referring to is 26-cv-00042 which remains under Judge Coleman's jurisdiction until the executive committee perfects the transfer.

Also, I will be filing a motion to vacate the transfer tomorrow which Judge Coleman will need to rule on before Judge Daniel assume jurisdiction. If the transfer still occurs, then Judge Daniel will need to consider how he can be impartial while case 25-cv-04586 is currently pending before SCOTUS.

Kenton L. Girard
Cell (773) 575-7035


On Monday, January 12, 2026 at 05:03:44 PM CST, Vettina Franklin <vettina_franklin@ilnd.uscourts.gov> wrote:

That's fine. The case is now before this Court.

Thanks,

Vettina



Vettina C. Franklin

Courtroom Deputy to the Honorable Jeremy C. Daniel
US District Court for the Northern District of Illinois

219 S. Dearborn Street

Chicago, IL 60604

312-435-6059

**From:** Matthew D. Elster <MDElster@beermannlaw.com>
**Sent:** Monday, January 12, 2026 4:31 PM
**To:** Vettina Franklin <Vettina_Franklin@ilnd.uscourts.gov>
**Cc:** Kenton <kg5252@yahoo.com>; marissadakis@gmail.com; Enrico J. Mirabelli <EJMirabelli@beermannlaw.com>
**Subject:** RE: Girard v. Girard - 26-cv-42

**CAUTION - EXTERNAL:**

Ms. Franklin,

As a follow up to my earlier email, this matter has been transferred to Judge Daniel per the below minute order from Judge Coleman:

**MINUTE entry before the Honorable Sharon Johnson Coleman: Case reassigned to the Honorable Jeremy C. Daniel for all further proceedings pursuant to Local Rule 40.3(b)(2). Mailed notice. (lw, )**

Please advise whether we may proceed on our motion to remand tomorrow when we are before Judge Daniel on the related matter (25-cv-4586).

Best,

Matt

**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com

 

# EXHIBIT 3

----- Forwarded Message -----
**From:** usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>
**To:** "ecfmail_ilnd@ilnd.uscourts.gov" <ecfmail_ilnd@ilnd.uscourts.gov>
**Sent:** Monday, January 12, 2026 at 02:16:10 PM CST
**Subject:** Activity in Case 1:26-cv-00042 Girard v. Girard et al terminate hearings

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5)

**Notice of Electronic Filing**

The following transaction was entered on 1/12/2026 at 2:15 PM CST and filed on 1/12/2026
**Case Name:** Girard v. Girard et al
**Case Number:** 1:26-cv-00042
**Filer:**
**Document Number:** 16

**Docket Text:**
**MINUTE** entry before the Honorable Sharon Johnson Coleman: Finding the present case related to a matter previously before Judge Daniel, Girard v. Girard et al (1:25-cv-04586), the Court seeks to reassign the case to Judge Daniel in accordance to LR 40.3(b)(2). All pending motions and dates in this case are stayed pending reassignment. No appearance necessary on 1/13/2026. Mailed notice. (ym)

## EXHIBIT 4

**Kenton** <kg5252@yahoo.com>  Mon, Jan 12, 2026 at 6:14 PM
To: Vettina Franklin <vettina_franklin@ilnd.uscourts.gov>
Cc: "marissadakis@gmail.com" <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Matthew D. Elster" <mdelster@beermannlaw.com>

Dear Deputy Franklin,

Please note that per the attached docket entry 17-1, Judge Daniel does not have jurisdiction until the executive committee has installed him as the Judge for this case.

Furthermore, all court dates were cancelled by Judge Coleman regarding this case.

There has not been any notice as to any court dates for case 26-cv-042 to be in front of Judge Daniel. The current case on the docket is 25-cv-04586, and the case Mr. Elster is referring to is 26-cv-00042 which remains under Judge Coleman's jurisdiction until the executive committee perfects the transfer.

Also, I will be filing a motion to vacate the transfer tomorrow which Judge Coleman will need to rule on before Judge Daniel assume jurisdiction. If the transfer still occurs, then Judge Daniel will need to consider how he can be impartial while case 25-cv-04586 is currently pending before SCOTUS.

Kenton L. Girard
Cell (773) 575-7035