1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANE F. GIRARD,                          )  Case No. 26 CV 00042
                                         )
              Plaintiff,                  )
                                         )
     vs.                                 )
                                         )
KENTON GIRARD and MARISSA                )
GIRARD,                                  )  Chicago, Illinois
                                         )  January 14, 2026
              Defendants.                 )  9:54 a.m.

TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
BEFORE THE HONORABLE JEREMY C. DANIEL

APPEARANCES:

For the Plaintiff:        BEERMAN LLP
                          BY:  MR. MATTHEW D. ELSTER
                               MR. ENRICO J. MIRABELLI
                          161 N. Clark Street
                          Chicago, Illinois 60601

For the Defendants:       MR. KENTON GIRARD
Via WebEx                 PRO SE

                          MS. MARISSA GIRARD
Via WebEx                 PRO SE

Also Present:             MS. JANE GIRARD
Via WebEx

Court Reporter:           KRISTA BURGESON, CSR, RMR, CRR
                          219 S. Dearborn Street
                          Chicago, Illinois 60604
                          312-435-5567
                          krista_burgeson@ilnd.uscourts.gov

                          * * * * *
              PROCEEDINGS REPORTED BY STENOTYPE
   TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK:  26 C 42, Girard versus Girard, et al.

Please state your name for the record and the party that you represent.

MS. MARISSA GIRARD:  (Inaudible.)

THE COURT:  I didn't get what was just said, whoever just spoke.

MS. MARISSA GIRARD:  Your Honor, this is Marissa Girard -- (inaudible).

THE COURT:  I heard Marissa Girard.  What came after that?

MS. MARISSA GIRARD:  Marissa Girard, pro se.

THE COURT:  Okay.

MR. ELSTER:  Good morning, Your Honor.  Matthew Elster and Enrico Mirabelli.

MR. MIRABELLI:  Good morning.

MR. ELSTER:  We are here on behalf of Jane Girard.

MR. KENTON GIRARD:  Good morning.  Kenton Girard, pro se.

THE COURT:  Good morning, everyone.

We are here because Jane Girard has asked me to remand this matter to State Court.  I understand Kenton Girard has removed this case.

Mr. Girard, what is the basis for removal?

MR. KENTON GIRARD:  Your Honor, I believe I should

state that I am pro se. I will do my best. I am definitely no match for experienced counsel.

I would request time to put together well thought out written responses as I don't really have a strong grasp of all the case law and procedure for an oral argument.

With that in mind, I also did want to bring your attention to the motion that I filed, which I filed yesterday, it was stamped but it hasn't been docketed yet, which is the motion to vacate. I believe that would need to be addressed prior to the motion to remand as that motion to vacate does raise concerns about potential conflict and bias under 28 USC 455, and so I suppose setting a briefing schedule on that prior to any discussion of the remand.

I also did want to bring attention to the fact that I felt these proceedings should be considered to be paused until the Supreme Court decides on the matter of case 25-707, which is exactly -- it is the exact same case, just this removal is by a different party with a different cause of action and different pleadings.

So I do request that we would consider those issues prior to the remand. And if we are going to consider the remand, I do request time to brief it so I can adequately research and respond to their motion, because I do believe that the removal was very clear for the reasons why it was removed, and the case law that it stated, and the reasons why it was

removed, Your Honor.

THE COURT: Okay.

One, the notion that you are not prepared to discuss your removal when you filed the removal, I reject that. You filed something, and Rule 11, Federal Rule of Civil Procedure 11, requires that every party presenting a pleading to the Court, whether by signing, filing, submitting, or later advocating for it, whether an attorney or unrepresented party, certifies that to the best of that person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances that it is not being presented for any improper purpose, that the legal contentions in it are warranted by existing law, or nonfrivolous argument for extending, modifying, or reversing existing law, and that the factual contentions in it have evidentiary support or specifically so identified would likely have evidentiary support.

So I have your pleading, which is the removal petition or notice, and therefore, by you filing it, you have already told me that you know what you need to know to bring that in good faith.

So that is a threshold issue because all these other concerns extend from whether I have jurisdiction to hear the case. My understanding is that Jane Girard believes that I don't. I am here today to decide that issue.

Why is removal improper in Jane Girard's view?

MR. ELSTER: Your Honor, removal is improper because there is no Federal question jurisdiction, A, over the entire case, including the -- I am just going to say it, bogus claims between husband and wife filed without the requisite leave of the State Courts, but even failing that, under 1441(c)(2), under the pending State law domestic relations claims, which have already been removed to Your Honor once, and remanded, under settled law that Your Honor explained to Kenton and Marissa Girard on May 16th, third party claims under the Home Depot case do not give rise to Federal question jurisdiction when there is no Federal question jurisdiction under the underlying domestic relations matter.

This is the exact same thing that happened eight months ago, almost to the day, under identical circumstances. There is no jurisdiction here over anything, and certainly not over garden variety custody matters which are squarely within the purview of the State Courts.

THE COURT: Mr. Girard, any response?

I believe you are muted, Mr. Girard.

MR. KENTON GIRARD: Thank you, your Honor. I apologize for that.

Yes, I do have a response.

First, I did want to state that Ms. Girard and I do not have the same interests in this case. And so I do request

that briefing schedules are scheduled.

But also, Mr. Elster suggests it belongs in State Court, but there are no remaining custody matters as they have nonsuited all the custody issues in the State case. So all that remains is a request for fees, sanctions, and the Federal question.

This case was removed under the statute of 1443, which is -- so that was a very clear reason why it should be in Federal Court. There are multiple Federal questions which are in the papers. And again, I did want to state there is no custody matter pending, and there is no urgency to remand this.

Again, this is a substantially different legal basis, substantially different issues at hand for the removal. And it is also significantly different because it also does -- there has been no ruling by Judge Pallmeyer in 24 CV 06882, which I think also adds color to the Federal question where she opined that there is credible evidence that -- Federal issues involved in this State case.

So with all of those things put together, I do think that it is very important that this does remain in Federal Court and that we are able to adjudicate the Federal questions and issues that are raised in the new and the underlying State cases, as well as the case that is obviously before the Supreme Court regarding that previous remand.

So I would at least like to maybe brief a response to

the remand before any decisions are made based on oral argument where it was my understanding this was a status hearing, I did not realize it would be an oral argument on the merits.

I understand what you said previously, I am not negating that, that I should be prepared, I just wanted to bring that to your attention, I was thinking this was a status hearing and not an oral argument with less than 18 hours to put my thoughts together, which usually I am not very good at doing this and being prepared in such short notice.

But I appreciate the opportunity to let me convey those things to you. Thank you, Your Honor.

THE COURT: Okay.

MS. MARISSA GIRARD: Your Honor, may I make a brief comment to the Court?

THE COURT: Yes.

MS. MARISSA GIRARD: Thank you, Your Honor. I hope you are doing well today.

I do have a medical appointment today. I did file my ADA notice yesterday. And I do need at least seven days in advance so that I can arrange my treatment schedule. I am very late for my appointment right now and my treatment schedule could not be adjusted on less than 18 hours notice.

I am currently in a very intensive treatment protocol for two very serious medical conditions, and I do respectfully request going forward that I could have at least seven days

advance notice and the ability to -- due to my disabilities, I cannot process complex legal issues in real time due to my cognitive impairments, that are worsening under stress, so that I do have the ability to respond in writing. I am a different party than Mr. Girard. We do not have the same interests here.

I also want to note that I currently have a response to the sanctions briefing that is due January 20th, which is six days from now. And again, as a pro se litigant with disabilities, I cannot handle multiple complex things at the same time and I need adequate time to complete the sanctions response.

But I am here today in good faith. I might need to get off this call for my medical appointment. But just in going forward, I would ask for proper notice and adequate time going forward.

Thank you very much, Your Honor.

THE COURT: Okay.

I am prepared to rule today and will do so.

Cross defendant Kenton Girard removed this case to Federal Court under 28 USC Sections 1441 and 1443(1) based on a cross claim filed against him by Marissa Girard.

This is the second time a defendant in this case has attempted removal. In case Number 25 CV 4586, Marissa Girard attempted removal under section 1441 based on a cross claim against her. The Court ruled in that case that removal was

improper because the original pleading in the underlying State case did not contain a basis for Federal jurisdiction, and a cross claim could not provide that basis. See Home Depot USA Inc. versus Jackson, 587 U.S. 435, 441 to 442, 2019.

The same is true in this case, which deals with the same underlying State Court proceeding. The operative complaint presents no Federal question. There is no complete diversity. Removal under Section 1441 is therefore improper.

Kenton Girard also argues that removal is proper under Section 1443(1).

Marissa Girard raised this same argument when she appealed the Court's previous order remanding this case. The Seventh Circuit explained that Marissa Girard had not established as the statute requires that she had been denied or could not enforce a racial equality right in State Court because of a barrier imposed by some formal expression of State law, like a statute. Instead she offered vague assertions about the discriminatory application of general principles.

Assertions do not come close to satisfying 1443. Marissa's invocation of that provision was not just tardy and contrived, it was frivolous. Girard versus Girard, 160 F. 4th 845, 847 to 49, Seventh Circuit, 2025.

The same is true here. The notice of removal points to vague grievances with the State Court's process rather than any statute. Therefore, removal under Section 1443(1) here is

likewise improper.

Finally, the notice of removal states that Marissa Girard filed a petition for writ of certiorari appealing the Seventh Circuit's decision and argues this in particular provides a basis for removal under Section 1443(1).  This is wrong.  Section 1443(1) applies to civil actions or criminal prosecutions commenced in the State Court.  A petition for writ of certiorari is neither of those.

It appears that Marissa Girard has been disconnected from the WebEx.  I will continue with my order.

For these reasons, the plaintiff's motion to remand is granted.  The clerk shall remand this case forthwith.

Further, an order remanding the case may require payment of just costs and any actual expenses including attorney's fees incurred as a result of the removal, 28 USC Section 1447(c).  Quote, A District Court may award fees under Section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  Sanctions may be awarded when removal is clearly improper but not necessarily frivolous. Jackson County Bank versus Dusablon, 915 F. 3d. 422 at 424, Seventh Circuit, 2019.

Here, removal was not only improper but also frivolous.  Kenton and Marissa Girard knew that removal was improper because the Court explained that the original pleading in the underlying state case had to contain a basis for Federal

jurisdiction, which it did not. Further the Seventh Circuit told Kenton and Marissa Girard that prior arguments concerning removal under Section 1443(1) were frivolous and the arguments advanced here with respect to that statute fall into the same category.

Therefore, I award Jane Girard her fees and costs related to this removal proceeding. Jane Girard shall file her statement of fees and costs on or before January 28, 2026.

Kenton Girard shall file any objections to those fees and costs on or before February 11, 2026.

The Court will rule on any objections and Kenton Girard shall tender payment for any fees or costs awarded within 14 days of the Court's ruling on those objections.

I further note that there is no reason to believe that the notice of removal in subsequent files have been made for proper purposes, namely -- or I believe that the notice of removal and subsequent filings have been made for improper purposes, namely to cause unnecessary delay in the underlying State case.

While the Court declines to take any further action at this point, the Court reminds Kenton and Marissa Girard that they must comply with Federal Rule Civil Procedure 11, and that failure to do so may result in sanctions imposed against them.

Further, I find that no further briefing is necessary. While Marissa and Kenton Girard are entitled to process, they

are not entitled to abuse of process which this attempt to remove to Federal Court a second time is.

Further, I find that Marissa Girard, in responding to the sanctions response in the companion case, shall include documentation of her claimed disabilities. The Court at this point is not in a position to accept Marissa Girard's representations as true and requires further documentation to support those claims.

Have a good day, everyone.

MR. ELSTER: Thank you very much, Your Honor.

MR. MIRABELLI: Thank you.

MR. ELSTER: Can I make one request? And I am not asking Your Honor to change anything in your ruling.

THE COURT: What is the request?

MR. ELSTER: The last time you remanded this case there was an issue raised by Mr. Girard that the clerk of this Court didn't transmit the certified copy of the removal order and we ended up waiting weeks.

If Your Honor would be inclined to do so, if you could include in your order today that the clerk of the District Court is directed to transmit the order Your Honor just gave instanter today, this week, as soon as we possibly can, Your Honor, that is all I am requesting.

THE COURT: My understanding is that my forthwith order does that.

13

MR. ELSTER:  I appreciate that.

Thank you.

MR. MIRABELLI:  Thank you.

(Proceedings concluded at 10:12 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/Krista Burgeson, CSR, RMR, CRR          _January 18, 2026_
Official Court Reporter                     Date