Case: 1:26-cv-00042 Document #: 36 Filed: 02/12/26 Page 1 of 9 PageID #:365

BC  GMC

FILED
2/12/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No.   1:26-cv-00042 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

**MOTION TO REMOVE JUDGE DANIEL**

Defendant pro se Kenton Girard in support of his Motion to Remove Judge Daniel, states as follows:

**INTRODUCTION**

Defendant Kenton Girard hereby moves for disqualification and recusal of Judge Daniel pursuant to 28 U.S.C. § 455(a) and (b).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective: recusal is required whenever "a reasonable person, knowing all the circumstances, would have a reasonable basis for questioning the judge's impartiality." *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

The purpose of § 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

While adverse rulings alone ordinarily do not require recusal, the "totality of

circumstances" may create an appearance of partiality requiring disqualification. *Liteky v. United States*, 510 U.S. 540, 548 (1994). That standard is met here.

I.       The First Remand by Judge Daniel.

On May 6 2025, this Court entered a remand order in the related case styled *Girard v. Girard*, Civil No. 1:25-cv-04586, which case represented the removal proceeding incepted by Marissa Girard as to the underlying state court action *IRMO Girard*, Cook County Case No. 2015-D-009633 (herein, "State Court Action"). That remand was appealed to the Seventh Circuit. On December 5, 2025, a petition for a writ of certiorari to the Seventh Circuit was filed with the Supreme Court under Case No. 25-707, seeking review of the propriety of this Court's May 6 2025 remand order.

That petition remains pending and has been advanced to the conference stage, with a conference convening on February 20 2026. The Supreme Court's decision to advance the petition to conference demonstrates that the petition is not frivolous or without merit—directly contradicting this Court's pejorative characterization of the underlying appeal as "frivolous" in the court date on January 14 2026 (irrespective of whether the Seventh Circuit adjudged the appeal as frivolous).

II.      The Second Remand by Judge Daniel.

This Court has recently been asked to preside over a second removal of the State Court Action, subject to different circumstances and by a different party, namely Kenton Girard. Wherein Judge Daniel struck the briefing schedule set in place by District Judge Sharon Johnson Coleman on January 13 2026 and fast-tracked a remand on the following day (Dkt 21), it acted with a noteworthy callousness and imperviousness to the fact of the pending review by SCOTUS of the property of removal under 28 USC § 1443(1), which is one of the very bases for removal

cited by Kenton Girard under his Notice of Removal dated January 5 2026.

Furthermore, the Court acted with a shocking disregard for Kenton Girard's status as a pro se litigant. Numerous landmark Supreme Court decisions have collectively established that pro se litigants are to be afforded more procedural latitude. See *Haines v. Kerner*, 404 U.S. 519 (1972), wherein pro se pleadings must be held to less stringent standards than those drafted by lawyers; *Erickson v. Pardus*, 551 U.S. 89 (2007), which reaffirmed *Haines* and held that courts must liberally construe pro se filings, even after *Twombly* heightened pleading standards; *Faretta v. California*, 422 U.S. 806 (1975), wherein pro se litigants require special procedural safeguards to make the right meaningful; *Hughes v. Rowe*, 449 U.S. 5 (1980), wherein pro se pleadings should not be dismissed unless it is "beyond doubt" that the plaintiff can prove no set of facts supports a result other than dismissal.

Applying the Supreme Court's pro se procedural latitude jurisprudence, it is a direct affront to the cited Supreme Court holdings above that Judge Daniel willfully mis-identified the January 14 2026 court date in his minute order from the previous day (Dkt 21) as a "status hearing" and proceeded to fast-track the remand on the following day under forced oral argument wherein Kenton Girard had not been allowed an opportunity to meaningfully prepare for same. The Court has also disregarded the cited holdings wherein his fellow Article III judicial officer – District Judge Coleman – with fresh eyes, determined it to be in the manifest interests of justice for pro se litigant Kenton Girard to avail of a briefing schedule allowing him more than 30 days to prepare his opposition to the motion to remand.

The side-by-side comparison with the latitude afforded by District Judge Coleman cannot be reconciled other than by concluding that Judge Daniel was a "man on a mission" to fast-track remand, based on conflating the new notice of removal with the previous notice by Marissa

Girard and likely reacting adversely to the pending inquest by SCOTUS into the propriety of his previous ruling, per the petition for certiorari brought by Marissa Girard.

Indeed, this Court cannot be impartial in evaluating the propriety removal as to the State Court Action when the Supreme Court is actively reviewing whether this Court's prior remand in the same matter was correctly decided. See *Johnson v. Mississippi*, 403 U.S. 212 (1971); *Microsoft Corp. v. United States*, 530 U.S. 1301 (2000) (Rehnquist, C.J.).

A reasonable, well-informed observer would conclude that this Court has a personal and institutional stake in the outcome of the remand question—namely, the vindication of its prior ruling—that is incompatible with the objective standard of impartiality required by § 455(a).

III.     The Bias Inherent in Judge Daniel's Award of Fees and Costs.

On January 14, 2026, this Court held a hearing in Civil No. 1:25-cv-04586 on a motion to enforce sanctions imposed by the Seventh Circuit against Plaintiff's husband for appealing this Court's May 6, 2025 remand order.

The sanctions were imposed for a purportedly "frivolous" appeal of the very remand decision that the Supreme Court is now reviewing. This Court is, in effect, punishing a party for exercising his independent right to removal, under changed circumstances. The fact that the minute entry (Dkt 22) as to remand does not attempt to offer ** any ** written explanation for the remand decision is furthermore indicative of Judge Daniel's impermissible animus. See **Exhibit 1**, Certification of Kenton Girard.

IV.     Judge Daniel's Willful Ignoring of the Motion to Vacate Transfer shows Bias.

What is worse is a motion to to vacate the transfer from District Judge Coleman to Judge Daniel was properly filed and noticed for presentment ** before ** Judge Daniel adjudicated the second remand. The problem is without a ruling on said motion, his authority to convene the

court date on January 14 2026 is in question. It was highly improper for Judge Daniel to avoid addressing or ruling on the motion to vacate, and again demonstrated his impermissible bias against Kenton Girard. See **Exhibit 1**, Certification of Kenton Girard.

V.     Judge Daniel Ignored Marissa Girard's ADA-Recognized Disabilities.

As Judge Daniel has belatedly acknowledged under Civil No. 1:25-cv-04586, Marissa Girard suffers from two ADA recognized disabilities and requires special accommodations including the opportunity to present all arguments via briefs specifically instead of via oral argument, getting additional time to prepare briefs, and proper advance notice of court dates and so forth.

This Court has been aware of Marissa Girard's disabilities and the civil rights violations arising from their denial throughout this litigation. Plaintiff's ADA accommodation requirements and the systematic denial of those accommodations are front and center in every paper filed before this Court. On January 14, 2026, this Court held a sanctions hearing under the related case, Civil No. 1:25-cv-04586, in which Marissa Girard was unable to attend due to her ADA-recognized disabilities. This Court ordered briefing in that matter, effectively granting Marissa Girard additional time—implicitly recognizing her need for written process and preparation.

This Court then scheduled a "status hearing" on Kenton Girard's removal hereunder (Civil No. 1:26-cv-00042), in which Marissa Girard is also a party, without providing Marissa Girard proper notice. At that hearing, Kenton Girard informed this Court on the record of her ADA accommodation needs, including her requirement for advance notice and her need to respond in writing rather than orally. This Court ignored Kenton Girard. Without pausing to

consider Marissa Girard's obvious reasonable accommodation needs, this Court proceeded to demand oral argument on the merits of the removal and remanded the case.

Only *after remanding the case* did this Court enter an order directing Marissa Girard to submit documentation of her disabilities—which Marissa Girard promptly did under seal. Marissa's husband, Kenton Girard, separately submitted documentation establishing his role as Marissa's sole caretaker and his corresponding need for additional time. This Court granted both accommodations. The Seventh Circuit similarly granted Kenton Girard additional time for his appellate reply brief based on his role as Plaintiff's caretaker, further confirming the documented and recognized nature of Plaintiff's disabilities at every level of the Federal Judiciary.

The sequence is damning: this Court ignored Marissa Girard's live plea for accommodations at the removal hearing, ruled against the pro se removing party without allowing written briefing, remanded the case, and only then ordered Marissa Girard to submit disability documentation—which it subsequently accepted and acted upon. A court that denies accommodations when they would affect the substantive outcome, then acknowledges those same disabilities after the ruling is already made, is not applying a neutral accommodation policy. It is selectively extending protections only when the outcome is no longer in question.

## CONCLUSION

While any single factor might not independently compel recusal, the totality of circumstances here creates an appearance of partiality that no reasonable, well-informed observer could overlook. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) ("Due process requires recusal when the probability of actual bias is too high to be constitutionally tolerable").

Judge Daniel has demonstrated a deep-seated antagonism towards Kenton Girard – and

by extension Marissa Girard. He must remove himself from these proceedings.

**WHEREFORE**, Plaintiff Kenton Girard respectfully requests that District Judge Daniel disqualify or recuse himself from further proceedings hereunder, and from any related proceedings involving Kenton Girard or Marissa Girard.

**Dated: February 12 2026**　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　Kenton Girard, In Pro Se

　　　　　　　　　　　　　　　　　　　　　　　/s/ Kenton Girard
　　　　　　　　　　　　　　　　　　　　　　　965 Forestway Drive
　　　　　　　　　　　　　　　　　　　　　　　Glencoe, IL 60022
　　　　　　　　　　　　　　　　　　　　　　　Tel: (773) 575-7035
　　　　　　　　　　　　　　　　　　　　　　　kg5252@yahoo.com


### CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on February 12 2026, (b) provided via email to the attorneys who have entered their appearances in this matter and the pro se parties per the contact details listed below.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
kpaige@beermannlaw.com
　　　for Plaintiff Jane F. Girard

**Electronic Service on Pro Se Parties**

marissadakis@gmail.com
　　　for Defendant Marissa Girard

　　　　　　　　　　　　　　　　　　　　　　　/s/ Kenton Girard

**EXHIBIT 1**

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-00042 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

**CERTIFICATION OF KENTON GIRARD**

Defendant pro se Kenton Girard offers the following certification in support of his Motion to Remove Judge Daniel:

1. Under this matter, District Judge Coleman – with fresh eyes – determined that it was prudent that I, a pro se litigant, be afforded 30+ days to prepare my written opposition to the motion to remand.

2. However, under Dkt 21, Judge Daniel struck this briefing schedule and willfully misidentified a court date set for the very next day as a "Status Hearing". In that court date, he forced me to engage in oral argument and remanded this case to state court under a minute entry which provided ** no written explanation whatsoever ** for the remand decision.

3. I am truly shocked that Judge Daniel fast-tracked a court date with less than 24 hours of notice when Judge Daniel was fully apprised at all times as to Marissa Girard's physical

disabilities – PTSD and interstitial cystitis – which entitle her to 7 days notice of court dates under the Americans with Disabilities Act.

4.      Furthermore, Judge Daniel's denial of Marissa's required reasonable notice of the court date was all the more offensive wherein Marissa Girard requested the opportunity to brief her own opposition to the motion to remand brought hereunder and was denied.

5.      Finally, I duly submitted, filed and noticed for presentment a Motion to Vacate Transfer to Judge Daniel under this matter on January 13 2026 under Dkt 23. To ensure Judge Daniel was aware of this paper, I also emailed a copy of the same on January 13 2026 to his courtroom deputy who acknowledged receipt. Instead of addressing or ruling on said motion, Judge Daniel completely ignored the paper, and thereby exercised jurisdiction wherein he should have examined the threshold question of whether he was duly fit to be presiding over this matter.

I declare under the penalty of perjury that the foregoing statements are truthful.

                                                    Kenton Girard, In Pro Se


                                                    /s/ Kenton Girard
                                                    965 Forestway Drive
                                                    Glencoe, IL 60022
                                                    Tel: (773) 575-7035
                                                    kg5252@yahoo.com