# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



**ORDER**

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

April 20, 2026

Before

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

| No. 26-1073 | JANE F. GIRARD,<br>             Plaintiff - Appellee<br>v.<br>KENTON GIRARD,<br>             Defendant - Appellant |
|---|---|

| **Originating Case Information:** |
|---|
| District Court No: 1:26-cv-00042 |
| Northern District of Illinois, Eastern Division |
| District Judge Jeremy C. Daniel |

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is DISMISSED because it is frivolous.

The district court remanded this case to state court after it was removed under 28 U.S.C. § 1443(1). Section 1443 is limited exclusively to civil rights laws stated in terms of racial equality, *see Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014), and therefore does not extend to appellant Kenton Girard's arguments that a state court has deprived Marissa Girard of civil rights under the First, Fifth, or Sixth amendments or has discriminated against her based on non-racial classifications. *See Fenton*, 761 F.3d at 773. In addition, § 1443 requires a showing that a party has been "denied or cannot enforce" any racial-equality right in state court through some formal expression of state law, such as a statute. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966); *Fenton*, 761 F.3d at 773–74. Kenton's notice of removal identified no such state law and instead relied on Marissa's argument that the Supreme Court's precedent has misinterpreted § 1443, an argument that neither the district court nor this court has authority to consider. *See, e.g., Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989). Under current Supreme Court precedent, the mere assertion that

-over-

general principles have been applied in a discriminatory manner does not satisfy § 1443. *See City of Greenwood*, 384 U.S. at 828.

This court has already held once that Marissa's attempts to remove this case to federal court under § 1443 are frivolous and imposed sanctions. *See Girard v. Girard*, 160 F.4th 845, 849 (7th Cir. 2025). That ruling amounts to the law of the case that generally prevents Marissa from attempting removal again on the same theory. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005). Kenton has no greater right to raise Marissa's frivolous theories on her behalf. Summary disposition of an appeal is appropriate where any arguments an appellant could raise are "incomprehensible or completely insubstantial." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006).